UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- x
ELECTRICAL WORKERS PENSION FUND, : Civil Action No. 1:07-cv-00975-HB
LOCAL 103, I.B.E.W., On Behalf of Itself and :
All Others Similarly Situated, : CLASS ACTION
:
               Plaintiff, :
:
    vs. :
:
NUVELO, INC., et al., :
:
               Defendants. :
:
─────────────────────────────────────── :
BARRY LOGAN, Individually and On Behalf : Civil Action No. 1:07-CV-01229-HB
of All Others Similarly Situated, :
: CLASS ACTION
               Plaintiff, :
:
    vs. :
:
NUVELO, INC., et al., :
:
               Defendants. :
----------------------------------------------------------- x

[Caption continued on following page.]

MEMORANDUM IN SUPPORT OF THE MOTION OF JUAN PABLO CABRERA FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
SELECTION OF LEAD COUNSEL

| | |
|---|---|
| ARNOLD GILES, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:07-cv-01777-HB |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | |
| NUVELO, INC., et al., | |
| Defendants. | |
| HERBERT BRAKER, On Behalf of Himself and All Others Similarly Situated, | Civil Action No. 1:07-CV-01953-HB |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | |
| NUVELO, INC., et al., | |
| Defendants. | |

**I.    PRELIMINARY STATEMENT**

Presently pending before this Court are at least four-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired Nuvelo, Inc. ("Nuvelo" or the "Company") securities between January 5, 2006 and December 8, 2006, inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Class member Juan Pablo Cabrera ("Cabrera") hereby moves this Court for an order to: (i) consolidate the Actions; (ii) appoint Mr. Cabrera as Lead Plaintiff in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Mr. Cabrera's selection of the law firms of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") and Schatz Nobel Izard, P.C. ("Schatz & Nobel") to serve as Lead Counsel.

This motion is made on the grounds that Mr. Cabrera is the most adequate plaintiff, as defined by the PSLRA. Mr. Cabrera suffered losses of $1,659,915.67 in connection with his purchases of Nuvelo securities during the Class Period. *See* Alba Decl. Ex. B.[1] To the best of our knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, Mr. Cabrera, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the putative class and that he will fairly and adequately represent the interests of the class.

---

[1] References to the "Alba Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba, Jr. dated April 10, 2007 and submitted herewith.

**II.     FACTUAL BACKGROUND[2]**

Nuvelo is a biopharmaceutical company engaged in the development and commercialization of acute cardiovascular and cancer therapies.

The complaint charges Nuvelo and certain of its officers and directors with violations of the Securities Exchange Act of 1934. The complaint alleges that Nuvelo misrepresented its chances of obtaining Food and Drug Administration ("FDA") approval of a purported new blood clot dissolver, alfimeprase. The complaint alleges that despite the fact that 80% of Nuvelo's value was attributed to this drug, the Company's top officers concealed that their own clinical data demonstrated that alfimeprase was ineffective in dissolving blood clots.

On December 14, 2005, the Company announced it had received a Special Protocol Assessment ("SPA") agreement from the FDA, claiming that the SPA would solidify the regulatory pathway to approval for alfimeprase. Defendants also stated their "power calculations" demonstrated alfimeprase's efficacy as a drug candidate. During a January 5, 2006 conference call, defendants confirmed that they believed alfimeprase would reach the U.S. consumer market by 2008 and that alfimeprase would generate $500 million in annual sales in the U.S. alone. The complaint alleges Nuvelo's stock price surged on this news and remained inflated throughout the Class Period while Nuvelo issued and sold 7.5 million shares of its common stock in a follow-on offering on January 30, 2006, receiving over $119 million in proceeds.

According to the complaint, the true facts, which were known by each of the defendants but concealed from the investing public during the Class Period, were that: (i) Nuvelo had no reliable

---

[2] These facts are drawn from the allegations in the complaint entitled *Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Nuvelo, Inc., et al.*, Civil Action No. 1:07-cv-00975-HB (the "*Electrical Workers* Action").

clinical data suggesting that alfimeprase "dissolved" blood clots when applied to them through a catheter, other than physically washing them away; (ii) Nuvelo had no "power calculations" suggesting alfimeprase would out-perform a placebo as required to demonstrate the efficacy the FDA would demand; and (iii) defendants knew the decision of Amgen, the drug's original developer, to walk away in December 2004 was based on Amgen's educated suspicion (based on clinical data also known to defendants) that alfimeprase would likely not pass FDA muster and thus was not a commercially viable drug candidate.

Then on December 11, 2006, Nuvelo disclosed that alfimeprase had completely failed its clinical trials. During the conference call following the announcement, Nuvelo's CEO admitted that alfimeprase failed to perform better than placebos and that previously reported positive results were due to drug injections washing clots away rather than dissolving them. On this news, the Company's stock fell 80%, erasing over $800 million in market capitalization.

### III.   ARGUMENT

#### A.   THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The Actions each assert class claims on behalf of the purchasers of Nuvelo securities for alleged violations of the Exchange Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased Nuvelo securities during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Nuvelo securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). *See*

*Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (3d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B. MR. CABRERA SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1. The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Electrical Workers* Action caused the first notice regarding the pendency of these actions to be published on *Business Wire*, a national, business-oriented newswire service, on February 9, 2007. *See* Alba Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

- 4 -

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2.    Mr. Cabrera Satisfies the "Lead Plaintiff" Requirements Of The Exchange Act

#### a.    Mr. Cabrera Has Complied With The Exchange Act And Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u 4(a)(3)(A) and (B) expires on April 10, 2007. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on February 9, 2007), Mr. Cabrera timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Mr. Cabrera has duly signed and filed a certification stating that he is willing to serve as the representative party on behalf of the class. *See* Alba Decl. Ex. C. In addition, Mr. Cabrera has selected and retained competent counsel to represent him and the class. *See* Alba Decl. Exs. D-E. Accordingly, Mr. Cabrera has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

#### b.    Mr. Cabrera Has The Requisite Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl. Ex. C., Mr. Cabrera purchased securities of Nuvelo in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. In addition, Mr. Cabrera incurred a substantial $1,659,915.67 loss on his transactions in Nuvelo securities. Mr. Cabrera thus has a significant financial interest in this case. Therefore, Mr. Cabrera

satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### c.    Mr. Cabrera Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 6, 1997). Mr. Cabrera satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are

typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Mr. Cabrera satisfies this requirement because, just like all other class members, he: (1) purchased Nuvelo securities during the Class Period; (2) purchased Nuvelo securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Mr. Cabrera's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Mr. Cabrera to represent the class to the existence of any conflicts between the interest of Mr. Cabrera and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Mr. Cabrera is an adequate representative of the class. As evidenced by the injuries suffered by Mr. Cabrera, who purchased Nuvelo securities at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Mr. Cabrera are clearly

aligned with the members of the class, and there is no evidence of any antagonism between Mr. Cabrera's interests and those of the other members of the class. Further, Mr. Cabrera has taken significant steps which demonstrate that he will protect the interests of the class: he has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Mr. Cabrera's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Mr. Cabrera *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. THE COURT SHOULD APPROVE MR. CABRERA'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Mr. Cabrera has selected the law firms of Lerach Coughlin and Schatz & Nobel, as Lead Counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. *See* Alba Decl. Exs. D-E. Thus, the Court may be assured that, in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available. *See In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *31 (S.D. Cal. Jan. 5, 2004) (approving Lerach Coughlin and Schatz & Nobel as co-lead counsel). Accordingly, the Court should approve Mr. Cabrera's selection of counsel.

### IV. CONCLUSION

For all the foregoing reasons, Mr. Cabrera respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Mr. Cabrera as Lead Plaintiff in the Actions; (iii) approve his selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

| | |
|---|---|
| DATED:  April 10, 2007 | LERACH COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP<br>SAMUEL H. RUDMAN (SR-7957)<br>DAVID A. ROSENFELD (DR-7564)<br>MARIO ALBA, JR. (MA-7240) |

/s/ *Mario Alba, Jr.*
MARIO ALBA, JR.

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

SCHATZ NOBEL IZARD, P.C.
ANDREW M. SCHATZ
NANCY A. KULESA
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103
Telephone:  860/493-6292
860/493-6290 (fax)

[Proposed] Co-Lead Counsel for Plaintiffs

I:\Nuvelo\LP Motion\LP Memo.doc

## CERTIFICATE OF SERVICE

I, Mario Alba, Jr, hereby certify that on April 10, 2007, I caused a true and correct copy of the attached:

Notice Of Motion For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel;

Declaration Of Mario Alba, Jr. In Support Of The Motion Of Juan Pablo Cabrera For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel; and

Memorandum Of Law In Support Of Motion to Appoint Juan Pablo Cabrera as Lead Plaintiff, To Approve Lead Plaintiffs' Choice of Lead Counsel and to Consolidate Related Actions

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

*/s/Mario Alba, Jr.*
Mario Alba, Jr.

NUVELO

Service List - 4/10/2007   (07-0035)

Page 1 of 1

**Counsel For Defendant(s)**

Legal Department
Nuvelo, Inc.
201 Industrial Road, Suite 310
San Carlos, CA  94070

**Counsel For Plaintiff(s)**

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
   516/741-4977
   516/741-0626 (Fax)

David A.P. Brower
Elizabeth A. Schmid
Brower Piven, P.C.
488 Madison Avenue, 8th Floor
New York, NY  10022
   212/501-9000
   212/501-0300 (Fax)

Charles J. Piven
Marshall N. Perkins
Brower Piven, P.C.
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, MD  21202
   410/986-0036
   410/685-1300 (Fax)

Deborah R. Gross
Law Offices Bernard M. Gross, P.C.
100 Penn Square East, Suite 450
Wanamaker Bldg.
Philadelphia, PA  19107
   215/561-3600
   215/561-3000 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Richard A. Maniskas
D. Seamus Kaskela
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)