# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
ELECTRICAL WORKERS PENSION FUND,          :
LOCAL 103, I.B.E.W. on Behalf of Itself and :   Electronically Filed
All Others Similarly Situated,             :
                                           :   Civil Action No.: 1:07-cv-00975-HB
                                           :
                  Plaintiff,               :
                                           :   (ECF Case)
                                           :
      vs.                                  :
                                           :   Hon. Harold Baer, Jr.
NUVELO, INC., TED W. LOVE, GARY S.         :
TITUS and SHELLY D. GUYER,                 :
                                           :
                                           :
                  Defendants.              :
------------------------------------------------------------x
BARRY LOGAN, Individually and on Behalf of :
All Others Similarly Situated              :
                                           :   Civil Action No.: 1:07-cv-01229-HB
                  Plaintiff,               :
                                           :   (ECF Case)
      vs.                                  :
                                           :
                                           :
NUVELO, INC., TED W. LOVE, GARY S.         :
TITUS and SHELLY D. GUYER,                 :
                                           :
                  Defendants.              :
------------------------------------------------------------x
```
*(caption continues on next page)*

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE PETRONIS GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

```
------------------------------------------------------------x
ARNOLD GILES, Individually and on Behalf of   :
All Others Similarly Situated                 :
                                              :   Civil Action No.: 1:07-cv-01777-HB
                              Plaintiff,      :
                                              :   (ECF Case)
         vs.                                  :
                                              :
NUVELO, INC., TED W. LOVE, GARY S.            :
TITUS and SHELLY D. GUYER,                    :
                                              :
                              Defendants.     :
------------------------------------------------------------x
HERBERT BRAKER, Individually and on           :
Behalf of All Others Similarly Situated       :
                                              :   Civil Action No.: 1:07-cv-01953-HB
                              Plaintiff,      :
                                              :   (ECF Case)
         vs.                                  :
                                              :
NUVELO, INC., TED W. LOVE, GARY S.            :
TITUS and SHELLY D. GUYER,                    :
                                              :
                              Defendants.     :
------------------------------------------------------------x
```

TABLE OF CONTENTS

I.   THE PETRONIS GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ..................... 2

    A.   The Procedures Mandated By The PSLRA ................................................................. 2

    B.   The Petronis Group Satisfies The Requirements Of The Act ..................................... 4

        1.   The Petronis Group Believes That It Has The Largest Financial Interest In The Relief Sought By The Class ........................................................ 4

        2.   The Petronis Group Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure ............................................................... 5

        3.   The Petronis Group Claims Are Typical Of The Claims Of The Class ........... 6

        4.   The Petronis Group Will Fairly And Adequately Represent The Interests Of The Class .......................................................................... 7

II.  THIS COURT SHOULD APPROVE THE PETRONIS GROUP'S CHOICE OF LEAD COUNSEL ........................................................................................................... 7

III. THESE ACTIONS SHOULD BE CONSOLIDATED ............................................................ 8

IV.  CONCLUSION ...................................................................................................................... 10

Frank C. Petronis, Patricia A. Petronis, Todd A. Stephens, Amy Stephens, Vincent E. DiFrancia and Candace L. DiFrancia (the "Petronis Group" or "Movant") suffered a combined loss of over $1.4 million as a result of their purchases of common stock and options of Nuvelo, Inc., ("Nuvelo" or "the Company") between January 5, 2006 and December 8, 2006, inclusive (the "Class Period").

The Petronis Group respectfully submits this memorandum of law in support of its Motion: (a) for its appointment as Lead Plaintiff, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4; (b) for approval of its selection of Berger & Montague, P.C. as Plaintiffs' Lead Counsel and Labaton Sucharow & Rudoff LLP as Plaintiffs' Liaison Counsel; and (c) for consolidation of these actions pursuant to Rule 42(a), Fed. R. Civ. P.

The Petronis Group is believed to be the investor with the largest financial interest in the outcome of the case.[1]  The Petronis Group - a closely related group of married couples who have all known Frank Petronis long before this litigation - are investors with a stake in the outcome of the litigation.  As such, the Petronis Group meets the requirements of the PSLRA for appointment as lead plaintiff.  Moreover, the Petronis Group satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the class, and it will fairly and adequately represent the interests of the class.

## NATURE OF THE ACTION

This is a federal class action on behalf of purchasers of the publicly traded securities of Nuvelo between January 5, 2006 and December 8, 2006, inclusive (the "Class Period").  Nuvelo is a biopharmaceutical company that engages in the discovery, development, and commercialization of

---

[1] The Petronis Group's certifications listing their transactions in Nuvelo securities (in this case, common stock and options), as required by § 21D(a)(2) of the PSLRA, is attached to the accompanying Declaration of Christopher J. Keller ("Keller Decl.") as Exs. A, B. and C.  A chart detailing the group's losses is attached to the Keller Decl. as Ex. D.  The Petronis Group's losses for purposes of the current motion are not necessarily the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation.

various drugs, including alfimeprase, a thrombolytic agent. Prior to and during the Class Period, the Company investigated alfimeprase for use in catheter occlusion, acute peripheral arterial occlusion ("PAO") and other medical conditions.

The complaint alleges that, throughout the Class Period, Defendants failed to disclose: (1) that the clinical trial information regarding multiple alfimeprase studies was inaccurate; (2) specifically, clinical data from testing failed to show that alfimeprase, when administered through a catheter, could dissolve blood clots; (3) that no reliable data existed to show that alfimeprase would meet the high standards for FDA approval; (4) that such information, as described above, was known to defendants as early as December 2004, when Amgen discontinued its investment in alfimeprase; and (5) that, as a result of the above, the Company's statements concerning alfimeprase and its clinical trials were materially false and misleading and lacking in any reasonable basis when made.

On December 11, 2006, Nuvelo shocked investors when it revealed that, contrary to earlier positive reports disseminated by the defendants, Nuvelo's clinical trials of alfimeprase did not meet any of the primary or key secondary endpoints set forth in the protocols for the clinical trials. In addition, the Company announced that it had temporarily suspended enrollment in all other ongoing clinical trials, pending discussions with outside experts and regulatory agencies due to safety concerns. On this shocking and unexpected news, shares of Nuvelo plummeted $15.50, or 79 percent, to close, on December 11, 2006, at $4.05 per share, on unusually high trading

## I. THE PETRONIS GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedures Mandated By The PSLRA

The PSLRA has established a procedure that governs the appointment of Lead Plaintiff in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(I).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiffs. 15 U.S.C. §78u-4(a)(3)(A)(I). Here, counsel in the first filed action caused the first notice to be published on February 9, 2007. (Keller Decl., Ex. E) This notice stated that any motion for the appointment as lead plaintiff was due "no later than 60 days from today" or April 10, 2007.

The PSLRA states that within sixty (60) days after the publication of the notice mandated by the PSLRA, any "person or group of persons" who are members of the proposed class may apply to the court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(A) and (B). The Petronis Group has timely filed this motion before the expiration of the 60-day period from such publication.

The PSLRA further provides that within 90 days after publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff(s) the member or members of the class that the Court determines to be most capable of adequately representing the interests of the class members, 15 U.S.C. §78u-4(a)(3)(B). In determining who is the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that

> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### B.      The Petronis Group Satisfies The Requirements Of The Act

####    1.      The Petronis Group Believes That It Has The Largest Financial Interest In The Relief Sought By The Class

One of the key factors in the selection of lead plaintiff under the PSLRA is the Court's determination as to which person or group of persons has the largest financial interest in the relief sought by the class.

> The "most adequate plaintiff" provision of the PSLRA provides that a court:
>
>> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

§21D(a)(3)(B)(I). Moreover, pursuant to §21D(a)(3)(B)(iii), the Court shall presume:

> that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> * * *
>
> (bb)    in the determination of the court, has the **largest financial interest in the relief sought by the class**

Numerous courts have interpreted this language to mean that the person or group who has the largest financial stake in the litigation is presumed to be the "most adequate" plaintiff to represent the class. *See e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, (3d Cir. 2001); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 at *3 (N.D. Ill. Aug. 6, 1997) (members of moving group with largest collective financial interest are presumptive lead plaintiffs).

The Petronis Group purchased Nuvelo common stock and options during the Class Period and suffered a combined total loss of $1,400,961. Specifically, Frank and Patricia Petronis suffered a loss of $832,765, Todd and Amy Stephens suffered a loss of $544,853 and Vincent and Candace DiFrancia suffered a loss of $23,343. Accordingly, with over $1.4 million in losses, the Petronis Group has a substantial stake in the litigation. The legislative history of the PSLRA demonstrates

that the Petronis Group is precisely the type of plaintiff Congress sought to encourage to come forward. "[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." House Conference, Report No. 104-369, 104th Cong. 1st Sess. at 34 (1995); *see also, e.g., In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42-43 (D. Mass. 2001); *Netsky v. Capstead Mortgage Corp.*, 2000 U.S. Dist. LEXIS 9941 at *28 (N.D. Tex. 2000) ("Congress intended to increase the likelihood that parties with significant holdings in issuers, whose interests are more aligned with the class of shareholders, will participate in the litigation and exercise control ..."); *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214 (D.D.C. 1999). Thus, as contemplated by Congress, the Petronis Group will most effectively represent the interests of the Class.

In addition, the Petronis Group has selected and retained as its counsel Berger & Montague, P.C. as lead counsel and Labaton Sucharow & Rudoff LLP as liaison counsel, both of which are highly experienced in prosecuting securities class actions. *See* Firm Resume of Berger & Montague, P.C., Ex. F to Keller Decl., and Firm Resume of Labaton Sucharow & Rudoff LLP , Ex. G to Keller Decl. Accordingly, the Petronis Group satisfies the prerequisites for appointment as Lead Plaintiff under section 21D(a)(3)(B).

### 2. The Petronis Group Satisfies the Requirements of Rule 23

Section 21(D)(3)(B) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the proposed class representatives. Consequently, in deciding a motion to appoint lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the plaintiff moves for class certification. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczensy Trust v. KPMG LLP*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same). As detailed below, the Petronis Group satisfies the typicality and adequacy requirements of Rule 23.

### a. The Petronis Group's Claims Are Typical Of The Claims Of The Class

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists "where the claims of the Lead Plaintiff arise from the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct." *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 188-89 (S.D.N.Y. 2006). However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *See Sczensy Trust*, 223 F.R.D. at 325.

Movant seeks to represent a class of purchasers of Nuvelo securities which have identical, non-competing and non-conflicting interests. The Petronis Group satisfies the typicality requirement because it: (1) purchased or acquired Nuvelo securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. *See Glauser*, 236 F.R.D. at 189 (discussing typicality requirement). Thus, the Petronis Group's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

### b.  The Petronis Group Will Fairly and Adequately Represent the Interests of the Class

Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class.  This requirement is met if it appears that (1) the named plaintiff has interests in common with, and not antagonistic to, the class' interests; and (2) the plaintiffs' attorneys are qualified, experienced and generally able to conduct the litigation.  S*ee, e.g., In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d. Cir. 1992); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 800 (3d Cir. 1995).

The Petronis Group is an adequate representative of the Class.  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the proposed lead plaintiff to represent the Class to the existence of any conflicts between the interests of the proposed lead plaintiff and the members of the Class, and then allow the lead plaintiff to retain lead counsel to represent the Class, "subject to the approval of the court."  *See* 15 U.S.C. §78u4(a)(3)(B)(v).

The interests of the Petronis Group are clearly aligned with the members of the Class, and there is no evidence of any antagonism between the interests of the Petronis Group and the Class. As detailed above, the Petronis Group shares numerous common questions of law and fact with the members of the Class and its claims are typical of the claims of other Class members.  Further, the Petronis Group has selected attorneys to represent it that are highly experienced in prosecuting securities class actions.  Moreover, the Petronis Group suffered dramatic losses and therefore has a substantial stake in the litigation.

## II.  THE COURT SHOULD APPROVE THE PETRONIS GROUP'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff, subject to court approval, to select and retain lead counsel.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also, e.g., Lax v. First Merchs. Acceptance Co.*,

- 7 -

No. 97 C 2715, 1997 WL 461036 at *5 (N.D. Ill. Aug. 11, 1997). The Court should not disturb the proposed lead plaintiff's choice of counsel unless necessary to "protect the interests of the [plaintiff] class." 15 U.S.C. §78u4(a)(3)(B)(iii)(II)(aa); s*ee also In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp.2d 427, 438 (E.D. Va. 2000) ("The PSLRA plainly states that a district court's duty is to appoint a lead plaintiff based on the relevant statutory criteria . . . it is the lead plaintiff's duty to select and retain counsel to represent the class . . . a district court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources ..."). Congress' theory in enacting these provisions "was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff – frequently a large institution or otherwise sophisticated investor – would be motivated to act like a "real" client, carefully choosing counsel and monitoring counsel's performance ..." *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001).

Accordingly, the Petronis Group has selected and retained Berger & Montague, P.C. as lead counsel, and Labaton Sucharow & Rudoff LLP as liaison counsel, both of which possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud actions on behalf of injured investors. *See* Firm Resumes of Berger & Montague, P.C. and Labaton Sucharow & Rudoff LLP (Exs. D and E to Keller Decl.) Thus, the Court may be assured that, in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation available.

## III. THESE ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Rule 42(a), Fed. R. Civ. P., is appropriate when actions involve common questions of law and fact. *See* Moore, *Manual for Complex Litigation*, § 20.123, at 13-14 (3d Ed. 1995). Rule 42(a), provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the action; it may order all the actions

>consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cots or delay.

Consolidation is common in federal securities class action cases. *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998). Indeed, Section 21D(a)(3)(B) of the Exchange Act contemplates the consolidation of multiple actions "asserting substantially the same claim or claims." Moreover, "[n]either Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated." *Cendant*, 182 F.R.D. at 478.

"In securities actions where the complaints are based on the same 'public statements and reports,'" as here, "consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (quoting *Lloyd v. Industrial Bio-Test Labs., Inc.*, 454 F. Supp. 807, 812 (S.D.N.Y. 1978)); *accord, In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 292 (E.D.N.Y. 1998). Further, "the facts and legal issues need not be identical to warrant consolidation." *Olsten*, 3 F. Supp. 2d at 293.

Consolidation of the cases is appropriate here. Each of the actions is based on substantially similar events and makes the same legal claims under the federal securities laws. The interests of economy and justice therefore militate strongly in favor of a consolidation order. The proposed Order accompanying the Petronis Group's motion consolidates these actions and establishes procedures governing consolidated pleadings and pretrial proceedings for the orderly conduct of this litigation. *Cf.*, Manual For Complex Litigation, §§ 41.2 & 41.31.

## IV. CONCLUSION

For the foregoing reasons, the Petronis Group respectfully requests that the Court consolidate these actions and appoint it as lead plaintiff under Section 21D(a)(3)(B) of the PSLRA. The Petronis Group further requests that the Court approve its choice of Berger & Montague, P.C. as Plaintiffs' Lead Counsel and Labaton Sucharow & Rudoff LLP as Plaintiffs' Liaison Counsel.

Dated: April 10, 2007                              By:    /s/ Christopher J. Keller
                                                          Christopher J. Keller (CK-2347)
                                                          Andrei V. Rado (AR-3724)
                                                          **Labaton Sucharow & Rudoff LLP**
                                                          100 Park Avenue
                                                          New York, NY 10017
                                                          (212) 907-0700
                                                          (212) 818-0477 (Fax)

                                                          *Proposed Liaison Counsel*

                                                          **Berger & Montague, P.C.**
                                                          Sherrie R. Savett
                                                          Barbara A. Podell
                                                          Phyllis M. Parker
                                                          Douglas M. Risen
                                                          1622 Locust Street
                                                          Philadelphia, PA 19103
                                                          (215) 875-3000
                                                          (215) 875-4604 (Fax)

                                                          *Proposed Lead Counsel*