1  COOLEY GODWARD KRONISH LLP
   SCOTT D. DEVEREAUX (146050) (devereauxsd@cooley.com)
2  GRANT P. FONDO (181530) (gfondo@cooley.com)
   JEFFREY M. KABAN (235743) (jkaban@cooley.com)
3  Five Palo Alto Square
   3000 El Camino Real
4  Palo Alto, CA  94306-2155
   Telephone:   (650) 843-5000
5  Facsimile:    (650) 857-0663

6  Attorneys for Defendants
   NUVELO, INC., MICHAEL D. LEVY, TED W. LOVE
7  and GARY S. TITUS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re NUVELO, INC. SECURITIES LITIGATION | Master File No. 07-CV-04056-MJJ |
|---|---|
| | **CLASS ACTION** |
| | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| | Hearing Date: March 25, 2008 |
| | Time: 9:30 a.m. |
| | Courtroom: 11 |
| | Judge: Hon. Martin J. Jenkins |
| | Trial Date: Not yet set |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

764903 v3/PA            1.            DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
                                              CASE NO. 07-CV-04056-MJJ

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Evidence 201,
3  Defendants hereby request that the Court take judicial notice of the following documents in
4  support of their Motion to Dismiss. All exhibit references correspond to the exhibits attached to
5  the supporting Declaration of Grant P. Fondo, filed concurrently herewith.

6      Exhibit A:    Nuvelo's Press Release dated January 5, 2006.
7      Exhibit B:    A transcript of Nuvelo's January 5, 2006 Conference Call.
8      Exhibit C:    Nuvelo's Press Release dated February 27, 2006.
9      Exhibit D:    A transcript of Nuvelo's February 27, 2006 Conference Call.
10     Exhibit E:    Nuvelo's Form 10-K for the year ended December 31, 2005, filed
11 with the Securities and Exchange Commission ("SEC") on March 15, 2006.
12     Exhibit F:    Nuvelo's 2005 Annual Shareholder Report.
13     Exhibit G:    Nuvelo's press release dated April 10, 2006.
14     Exhibit H:    A transcript of Nuvelo's May 5, 2006 Conference Call.
15     Exhibit I:    A transcript of Nuvelo's August 3, 2006 Conference Call.
16     Exhibit J:    Nuvelo's Form 10-Q for the period ended March 31, 2006, filed
17 with the SEC on May 9, 2006.
18     Exhibit K:    Nuvelo's Press Release dated April 18, 2005.
19     Exhibit L:    An analyst report published by CIBC World Markets on February
20 28, 2006.
21     Exhibit M:    Nuvelo's Press Release dated December 14, 2005.
22     Exhibit N:    A transcript of Nuvelo's May 2, 2005 Conference Call.
23     Exhibit O:    An analyst report published by CIBC World Markets on August 14,
24 2006.
25     Exhibit P:    A powerpoint presentation made by Nuvelo in September 2004, at
26 the Transcatheter Cardiovascular Therapeutics Scientific Symposium, available on Nuvelo's
27 website at http://www.nuvelo.com/products/alfimeprase/publications.html.
28     Exhibit Q:    Nuvelo's Press Release dated August 22, 2007.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

764903 v3/PA      2.      DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 07-CV-04056-MJJ

| | | |
|---|---|---|
| Exhibit R: | Nuvelo's Form 10-K for the year ended December 31, 2004 filed with the SEC on March 16, 2005. | |

Exhibit S: Nuvelo's Form 8-K filed on August 15, 2006.

Exhibit T: Form 4 forms reported by Gary S. Titus and filed with the SEC by Nuvelo on August 25, 2006 for the period ending August 24, 2006; on August 28, 2006 for the period ending August 25, 2006; on August 29, 2006 for the period ending August 29, 2006; and, on August 30, 2006 for the period ending August 30, 2006.

Exhibit U: Form 4 form reported by Mark L. Perry and filed with the SEC by Nuvelo on October 2, 2006.

Exhibit V: Nuvelo's Stock option plans – Nuvelo, Inc. Stock Option Agreement (Double Trigger Acceleration) attached as exhibit 10.56 to Form 10-Q for period ended September 30, 2004 filed with the SEC on November 9, 2004; Nuvelo, Inc. Stock Option Agreement (Single Trigger Acceleration) attached as exhibit 10.2 to Form 8-K for period ended September 14, 2004 filed with the SEC on September 20, 2004; Variagenics, Inc. Amended 1997 Employee, Director and Consultant Stock Option Plan attached as exhibit 4.1 to Nuvelo's Form S-8 filed with the SEC on February 7, 2003; and Amended and Restated Nuvelo, Inc. 2004 Equity Incentive Plan attached as exhibit 10.41 to Form 10-Q for the period ended June 30, 2005 filed with the SEC on August 8, 2005.

Exhibit W: A transcript of Nuvelo's August 4, 2005 Conference Call.

Exhibit X: A transcript of Nuvelo's November 1, 2005 Conference Call.

Exhibit Y: An article from the Journal of Vascular and Interventional Radiology, Vol. 12, No. 8, published August 2001, entitled "Recombinant Tissue Plasminogen Activator (Alteplase) for Restoration of Flow in Occluded Central Venous Access Devices: A Double-Blind Placebo-Controlled Trial—The Cardiovascular Thrombolytic to Open Occluded Lines (COOL) Efficacy Trial."

Exhibit Z: Guidance for Industry Providing Clinical Evidence of Effectivenss for Human Drug and Biological Products ("FDA Guidance"), published by the U.S. Food and Drug Administration ("FDA") May 1998 and available on the FDA's website at

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

764903 v3/PA                     3.                     DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
                                                        CASE NO. 07-CV-04056-MJJ

http://www.fda.gov/cber/gdlns/clineff.pdf.

Exhibit AA:   An article by Patrick F. Darken and Shu-Yen Ho, entitled "A Note on Sample Size Savings with the Use of a Single Well-Controlled Clinical Trial to Support the Efficacy of a New Drug," published in *Pharmaceutical Statistics*, in March of 2004.

Exhibit BB:   Nuvelo's Press Release dated September 5, 2006, entitled "Nuvelo Announces Completion of Patient Enrollment in NAPA-2, First Phase 3 Trial of Alfimeprase in Acute Peripheral Arterial Occlusion."

Exhibit CC:   Nuvelo's Press Release dated September 5, 2006, entitled "Nuvelo Announces Completion of Patient Enrollment in SONOMA-2, First Phase 3 Trial of Alfimeprase in Central Venous Catheter Occlusion."

Exhibit DD:   Nuvelo's Press Release dated December 9, 2007.

I.   **ARGUMENT**

When ruling on a motion to dismiss, the court may consider any matter that is subject to judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either generally known within the jurisdiction of the trial court or are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Each of the referenced exhibits is not subject to reasonable dispute and their accurateness can be readily determined from sources whose accuracy cannot reasonably be questioned. *Id.* Moreover, most of the exhibits were referenced or relied upon by Plaintiffs in the Consolidated Complaint ("Complaint"). Therefore, Defendants' request for judicial notice should be granted as to each exhibit.

   A.   **The Court Should Take Judicial Notice Of Documents Quoted And Referenced In The Complaint (Exs. A-Q).**

Exhibits A through Q are documents quoted or referenced in the Complaint. (¶¶ 92, 93, 94, 100, 101, 108, 109, 116, 120, 124, 137, 36, 78, 35, 69, 81, 45 and 67.) Judicial notice of such documents is appropriate under the doctrine of incorporation by reference because "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

764903 v3/PA                    4.              DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
                                                CASE NO. 07-CV-04056-MJJ

are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). *See also Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1108-09 (N.D. Cal. 2003) (judicially noticing press releases cited in the complaint pursuant to this rationale); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (judicially noticing news articles, press releases, stock price and analysts' reports because the documents were referenced in the complaint). This allows the court to consider the full text of a document the complaint quotes or references only in part. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (judicially noticing the full text of the company's prospectus, including portions not mentioned in the complaint); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863 (N.D. Cal. 2004) (holding that courts are "specifically authorized, in connection with a motion to dismiss" to consider documents and filings described in the complaint).

**B.    The Court Should Take Judicial Notice Of Safe Harbor And Other Cautionary Statements (Exs. A-J and R).**

Exhibits A-J and R (press releases, conference call transcripts, Form 10-Ks, and a Form 10-Q filed with the SEC) are submitted, in part, to allow the Court to consider safe harbor and other cautionary statements accompanying the statements of which Plaintiffs complain. On any motion to dismiss in which application of the safe harbor rule is at issue, "the court shall consider any statement cited in the complaint and any cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant." 15 U.S.C. § 78u-5(e) (emphasis added). *See also Copper Mountain*, 311 F. Supp. 2d at 864; *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1241-43 (N.D. Cal. 1998) (judicially noticing a conference call transcript which alerted the court to defendant's safe harbor warning). Moreover, it is appropriate to judicially notice information that was publicly available to investors at the time the defendants made the allegedly false and misleading statements. *Copper Mountain*, 311 F. Supp. 2d at 864.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

764903 v3/PA                    5.                    DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
                                                      CASE NO. 07-CV-04056-MJJ

C.   **The Court Should Take Judicial Notice Of Public Filings With The SEC (Exs. E, F, J, and R-V).**

Exhibits E, F, J, and R through V are publicly available documents that Nuvelo filed with the SEC. The courts routinely take judicial notice of such filings, because judicial notice of documents required to be filed by law is appropriate. *See Copper Mountain*, 311 F. Supp. 2d at 863; *Allison v. Brooktree Corp.*, 999 F. Supp. 1342, 1353 n.3 (taking judicial notice of defendant's Form 4); *Plevy*, 38 F. Supp. 2d at 821 (judicially noticing securities filings because they are "public records required by the SEC to be filed").

Moreover, where the SEC filings "are clearly, if indirectly, referenced in the Complaint as integral to the stock sale allegations," courts regularly judicially notice such documents. *Wietschner*, 294 F. Supp. 2d at 1109 (noticing Forms 4 and Form 10-K); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (judicially noticing SEC filings where plaintiff "clearly gleaned from the SEC Form 3 and 4 filings many of the facts regarding the officers' stock sales" even though the plaintiff did not specifically allege such reliance).

D.   **The Court Should Take Judicial Notice FDA Guidance, Journal Article, Conference Call Transcripts, and Press Releases Not Reasonably Subject To Dispute (Ex. W-DD).**

Exhibits W through DD are appropriate for judicial notice because they are from sources whose accuracy is "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Exhibits W and X are transcripts of conference calls which can easily be verified by obtaining them from vendors such as Thompson/West (as demonstrated by Plaintiffs citing numerous other conference call transcripts). Exhibit Y is an article from the Journal of Vascular and Interventional Radiology and is readily available from their website at http://www.jvir.org. Similarly, Exhibit Z, the FDA Guidance, is not subject to dispute and is readily available from the FDA website at http://www.fda.gov/cber/gdlns/clineff.pdf. *Padnes v. Scios Nova Inc.*, No. C 95-1693 MHP, 1996 WL 539711 (N.D.Cal. Sept.18, 1996) (taking judicial notice of FDA Guidance); *Noble Asset Management v. Allos Therapeutics, Inc.*, No. CIVA-04CV-1030-RPM, 2005 WL 4161977, at *2 (D. Colo. Oct. 25, 2005) (denying a motion to strike FDA Guidance that was

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

764903 v3/PA                    6.                    DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
                                                      CASE NO. 07-CV-04056-MJJ

attached to a motion to dismiss). Exhibit AA is an article published by *Pharmaceutical Statistics* available from the WileyInterscience website at http://www3.interscience.wiley.com/cgibin/abstract/107630550/ABSTRACT?CRETRY=1&SRETRY=0. Exhibits BB through DD are Nuvelo press releases that are available on Nuvelo's website www.nuvelo.com in the press releases section. Moreover, Exhibits W through DD contain statements that were publicly available to investors in the market, and thus are appropriate for judicial notice. *Copper Mountain*, 311 F. Supp. 2d at 864. (holding it is appropriate to judicially notice information that was publicly available to investors at the time the defendants made the allegedly false and misleading statements.). Finally, Nuvelo is not seeking judicial notice of the documents for the truth of the matters therein but merely to demonstrate the information that was available to the public. *In re Wet Seal, Inc. Sec. Litig.*, -- F. Supp. 2d --, No. CV 04-7159 GAF (CTx), 2007 WL 3197067, at * 10 (C.D. Cal. August 29, 2007) (taking judicial notice of press releases and other documents not referenced in the complaint because they were submitted for the "availability of information to the market . . . rather than for the truth of any matter.")

## II.  CONCLUSION

For the foregoing reasons, Nuvelo respectfully requests that the Court take judicial notice of Exhibits A-DD.

Dated: December 21, 2007

COOLEY GODWARD KRONISH LLP

_____
Grant P. Fondo (181530)
Attorneys for Defendants
NUVELO, INC., MICHAEL D. LEVY, TED W. LOVE and GARY S. TITUS

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

764903 v3/PA

7.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 07-CV-04056-MJJ