COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DENNIS J. HERMAN (220163)
ELI R. GREENSTEIN (217945)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
dennish@csgrr.com
elig@csgrr.com

Liaison Counsel

BERGER & MONTAGUE, P.C.
SHERRIE R. SAVETT
BARBARA A. PODELL
PHYLLIS M. PARKER
1622 Locust Street
Philadelphia, PA  19103
Telephone:  215/875-3000
215/875-4604 (fax)
ssavett@bm.net
bpodell@bm.net
pparker@bm.net

SCHATZ NOBEL IZARD, P.C.
ANDREW M. SCHATZ
JEFFREY S. NOBEL
NANCY A. KULESA
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103
Telephone:  860/493-6292
860/493-6290 (fax)
aschatz@snilaw.com
jnobel@snilaw.com
nkulesa@snilaw.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NUVELO, INC. SECURITIES LITIGATION | )<br>)<br>) | Master File No. 3:07-cv-04056-MJJ<br><br>CLASS ACTION |
| This Document Relates To:<br><br>    ALL ACTIONS. | )<br>)<br>)<br>)<br>)<br>) | PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE |

DATE:         March 25, 2008
TIME:         9:30 a.m.
COURTROOM:    11
JUDGE:        Hon. Martin J. Jenkins

1    **I.    INTRODUCTION**

2        In connection with their motion to dismiss, defendants have asked this Court to take judicial

3    notice of 29 documents, including various press releases, conference call transcripts, an investor

4    presentation, Securities and Exchange Commission ("SEC") filings, selected analyst reports and

5    medical journal articles.  Defendants' request is misplaced because: (i) none of the submitted

6    materials can be accepted as true or used to contradict the pleadings at the motion to dismiss stage,

7    and (ii) to the extent certain of the materials *can* properly be considered, the "incorporation doctrine"

8    provides the Court with ample grounds to do so *without* taking judicial notice, or accepting the truth,

9    of the proffered materials.

10        Judicial notice is a limited doctrine intended to permit Courts to accept the ***truth*** of facts

11    whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  In contending that the

12    proffered documents are "not subject to reasonable dispute" and their "accuracy cannot reasonably

13    be questioned," defendants appear to have confused "judicial notice" with the "best evidence rule."

14    *Cf.* Fed. R. Evid. 1002, 1003.  Subject to certain caveats and exceptions described below, plaintiffs

15    do not generally dispute that the exhibits submitted with defendants' request are what they purport to

16    be – that is, that the various press releases, SEC filings and journal articles are authentic.  That they

17    are authentic, however, does not mean that they are ***true***.  Because the truth of most of the

18    documents attached to the request are in dispute (indeed, this entire case revolves around the

19    misleading nature of those exhibits), judicial notice is improper.

20        The incorporation doctrine provides adequate ground for the Court to look to SEC filings,

21    press releases, and other documents that are quoted in or form the basis of the allegations in the

22    complaint, for purposes of determining whether those allegations are pled with sufficient

23    particularity.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Unlike the doctrine

24    of judicial notice, however, the incorporation doctrine is not intended to permit the Court to accept

25    the ***truth*** of such documents, or authorize it to make factual findings based on the contents of such

26    documents.  *Id.* (when facts contained in a document are disputed, a court may only consider the

27    document for the limited purpose of recognizing the fact that the document exists and not for the

28    truth of such documents); *In re Metawave Commc'n Corp. Sec. Litig.*, 298 F. Supp. 2d 1056, 1061

1  n.1 (W.D. Wash. 2003) (considering documents under the doctrine of incorporation but not for the

2  truth of the statements therein because the plaintiffs disputed their truth).  At most, the Court can

3  take judicial notice of "the fact that these documents [] were publicly-filed and for the fact that the

4  statements made therein were made to the public on the dates specified."  *Shurkin v. Golden State*

5  *Vintners, Inc.*, 471 F. Supp. 998, 1011 (N.D. Cal. 2006).  Defendants' request here goes well beyond

6  these limits.

7  **II.    ARGUMENT**

8          At the motion to dismiss stage, the Court may only consider material within the four corners

9  of the complaint.  *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994); *Lee*, 250 F.3d at 688-90.

10  There are only two exceptions to this general rule.  *Lee*, 250 F.3d at 688.  First, a court may consider

11  documents properly submitted as part of the complaint or, under the incorporation rule, documents

12  upon which the complaint necessarily relies and the authenticity of which is not disputed.  *Id.* at 688-

13  89.  The purpose for this exception is to allow the court to assess the complaint allegations in

14  context.   Second, a court may take judicial notice of facts: (1) generally known within the

15  community; or (2) "capable of accurate and ready determination by resort to sources whose accuracy

16  cannot reasonably be questioned."  Fed. R. Evid. 201(b); *Lee*, 250 F.3d at 689.

17          **A.    Judicial Notice Is Improper**

18          Judicial notice of documents not referenced in the complaint is improper and could convert

19  the motion into one for summary judgment.  *Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1998).

20  Federal Rule of Civil Procedure 12(c) provides that, if "matters outside the pleadings are presented

21  to and not excluded by the court, the motion shall be treated as one for summary judgment and

22  disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present

23  all material made pertinent to such a motion."  This includes "giving the party opposing the motion

24  notice ***and an opportunity to conduct necessary discovery and to submit pertinent material***."

25  *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) (emphasis added).  Here, the Private

26  Securities Litigation Reform Act's discovery stay currently precludes plaintiff from conducting this

27  discovery, and plaintiff therefore specifically objects to converting defendants' motion into one for

28  summary judgment.

1    A judicially noticed fact "must be one not subject to reasonable dispute" because it can be

2    determined from sources "whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b);

3    *United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002); *Bryant v. Avado Brands, Inc.*, 187

4    F.3d 1271, 1275-80 (11th Cir. 1999).  The Ninth Circuit has held that a district court may judicially

5    notice "**undisputed** matters of public record" but not "**disputed** facts stated in public records." *Lee*,

6    250 F.3d at 690 (emphasis in original).  Accordingly, the Court should refuse to take judicial notice

7    of any of the exhibits proffered by defendants.  *Id.*; *see also In re NorthPoint Commc'n Group, Inc.,*

8    *Sec. Litig. & Consol. Cases*, 221 F. Supp. 2d 1090, 1095 (N.D. Cal. 2002) (refusing to consider SEC

9    filings that defendants wanted judicially noticed because they contained disputed facts); *Bryant*, 187

10   F.3d at 1277-78 (SEC filings "'should be considered only for the purpose of determining what

11   statements the documents contain, not to prove the truth of the documents' contents.'") (citation

12   omitted); *In re Adaptive Broadband Sec. Litig.*, No. 01-1092 SC, 2002 U.S. Dist. LEXIS 5887, at

13   *61 (N.D. Cal Apr. 2, 2002) (taking judicial notice that statements were made in a Form 10-K

14   referenced in the complaint but not judicial notice of the truth of the statements).

15   **B.    Documents Quoted and Referenced in the Complaint (Exs. A-Q[1])**

16   Plaintiffs agree that the documents contained in Exhibits A through Q have been referenced

17   in the Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint") and

18   therefore may be considered by the Court under the incorporation doctrine.  Although these exhibits

19   may be considered to put the statements in the Complaint in context – by referencing purported

20   cautionary language, for example – they should not be considered for their truth, or to engage in

21   improper fact finding on the pleadings.  Hence, for example, the exhibits may be considered to

22

23

24   _____

25   [1]    References to "Ex. __" are to the exhibits referenced in Defendants' Request for Judicial
     Notice in Support of Their Motion to Dismiss Consolidated Complaint for Violation of the Federal
26   Securities Laws ("Request") and attached to the Declaration of Grant P. Fondo in Support of Motion
     to Dismiss Consolidated Complaint for Violation of the Federal Securities Laws ("Fondo Decl.")
27   filed on December 21, 2007.  Exhibit I, though referenced in the Request and Fondo Decl. was not
     submitted to the Court.

28

1    evaluate the purported cautionary language which accompanied them (Defs.' Mem.[2] at 22), but

2    should **not** be considered to conclude that, contrary to plaintiffs' allegations, the Phase 3 trials were

3    adequately powered (*id*. at 6, 16).

4         It should be noted, however, that defendants have omitted some pertinent documents from

5    their submission, on which the Court relies.  While defendants have submitted various press releases

6    and related transcripts of conference calls which took place during the Class Period in connection

7    with the announcement of Nuvelo's partnership with Bayer Healthcare A.G. (Exs. A, B) and its

8    quarterly earnings announcements (Exs. C-D, G), defendants appear to have deliberately omitted to

9    include the press releases and conference call transcript describing the failure of the alfimeprase

10   trials announced on December 11, 2006.  To assure that the Court has a complete record before it

11   should it choose to delve into the press releases and conference call transcripts on which the

12   Complaint is in part based, plaintiffs have submitted this press release and conference call transcript

13   with this filing as Exhibits 1 and 2 to the Declaration of Dennis J. Herman in Support of Plaintiffs'

14   Opposition to Defendants' Motion to Dismiss Consolidated Complaint for Violations of the

15   Securities Laws ("Herman Decl.").   To the extent the Court elects to consider Exhibits A-Q

16   submitted by defendants, plaintiffs respectfully request that the Court also consider, under the

17   incorporation doctrine, these two exhibits (Herman Decl., Exs. 1 and 2).

18        Defendants have also omitted numerous other sources cited and relied upon in the Complaint

19   from their Request.  For example, defendants selectively submit two CIBC World Market analyst

20   reports in an attempt to establish what the market understood about Nuvelo's disclosures, but fail to

21   submit the numerous other analyst reports also cited in the Complaint.  ¶¶73-83, 86-90.[3]  Plaintiffs

22   do not wish to burden the Court with additional paper that merely establishes the accuracy of what is

23   pled in the Complaint.  Plaintiffs point this out only to reiterate that defendants should not ask the

---

[2]      "Defs.' Mem." refers to Defendants' Notice of Motion and Motion to Dismiss Consolidated Complaint for Violation of the Federal Securities Laws; Memorandum of Points and Authorities filed on December 21, 2007.

[3]      Unless otherwise noted, paragraph references ("¶__" or "¶¶__") are to the Complaint.

1    Court to make factual findings at this stage of the proceeding, particularly on the incomplete record

2    placed before it.  *See Tellabs*, *Inc. v. Makor Issues & Rights, Ltd*., 127 S. Ct. 2499, (2007)

3    (allegations in complaint must be presumed true).

4          **C.     Safe Harbor and Other Cautionary Statements (Exs. A-J and R)**

5            Plaintiffs agree that the Court may consider any purported cautionary language in Exhibits A-

6    J and R for purposes of deciding whether plaintiffs have sufficiently alleged that statements

7    contained in those documents were materially misleading to investors.  To the extent the Court takes

8    judicial notice of these exhibits, however, it may notice only the fact that those cautionary statements

9    were made and what language was used. *Golden State Vintners*, 471 F. Supp. 2d at 1011.

10         **D.     SEC Filings (Exs. E, F, J and R-V)**

11           Again, Exs. E, F, J and R may be considered in connection with the Court's evaluation of

12   purported cautionary language contained therein, but not for any other purpose. *Supra* §B.  Exs. S,

13   T, U and V should not be judicially noticed because they are offered for the improper purpose of fact

14   finding.  Exs. S, T and V are proferred by defendants in an attempt to prove ***why*** defendant Gary

15   Titus sold $1.5 million shares of stock at inflated prices during the Class Period.  *See* Defs.' Mem. at

16   21.  This extrinsic evidence should not be considered in ruling on a motion to dismiss, nor does it

17   provide a complete factual record of the circumstances surrounding Titus' departure from Nuvelo to

18   make any factual findings about the reasons for either his resignation or his attendant stock sales.

19   Here, the only proper use for Titus' Form 4 (Ex. T) is to confirm that, as alleged, he sold 14,000

20   shares of Nuvelo stock, representing 84% of his holdings, on August 30, 2006, before the concealed

21   risks to the ongoing alfimeprase trial had manifested or been revealed to the market, causing the

22   Company's stock price to plummet.  While the Court may take judicial notice of the fact that Nuvelo

23   announced on August 10, 2006 that Titus would resign on September 1, 2006 (Ex. S), it may not

24   draw any factual conclusions as to the reasons for his resignation or conclude from that

25   announcement that Titus' stock sales were innocently designed to pay taxes on "in the money"

26   shares rather than to deliberately profit from inflated market prices at the time of the sale. *Compare*

27   *with* Defs.' Mem. at 21.

28

1

2

      **E.**    **FDA Guidance, Journal Articles, Conference Call Transcripts, and Press Releases (Exs. W-DD).**

3

      Defendants again misuse the doctrine by seeking judicial notice of Exs. W-DD on grounds

4

that they are indisputably true.  At the conclusion of §D of their Request, defendants recognize this

5

problem and acknowledge that they cannot seek judicial notice of the documents for the truth of the

6

matters asserted therein, but instead appear to contend that the Court should take judicial notice of

7

the fact that the statements contained in those exhibits were made on the dates indicated.  Request at

8

7.

9

      In examining the motion, however, it is clear that, despite the disclaimer, defendants seek to

10

use these exhibits improperly for the truth of the matters asserted.  *See* Defs.' Mem. at 6, 16 (citing

11

Exs. H, L and X to establish adequate powering of clinical studies, as opposed to merely noting that

12

defendants claimed the study was adequately powered); 7, 18 (accepting as true the conduct and

13

results of Genentech trial of alteplase, as reported in Ex. Y); 7 and n.4 (using non-peer-reviewed

14

medical journal article attached as Ex. AA to establish, as a matter of expert opinion, that p-value of

15

0.00125 is equivalent to what U.S. Food and Drug Administration ("FDA") guidance documents

16

require); 12 n.5 (citing Exs. BB and CC for the fact that enrollment in the clinical trials was not

17

completed until Nuvelo announced that it was); 19 (citing Ex. DD for the "***fact*** [that] the trial came

18

very close to achieving the pre-specified p-value and ***did in fact*** achieve it for restoration of catether

19

function at one-hour") (emphasis added).  Judicial notice should be refused on this ground alone.

20

      Further, while the Court can certainly consider the FDA Guidance,[4] there is no need to take

21

judicial notice of it.  Rather, the FDA Guidance can simply be considered in the same manner as any

22

other secondary legal authority, without the formality or necessity of taking judicial notice of it.  To

23

the extent defendants mean by their request simply that the document attached as Ex. Z is a true and

24

accurate copy of the FDA Guidance, a document available through the FDA's website, plaintiffs

25

acknowledge that it is.

26

27

    [4]    U.S. Department of Health and Human Services, Food and Drug Administration, *Guidance for Industry:  Providing Clinical Evidence of Effectiveness for Human Drugs and Biological Producers*, (May 198), http://www.fda.gov/cder/Guidance/1397fnl.pdf.

28

1    Finally, the two conference call transcripts (Exs. W and X) which predate the Class Period
2    have neither been relied upon as the basis for allegations in the Complaint nor have been
3    authenticated as true and accurate transcriptions of the oral statements made during the conference
4    calls.  In fact, both exhibits contain disclaimers that no representations as to the accuracy of the
5    transcripts are made, and they may contain material errors, omissions or inaccuracies.  Ex. W at 12;
6    Ex. X at 13.  Hence, the transcripts are not subject to judicial notice, even for the limited purpose of
7    establishing, on a motion to dismiss, that certain statements were made during those calls.  *See* Fed.
8    R. Evid. 201.

9    **F.    Results of Phase 3 Trials**

10    Though not cited or referenced in the Complaint, plaintiffs have submitted herewith copies of
11    data from the Phase 3 clinical trials of alfimeprase for both peripheral arterial occlusion ("PAO") and
12    catheter occlusion ("CO"), which were first published on Nuvelo's website in December 2007 (CO)
13    and on January 24, 2008 (PAO), after the Complaint was filed.  Herman Decl., Exs. 3 (CO) and 4
14    (PAO).  Plaintiffs proffer this data for the sole purpose of demonstrating grounds for amendment of
15    the Complaint, should amendment be required.  In proffering this evidence, plaintiffs do not ask the
16    Court to make any factual findings regarding the data contained therein, and specifically ask the
17    Court not to convert defendants' motion into one for summary judgment.  The Court may, however,
18    take judicial notice of the fact that this data was published after the Complaint was filed.  *Golden*
19    *State Vintners*, 471 F. Supp. 2d at 1011.

20    **III.    CONCLUSION**

21    It would be reversible error to take judicial notice of the "truth" of the documents defendants
22    seek to interject here. *Lee*, 250 F.3d at 689-90.  Any ambiguity or dispute about the contents of such
23    documents must be resolved "in plaintiffs' favor" at the motion stage.  *Id.* at 690; *Int'l Audiotext*
24    *Network v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (at motion stage, court will resolve
25    "ambiguities" in plaintiff's favor).  Accordingly, plaintiffs respectfully ask the Court to deny
26    defendants' request for judicial notice.

27

28

1  DATED: February 4, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20  T:\CasesSF\Nuvelo\RES00048760.doc

21

22

23

24

25

26

27

28

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
DENNIS J. HERMAN
ELI R. GREENSTEIN


                s/ Dennis J. Herman
          DENNIS J. HERMAN

100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

Liaison Counsel

BERGER & MONTAGUE, P.C.
SHERRIE R. SAVETT
BARBARA A. PODELL
PHYLLIS M. PARKER
1622 Locust Street
Philadelphia, PA  19103
Telephone:  215/875-3000
215/875-4604 (fax)

SCHATZ NOBEL IZARD, P.C.
ANDREW M. SCHATZ
JEFFREY S. NOBEL
NANCY A. KULESA
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103
Telephone:  860/493-6292
860/493-6290 (fax)

Co-Lead Counsel for Plaintiffs

1                                   <u>CERTIFICATE OF SERVICE</u>

2              I hereby certify that on February 4, 2008, I electronically filed the foregoing with the Clerk

3     of the Court using the CM/ECF system which will send notification of such filing to the e-mail

4     addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5     mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6     participants indicated on the attached Manual Notice List.

7              I certify under penalty of perjury under the laws of the United States of America that the

8     foregoing is true and correct.  Executed on February 4, 2008.

9
                                                   s/ Dennis J. Herman
10                                                DENNIS J. HERMAN

11
                                                  COUGHLIN STOIA GELLER
12                                                     RUDMAN & ROBBINS LLP
                                                  100 Pine Street, 26th Floor
13                                                San Francisco, CA  94111
                                                  Telephone:  415/288-4545
14                                                415/288-4534 (fax)

15
                                                  E-mail:Dennish@csgrr.com
16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 3:07-cv-04056-MJJ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Scott Devereaux**
  devereauxsd@cooley.com

- **Grant P. Fondo**
  gfondo@cooley.com,mcintoshjc@cooley.com

- **Dennis J. Herman**
  dennish@csgrr.com,jdecena@csgrr.com,moniquew@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Christopher J. Keller**
  ckeller@labaton.com,cchan@labaton.com

- **Nicole Catherine Lavallee**
  nlavallee@bermanesq.com,ysoboleva@bermanesq.com

- **Phyllis Maza Parker**
  pparker@bm.net

- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com

- **Barbara A Podell**
  bpodell@bm.net

- **David Avi Rosenfeld , Esq**
  drosenfeld@geller-rudman.com

- **Sherrie R. Savett**
  ssavett@bm.net

- **Monique C. Winkler**
  e_file_sd@csgrr.com,shawnw@csgrr.com,travisd@csgrr.com,E_File_SF@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Mario Alba
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road
Suite 200
Melville, NY 11747

Samuel Howard Rudman
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road
Suite 200
New York, NY 11747
```

**Marisa Megur Seifan**
Cooley Godward Kronish LLP
1114 Avenue of Americas
New York, NY 10036

**Evan J. Smith**
Brodsky & Smith L.L.C.
240 Mineola Blvd.
Mineola, NY 11501

**Nicolette Tropiano**
Schiffrin Barroway Topaz & Kessler LLP
280 King of Prussia Road
Radnor, PA 19087