1  COOLEY GODWARD KRONISH LLP
   SCOTT D. DEVEREAUX (146050) (devereauxsd@cooley.com)
2  GRANT P. FONDO (181530) (gfondo@cooley.com)
   JEFFREY M. KABAN (235743) (jkaban@cooley.com)
3  Five Palo Alto Square
   3000 El Camino Real
4  Palo Alto, CA 94306-2155
   Telephone:    (650) 843-5000
5  Facsimile:    (650) 857-0663

6  Attorneys for Defendants
   NUVELO, INC., MICHAEL D. LEVY, TED W. LOVE
7  and GARY S. TITUS

8

9                UNITED STATES DISTRICT COURT

10             NORTHERN  DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

13  In re NUVELO, INC. SECURITIES           Master File No.  07-CV-04056-VRW
    LITIGATION
14                                          **CLASS ACTION**

15                                          **DEFENDANTS' REPLY MEMORANDUM IN
                                            SUPPORT OF THEIR REQUEST FOR
16                                          JUDICIAL NOTICE IN SUPPORT OF THEIR
                                            MOTION TO DISMISS CONSOLIDATED
17                                          COMPLAINT FOR VIOLATIONS OF THE
                                            FEDERAL SECURITIES LAWS**

18
                                            Hearing Date: May 29, 2008
19                                          Time:         2:30 p.m.
                                            Courtroom:    6
20                                          Judge:        Hon. Vaughn R. Walker

21
                                            Trial Date:   Not yet set
22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

768056/PA                        1.        DEFS.' REPLY MEMO RE:  JUDICIAL NOTICE
                                            CASE NO. 07-CV-04056-VRW

## I.    INTRODUCTION

Plaintiffs do not oppose defendants' request for judicial notice of the safe harbor and cautionary statements contained in Exhibits A-J and R.  (Plaintiffs' Response to Defendants' Request for Judicial Notice ("Response") at 5:4-9.)  Similarly, plaintiffs agree that Exhibits A through Q have been referenced in the Complaint and, therefore may be considered by the Court pursuant to the incorporation by reference doctrine, thus conceding that the Court may judicially notice these documents.  (Response at 3:17-18.)  Accordingly, Defendants' request for judicial notice as to exhibits A through R should be granted.

Plaintiffs, in broadly objecting to certain other documents, misunderstand why Defendants seek to judicially notice these documents, and misapply the law.  First, Defendants are not requesting judicial notice of these documents for the truth of the matter asserted in the documents.  Rather, Defendants refer to these documents for the purpose of demonstrating the information that was publicly information available at the time of the alleged misrepresentations.

Second, plaintiffs improperly oppose Defendants' request for judicial notice as to Exhibits S-DD, on the grounds that doing so would constitute improper fact finding.  Yet, Plaintiffs do not dispute the accuracy of any of the documents or that the source of the documents can reasonably be questioned.  In fact, these documents are either on file with the Securities and Exchange Commission, publicly available press releases on Nuvelo, Inc.'s ("Nuvelo") website, publicly available on the Food and Drug Administration ("FDA") website, publicly available journal articles from the Journal of Vascular and Interventional Radiology or the WileyInterscience websites, or publicly available conference call transcripts; all reputable sources "whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Moreover, Defendants refer to the vast majority of these documents for the purpose of demonstrating the information that was publicly available at the time of the alleged "omissions" to investors, and as to the remaining documents, all pertain to defendants' stock sales, or lack thereof, which the Ninth Circuit repeatedly takes judicial notice of in ruling on a defendant's motion to dismiss.

For the foregoing reasons, this court should grant Defendants' request for judicial notice as to Exhibits A-DD.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

768056/PA

2.

DEFS.' REPLY MEMO RE: JUDICIAL NOTICE
CASE NO. 07-CV-04056-VRW

1    **II.    ARGUMENT**

2        **A.    Judicial Notice Is Proper Regardless Of Whether Plaintiffs Dispute The**
3            **Accuracy Of Defendants Public Statements.**

4        Plaintiffs' assertion that judicial notice of all of the requested exhibits is improper because

5    plaintiffs dispute the accuracy of Defendants' alleged misstatements misses the point. (Response

6    at p. 3.)  Defendants are not requesting judicial notice for the truth of the matter in any document.

7    Rather, Defendants are requesting judicial notice of these documents in order to provide the Court

8    with a complete, accurate picture of the public information available to investors during the

9    relevant time period.  *In re Wet Seal, Inc. Sec. Litig.*, -- F. Supp. 2d --, No. CV 04-7159 GAF

10   (CTx), 2007 WL 3197067, at * 10 (C.D. Cal. August 29, 2007) (taking judicial notice of press

11   releases and other documents not referenced in the complaint because they were submitted for the

12   "availability of information to the market . . . rather than for the truth of any matter").  This is an

13   entirely proper and common basis for judicial notice.

14       Plaintiffs' reliance on *Northpoint* is misplaced. In *Northpoint* the court granted judicial

15   notice of a majority of the SEC filings submitted by defendants.    *In re Northpoint*

16   *Communications Group, Inc. Sec. Litig.*, 221 F. Supp. 2d 1090, 1095 (N.D. Cal. 2002).  The

17   court, however, did not notice two documents that were filed with the SEC because the

18   documents were not offered in order for the court to "gauge the challenged disclosures in light of

19   all publicly available information" but rather in order for the court to notice a disputed fact.  *Id*.

20   As noted above, Defendants are requesting judicial notice of these documents so that the Court

21   has a complete record of the statements made by the Defendants and so it can "gauge" the alleged

22   misstatements in light of the information available to the market.[1]

23

24   _____

[1] Similarly, the case of *Lee v. City of Los Angeles* is inapposite.  250 F. 3d 668, 688-690 (9th Cir.
25   2001).  That case did not involve securities fraud or the evaluation of statements made to the
     market.  Rather, it involved a suit by a mentally disabled man for wrongful arrest, extradition and
26   incarceration.  The Ninth Circuit found that the lower court's reliance on concessions made in the
     man's waiver of extradition form and during his extradition hearing was improper since the issue
27   of whether the waivers were valid was disputed.  This holding has no relevance here, as
     Defendants are requesting judicial notice of documents not for their truth, but rather to show the
28   information available to the market.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

768056/PA                              3.                    DEFS.' REPLY MEMO RE: JUDICIAL NOTICE
                                                             CASE NO. 07-CV-04056-VRW

1

**B.     Plaintiffs Do Not Oppose Judicial Notice Of Exhibits A-R.**

Plaintiffs concede that Exhibits A through Q are documents referenced in the Complaint and, therefore, may be considered by the Court.  (Response at p. 3.)  However, plaintiffs assert that the documents may not be considered for their truth. (Response at p. 3.)  Plaintiffs' assertion is irrelevant, as Defendants do not seek judicial notice of Exhibits A though Q for the truth of any matter asserted in those documents.  Therefore, plaintiffs' objection is misinformed, wrong and irrelevant.  Accordingly, the Court should grant judicial notice of Exhibits A through Q.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  *See also Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1108-09 (N.D. Cal. 2003) (judicially noticing press releases cited in the complaint pursuant to this rationale); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (judicially noticing news articles, press releases, stock price and analysts' reports because the documents were referenced in the complaint); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863-864 (N.D. Cal. 2004) (judicially noticing SEC filings, press releases, conference call transcripts and historical stock price information).

Plaintiffs also assert that Defendants' request is improper because these documents should be incorporated by reference rather than judicially noticed.  (Response at 1:23-26.)  This argument is confusing and, at best, irrelevant.  The fact that a document can and should be incorporated by reference does not preclude it from being judicially noticed by the court.  In fact, by acknowledging that these documents can be incorporated by reference, plaintiffs concede that these documents can, and must be, judicially noticed.  *Copper Mountain*, 311 F. Supp. 2d at 863 (judicially noticing documents filed with SEC and noting that "[t]his conclusion is *bolstered* by the fact that courts are specifically authorized, in connection with a motion to dismiss a securities fraud complaint, to consider documents and filings described in the complaint under the incorporation by reference doctrine") (emphasis added).

Further, plaintiffs do not oppose Defendants' request for judicial notice of the safe harbor and cautionary statements in Exhibits E, F, J and R, and, therefore, the Court should grant Defendants' request with respect to these exhibits as well.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

768056/PA                                      4.                            **DEFS.' REPLY MEMO RE: JUDICIAL NOTICE
CASE NO. 07-CV-04056-VRW**

C.    **This Court Should Judicially Notice The Stock-Related Public Filings With The SEC (Exhibits S-V).**

While plaintiffs oppose the court taking notice of Exhibits S through V (Form 8-K, Form 4s, and stock option plans filed with the SEC) (Response at p. 5:12-14.), judicial notice of these public filings with the SEC is entirely appropriate. *See Copper Mountain*, 311 F. Supp. 2d at 863; *Plevy*, 38 F. Supp. 2d at 821 (judicially noticing securities filings because they are "public records required by the SEC to be filed"). Plaintiffs do not dispute the accuracy of the information contained in any of these exhibits, nor do plaintiffs question that the information contained in these exhibits is available from the SEC, which is a source "whose accuracy cannot reasonably be questioned." Further, where a plaintiff refers to stock sales to support his claims, Ninth Circuit law permits courts to judicially notice stock related information filed with the SEC, such as, like here, stock option plans, the quantity of shares sold and number of shares owned by defendants in a securities fraud case. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986-988 (9th Cir. 1999). In doing so, courts accept the "truth" of the sales (and other related information) as reflected in the filings and use this information when ruling on a defendant's motion to dismiss. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d at 987-988 (accepting as true that one defendant was legally forbidden to trade company stock prior to the class period); *Allison v. Brooktree Corp.*, 999 F. Supp. 1342, 1352 and n.3 (S.D. Cal. 1998) (accepting as true that "[n]ot only did [defendant] not sell any shares, he actually purchased stock during the Class Period"); *Wietschner*, 294 F. Supp. 2d. at 1108-1109, 1116 (using judicially noticed SEC filings to calculate the percentage of shares sold by defendant and to evaluate defendant's trading history prior to the class period).

Plaintiffs, in opposing Defendants' request, assert that the Court should not take notice of Exhibits S, T and V relating to Titus' departure from the company and his sale of stock because doing so would constitute improper fact finding. However, plaintiffs rely on defendant Titus' stock sales in their complaint to support their allegation that Titus possessed the requisite scienter to be held liable for securities fraud. (*See* Complaint ¶ 91.) Consequently, defendants are permitted to seek judicial notice of documents regarding these sales necessary to permit the court

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

768056/PA    5.    DEFS.' REPLY MEMO RE: JUDICIAL NOTICE
CASE NO. 07-CV-04056-VRW

to evaluate class period stock sales in their appropriate context. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d at 986-987 (holding that the relevant facts in determining whether stock sales are suspicious are the amount and percentage sold, the timing of the sales, the amount of vested options, prior trading history and restrictions on shares); *Wietschner*, 294 F. Supp. 2d. at 1109 (noticing Forms 4 and Form 10-K). Thus, with respect to defendant Titus, the Court may take judicial notice of the date of his stock sales, the amount of his stock sales, the date of his resignation, and the restrictions on the sale of his shares.

In addition, plaintiffs oppose the judicial notice of Exhibit U, the Form 4 reported by Mark L. Perry and filed with the SEC by Nuvelo on October 2, 2006.   (Response at p. 5) Plaintiffs, however, provide no explanation for why they oppose judicial notice of this exhibit. Regardless of plaintiffs' objection, it is entirely appropriate for the Court to take judicial notice of Form 4s of non-defendant insiders filed with the SEC when ruling on a motion to dismiss, particularly where plaintiffs rely upon stock sales in their complaint. *In re Portal Software Inc. Sec. Litig.*, 2005 WL 1910923 at *4 (N.D. Cal. Aug. 10, 2005) (judicially noticing Form 4s filed with the SEC regarding the stock sales of corporate officers and directors that were not named as defendants on a motion to dismiss); *In re Silicon Storage Technology, Inc. Sec. Litig.*, 2006 WL 648683 at *18 (N.D. Cal. March 10, 2006) (noting on a motion to dismiss that the fact two officers purchased stock during the class period countenanced against a finding of scienter).  As a consequence, with respect to non-defendant director Mark Perry, the court may take judicial notice of the fact that he purchased Nuvelo stock during the class period.

Moreover, contrary to plaintiffs' assertions, the Court is allowed to draw reasonable inferences from these facts. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007) (holding that to "determine whether the plaintiff has alleged facts that give rise to the requisite 'strong inference' of scienter, a court must consider plausible non-culpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff"). With respect to defendant Titus' stock sales, the logical inference is that Titus sold his stock during the class period because the stock plans required that he exercise his vested options within 90 days of his resignation or else the options would expire, and that these sales are not indicative of scienter.  In

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

768056/PA

6.

DEFS.' REPLY MEMO re: JUDICIAL NOTICE
CASE NO. 07-CV-04056-VRW

1   addition, it is reasonable to infer from the fact that director Mark Perry purchased Nuvelo shares

2   during the class period that Defendants did not know that any of the public statements at issue

3   were materially false when made.

4        For the foregoing reasons, this Court should take judicial notice of Exhibits S through V.

5        **D.      The Court Should Take Judicial Notice of FDA Guidance, A Journal Article,
             Conference Call Transcripts, and Press Releases As They Are Not
6            Reasonably Subject To Dispute (Ex. W-DD).**

7        Exhibits W through DD are appropriate for judicial notice because this is information that

8   was publicly available to investors at the time the defendants made the allegedly false and

9   misleading statements. *Copper Mountain*, 311 F. Supp. 2d at 864; *Wenger v. Lumisys, Inc.*, 2 F.

10  Supp. 2d 1231, 1241-43 (N.D. Cal. 1998) (judicially noticing a conference call transcript which

11  alerted the court to defendant's safe harbor warning); *In re Wet Seal, Inc. Sec. Litig.*, -- F. Supp.

12  2d --, No. CV 04-7159 GAF (CTx), 2007 WL 3197067, at * 10 (C.D. Cal. August 29, 2007)

13  (taking judicial notice of press releases and other documents not referenced in the complaint

14  because they were submitted for the "availability of information to the market . . . rather than for

15  the truth of any matter").  Plaintiffs cannot allege that Defendants omitted material information

16  and then seek to block this Court's consideration of information that was publicly available to

17  investors during the relevant period. *See Wenger*, 2 F. Supp. 2d at 1241-1242 (denying plaintiff's

18  motion to strike conference call transcript where plaintiff alleged that defendants failed to deliver

19  any safe harbor warnings during the conference call).

20       Plaintiffs neither contest the accuracy of the information contained in Exs. Y-DD (journal

21  article, press releases or the FDA Guidance), nor dispute the source of these documents.  In fact,

22  plaintiffs even acknowledge that the FDA Guidance provided to this Court by the defendants is a

23  true and accurate copy of FDA Guidance appearing on the FDA's website.  (Response at p. 6.)

24  Plaintiffs question defendants' *use* of the documents—not the accuracy of the information

25  contained in the documents.  However, the documents are the appropriate subjects of judicial

26  notice because their accuracy is not subject to reasonable dispute and because they were part of

27  the total public information available to potential investors.  Similarly, Plaintiffs' opposition to

28  the two conference call transcripts on the grounds that they were not relied on in by the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

768056/PA                          7.                    **DEFS.' REPLY MEMO RE: JUDICIAL NOTICE
                                                         CASE NO. 07-CV-04056-VRW**

1  Complaint and have not been authenticated is misguided. (Exs. W and X).  Courts routinely take

2  judicial notice of conference call transcripts on motions to dismiss to evaluate the information in

3  the public domain during the relevant time period.  *See Copper Mountain*, 311 F. Supp. 2d at 864;

4  *Wenger,* 2 F. Supp. 2d at 1241-43.

5          This Court should take judicial notice of Exhibits W-DD.

6      **E.     Judicial Notice Of Exhibits R-DD Is Appropriate And Does Not Convert
         Defendants' Motion Into A Summary Judgment Motion.**

7

8          Plaintiffs mistakenly claim that the Court should deny Defendants' request for judicial

9  notice as to Exhibits R-DD[2] because it would convert the motion to dismiss into a motion for

10 summary judgment.  This argument fails.  Defendants' request for judicial notice neither attempts

11 to nor does convert their motion to dismiss into one for summary judgment.  Documents relied

12 upon or referenced by the complaint are not considered "outside" the pleadings and can be

13 considered by the court on a motion to dismiss.  *Branch v. Tunnell*, 14 F.3d 449, 453-454 (9th

14 Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119

15 (9th Cir. 2002) (holding that "documents whose contents are alleged in a complaint and whose

16 authenticity no party questions, but which are not physically attached to the pleading, may be

17 considered in ruling on a Rule 12(b)(6) motion to dismiss" and that "[s]uch consideration does

18 not convert the motion to dismiss into a motion for summary judgment") (citations omitted).  In

19 fact, the *Bryant* case, upon which the plaintiffs rely, held that it was proper to judicially notice

20 filings with the SEC at the motion to dismiss stage because it "weed[ed] out non-meritorious suits

21 at the earliest possible stage."  *Bryant v. Avado Brands*, 187 F.3d 1271, 1277-1278 (11th Cir.

22 1999).  This is exactly why Defendants seek to judicially notice these exhibits.

23

24 //

25 //

26 //

27 _____

[2] These exhibits are Nuvelo's Form 10-K, Nuvelo's Form 8-K, Form 4s for Gary Titus and Mark
28 Perry, Nuvelo's stock option plans on file with the SEC, Nuvelo's press releases, conference call
   transcripts, journal articles, and the FDA Guidance.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

768056/PA                                8.                    **DEFS.' REPLY MEMO RE: JUDICIAL NOTICE
                                                               CASE NO. 07-CV-04056-VRW**

1    **III.    CONCLUSION**

2         For the foregoing reasons, Defendants respectfully request that the Court take judicial

3    notice of Exhibits A- DD.

4

5    Dated:   March 12, 2008                    COOLEY GODWARD KRONISH LLP

6

7                                      _____/s/_____

8                                      Grant P. Fondo (181530)
                                       Attorneys for Defendants
9                                      NUVELO, INC., MICHAEL D. LEVY, TED W.
                                       LOVE and GARY S. TITUS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

768056/PA                              9.                    DEFS.' REPLY MEMO RE: JUDICIAL NOTICE
                                                             CASE NO. 07-CV-04056-VRW