1  COOLEY GODWARD KRONISH LLP
   SCOTT D. DEVEREAUX (146050) (devereauxsd@cooley.com)
2  JESSICA VALENZUELA SANTAMARIA (220934) (jsantamaria@cooley.com)
   JEFFREY M. KABAN (235743) (jkaban@cooley.com)
3  VALERIE CASTELO (247540) (vcastelo@cooley.com)
   Five Palo Alto Square
4  3000 El Camino Real
   Palo Alto, CA  94306-2155
5  Telephone:     (650) 843-5000
   Facsimile:     (650) 857-0663
6
   Attorneys for Defendants
7  NUVELO, INC., MICHAEL D. LEVY, TED W. LOVE
   and GARY S. TITUS
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN  DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13

14  In re NUVELO, INC. SECURITIES          Master File No.  07-CV-04056-VRW
    LITIGATION
15                                         **CLASS ACTION**

16  .                                      **DEFENDANTS' ANSWER TO CORRECTED
                                           SECOND CONSOLIDATED AMENDED
17                                         COMPLAINT**

18

19

20        Defendants Nuvelo, Inc. ("Nuvelo"), Michael D. Levy ("Levy"), Ted W. Love ("Love")

21  and Gary S. Titus ("Titus") (collectively, "Defendants"), through counsel, hereby answer

22  plaintiffs' Corrected Second Consolidated Amended Complaint ("SAC") filed on or about

23  February 17, 2009.

24                              **ANSWER**

25        1.      Answering paragraph 1 of the SAC, the paragraph does not contain factual allegations,

26  therefore Defendants are not required to admit or deny the allegations.  To the extent paragraph 1

27  contains factual matters, Defendants deny the allegations in paragraph 1.

28        2.      Answering paragraph 2 of the SAC, Defendants admit that Nuvelo was a

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                    1.              **DEFS.' ANSWER TO CORRECTED SECOND
                                                CONSOLIDATED AMENDED COMPLAINT
                                                CASE NO.  07-CV-04056-VRW**

1  biopharmaceutical company engaged in the preclinical and clinical testing of acute cardiovascular
2  and cancer therapies.  Defendants further admit that Nuvelo had at least three drugs in its drug
3  development pipeline, including alfimeprase and NU206.  Except as expressly admitted herein,
4  Defendants deny each and every remaining allegation in paragraph 2.

5  3.  Answering paragraph 3 of the SAC, Defendants admit that Nuvelo obtained the rights
6  to alfimeprase from Amgen, Inc. ("Amgen") and that George Rathmann co-founded Amgen and
7  served as a director of Nuvelo.  Defendants also admit that, at the time it had obtained the rights
8  to alfimeprase, Nuvelo had not yet brought a drug to market.  Except as expressly admitted
9  herein, Defendants deny each and every remaining allegation in paragraph 3.

10  4.  Answering paragraph 4 of the SAC, Defendants admit that Nuvelo merged with
11  Variagenics, Inc.  Except as expressly admitted herein, Defendants deny each and every
12  remaining allegation in paragraph 4.

13  5.  Answering paragraph 5 of the SAC, Defendants admit that the quoted language in
14  paragraph 5 appears in at least one purported conference call transcript.  Except as expressly
15  admitted herein, Defendants deny each and every remaining allegation in paragraph 5.

16  6.  Answering paragraph 6 of the SAC, Defendants admit that alfimeprase was being
17  tested as a treatment for PAO or "leg attack."  Defendants admit that PAO is the result of
18  underlying peripheral arterial disease, in which chronic fatty plaque restricts blood flow and then
19  is complicated by the formation of a blood clot.  Defendants admit that if blood flow is not
20  restored quickly, PAO can lead to nerve and muscle damage and, in severe cases, amputation and
21  death.  Except as expressly admitted herein, Defendants deny each and every remaining allegation
22  in paragraph 6.

23  7.  Answering paragraph 7 of the SAC, Defendants admit that the primary endpoint of the
24  PAO phase 3 clinical trial for alfimeprase was the avoidance of open surgery 30 days after
25  treatment with alfimeprase.  Except as expressly admitted herein, Defendants deny each and
26  every remaining allegation in paragraph 7.

27  8.  Answering paragraph 8 of the SAC, Defendants admit that Nuvelo issued press
28  releases with information related to the PAO study.  To the extent that the allegations of

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                  2.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

paragraph 8 purport to summarize the contents of the press releases, Defendants refer the Court to those documents.  To the extent that the allegations in paragraph 8 differ in any way from the contents of the press releases, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 8.

9.     Answering paragraph 9 of the SAC, Defendants deny each and every allegation in paragraph 9.

10.     Answering paragraph 10 of the SAC, Defendants deny each and every allegation in paragraph 10.

11.     Answering paragraph 11 of the SAC, Defendants admit that the Intra-thrombus placebo group had 113 patients.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 11.

12.     Answering paragraph 12 of the SAC, Defendants admit that NAPA-2 contained a Peri-Thrombus placebo group with 38 patients.[1]  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 12.

13.     Answering paragraph 13 of the SAC, Defendants admit that Nuvelo issued press releases and held conference calls.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 13.

14.     Answering paragraph 14 of the SAC, Defendants admit that on December 11, 2006 Nuvelo issued a press release and held a conference call.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 14.

15.     Answering paragraph 15 of the SAC, Defendants admit that Cathflo Activase was an FDA-approved treatment for catheter occlusion in the United States.  Defendants further admit that Dr. Steven R. Deitcher, Nuvelo's Vice President of Medical Affairs, gave a presentation in 2004 entitled, "Alfimeprase: Phase-2 Multi-Center trial (Nu-Cath)."  To the extent that the allegations of paragraph 15 purport to summarize or characterize the statements made during the

---

[1] Defendants admit that Nuvelo held a conference call on November 1, 2005.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in the footnote to paragraph 12.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

**DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW**

1   presentation, Defendants refer the Court to the presentation.  To the extent that the allegations in

2   paragraph 15 differ in any way from the contents of the presentation, Defendants deny every such

3   allegation.  Except as expressly admitted herein, Defendants deny each and every remaining

4   allegation in paragraph 15.

5   　　　16.　　Answering paragraph 16 of the SAC,  Defendants admit that the quoted language in

6   paragraph 16 appears in at least one press release.  To the extent that the allegations of paragraph

7   16 purport to summarize or characterize the statements made in the press release, Defendants

8   refer the Court to that document.  To the extent that the allegations in paragraph 16 differ in any

9   way from the contents of the press release, Defendants deny every such allegation.  Except as

10  expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 16.

11  　　　17.　　Answering paragraph 17 of the SAC, Defendants admit that Nuvelo issued a press

12  release on May 26, 2005.  Defendants admit that the quoted language in paragraph 17 appears in

13  the press release.  To the extent that the allegations of paragraph 17 purport to summarize or

14  characterize the statements made in the press release, Defendants refer the Court to that

15  document.  To the extent that the allegations in paragraph 17 differ in any way from the contents

16  of the press release, Defendants deny every such allegation.[2]  Except as expressly admitted

17  herein, Defendants deny each and every remaining allegation in paragraph 17.

18  　　　18.　　Answering paragraph 18 of the SAC, Defendants admit that the statistical standard for

19  Nuvelo's SONOMA-2 trial was a p-value of 0.00125.  Except as expressly admitted herein,

20  Defendants deny each and every remaining allegation in paragraph 18.

21  　　　19.　　Answering paragraph 19 of the SAC, Defendants admit that Nuvelo issued a letter "To

22  Our Shareholders" in the 2005 Annual Report, that Nuvelo issued press releases and that Nuvelo

23  held conference calls.  Except as expressly admitted herein, Defendants deny each and every

24  remaining allegation in paragraph 19.

25  

26  [2] Defendants admit that there is an article entitled "Safety and Efficacy of Alteplase for Restoring Function in Occluded Central Venous Catheters: Results of Cardiovascular Thrombolytic to Open

27  Occluded Lines Trial" that was published in the *Journal of Clinical Oncology* in January 2002. Except as expressly admitted herein, Defendants deny each and every remaining allegation in

28  footnotes 2 and 3 to paragraph 17.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                    4.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

20.     Answering paragraph 20 of the SAC, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

21.     Answering paragraph 21 of the SAC, Defendants admit that in the Phase 2 CO trial alfimeprase cleared 50% of the catheters in 15 minutes.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 21.

22.     Answering paragraph 22 of the SAC, Defendants admit that Nuvelo held a conference call in May 2006.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 22.

23.     Answering paragraph 23 of the SAC, Defendants admit that the Phase 3 trial program for CO was modeled after the Genentech program.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 23.

24.     Answering paragraph 24 of the SAC, Defendants admit that Nuvelo had agreed with the FDA that the p-value for the SONOMA-2 trial would be $p = 0.00125$.[3]  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 24.

25.     Answering paragraph 25 of the SAC, Defendants admit that the protocols for SONOMA-2 required that patients who showed evidence of non-thrombolytic occlusions were to be excluded from the study.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 25.

26.     Answering paragraph 26 of the SAC, Defendants deny each and every allegation in paragraph 26.

27.     Answering paragraph 27 of the SAC, Defendants deny each and every allegation in paragraph 27.

28.     Answering paragraph 28 of the SAC, Defendants admit that Nuvelo had agreed with the FDA that the p-value for the SONOMA-2 trial would be $p = 0.00125$.[4]  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 28.

---

[3] Defendants admit that Nuvelo held a conference call on December 10, 2007.  Except as expressly admitted herein, Defendants deny each and every allegation in the footnote to paragraph 24.
[4] Defendants deny each and every allegation in the footnote to paragraph 28.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                    5.                    DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

29.     Answering paragraph 29 of the SAC, Defendants deny each and every allegation in paragraph 29.

30.     Answering paragraph 30 of the SAC, Defendants admit that the protocols for SONOMA-2 attempted to exclude CO due to non-thrombolytic causes.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 30.

31.     Answering paragraph 31 of the SAC, Defendants deny each and every allegation in paragraph 31.

32.     Answering paragraph 32 of the SAC, Defendants admit that Nuvelo issued a press release and held a conference call on December 11, 2006.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 32.

33.     Answering paragraph 33 of the SAC, Defendants admit that the quoted language in paragraph 33 appears in a purported transcript of the December 11, 2006 conference call.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 33.

34.     Answering paragraphs 34 of the SAC, Defendants admit that the quoted language in paragraph 34 appears in a purported transcript of the December 11, 2006 conference call.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 34.

35.     Answering paragraph 35 of the SAC, Defendants deny each and every allegation in paragraph 35.

36.     Answering paragraph 36 of the SAC, Defendants deny each and every allegation in paragraph 36.

37.     Answering paragraph 37 of the SAC, Defendants deny each and every allegation in paragraph 37.

38.     Answering paragraph 38 of the SAC, no response is required to the allegations contained in this paragraph on the grounds that the Court dismissed plaintiffs' claims related to the "secret product profile" on August 17, 2009.  To the extent plaintiffs assert that this paragraph addresses matters that were not dismissed on August 17, 2009, Defendants deny each and every

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                     6.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

1    allegation in paragraph 38.

2        39.    Answering paragraph 39 of the SAC, no response is required to the allegations

3    contained in this paragraph on the grounds that the Court dismissed plaintiffs' claims related to

4    the "secret product profile" on August 17, 2009.  To the extent plaintiffs assert that this paragraph

5    addresses matters that were not dismissed on August 17, 2009, Defendants deny each and every

6    allegation in paragraph 39.[5]

7        40.    Answering paragraph 40 of the SAC, no response is required to the allegations

8    contained in this paragraph on the grounds that the Court dismissed plaintiffs' claims related to

9    the "secret product profile" on August 17, 2009.  To the extent plaintiffs assert that this paragraph

10   addresses matters that were not dismissed on August 17, 2009, Defendants deny each and every

11   allegation in paragraph 40.

12       41.    Answering paragraph 41 of the SAC, no response is required to the allegations

13   contained in this paragraph on the grounds that the Court dismissed plaintiffs' claims related to

14   the "secret product profile" on August 17, 2009.  To the extent plaintiffs assert that this paragraph

15   addresses matters that were not dismissed on August 17, 2009, Defendants deny each and every

16   allegation in paragraph 41.

17       42.    Answering paragraph 42 of the SAC, no response is required to the allegations

18   contained in this paragraph on the grounds that the Court dismissed plaintiffs' claims related to

19   the "secret product profile" on August 17, 2009.  To the extent plaintiffs assert that this paragraph

20   addresses matters that were not dismissed on August 17, 2009, Defendants deny each and every

21   allegation in paragraph 42.

22       43.    Answering paragraph 43 of the SAC, no response is required to the allegations

23   contained in this paragraph on the grounds that the Court dismissed plaintiffs' claims related to

24   the "secret product profile" on August 17, 2009.  To the extent plaintiffs assert that this paragraph

25   _____

26   [5] No response is required to the allegations contained in this footnote to paragraph 39 on the
     grounds that the Court dismissed plaintiffs' claims related to the "secret product profile" on

27   August 17, 2009.  To the extent plaintiffs assert that this footnote addresses matters that were not
     dismissed on August 17, 2009, Defendants deny each and every allegation in the footnote to

28   paragraph 39.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                    7.                    DEFS.' ANSWER TO CORRECTED SECOND
                                                      CONSOLIDATED AMENDED COMPLAINT
                                                      CASE NO. 07-CV-04056-VRW

1    addresses matters that were not dismissed on August 17, 2009, Defendants deny each and every
2    allegation in paragraph 43.

3        44.    Answering paragraph 44 of the SAC, paragraph 44 alleges legal rather than factual
4    matters, which Defendants are not required to admit or deny.  To the extent paragraph 44 contains
5    factual matters, Defendants lack knowledge or information sufficient to form a belief as the truth
6    of the allegations and, on that basis, deny them.

7        45.    Answering paragraph 45 of the SAC, Defendants lack knowledge or information
8    sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

9        46.    Answering paragraph 46 of the SAC, Defendants lack knowledge or information
10   sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

11       47.    Answering paragraph 47 of the SAC, Defendants lack knowledge or information
12   sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

13       48.    Answering the first, fourth and fifth sentences in paragraph 48 of the SAC, Defendants
14   deny the allegations therein.  Answering the second and third sentences in paragraph 48 of the
15   SAC, Defendants admit the allegations therein.  Answering the sixth sentence in paragraph 48 of
16   the SAC, Defendants admit that Nuvelo filed a Form 10-K for the year ending December 31,
17   2005.  Defendants further admit that the quoted language appears in Nuvelo's Form 10-K for the
18   year ending December 31, 2005.  To the extent that the allegations of paragraph 48 purport to
19   summarize or characterize the statements made in the Form 10-K, Defendants refer the Court to
20   that document.  To the extent that the allegations in paragraph 48 differ in any way from the
21   contents of that document, Defendants deny every such allegation.[6]  Except as expressly admitted
22   herein, Defendants deny each and every remaining allegation in paragraph 48.

23       49.    Answering the first, third and seventh sentences of paragraph 49 of the SAC,
24   Defendants deny the allegations therein.  Answering the second, fourth, fifth, and sixth sentences
25   of paragraph 49 of the SAC, Defendants admit the allegations therein.   Answering the eighth

---

27   [6] The footnote to paragraph 48 does not contain factual allegations, therefore Defendants are not
     required to admit or deny the allegations.  To the extent the footnote to paragraph 48 contains
28   factual matters, Defendants deny the allegations in the footnote to paragraph 48.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                    8.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 07-CV-04056-VRW

1   sentence of paragraph 49 of the SAC, Defendants admit that Nuvelo's Form 10-K for the year

2   ending December 31, 2005 reports that Love signed the form.  Except as expressly admitted

3   herein, Defendants deny each and every remaining allegation in paragraph 49.

4       50.    Answering the second, third and fourth sentences of paragraph 50 of the SAC,

5   Defendants admit the allegations therein.  Answering the sixth sentence of paragraph 50 of the

6   SAC, Defendants admit that Nuvelo's Form 10-K for the year ending December 31, 2005 and

7   Form 10-Q for the first quarter of 2006 purport to report that Titus signed the forms.  Except as

8   expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 50.

9       51.    Answering the first sentence of paragraph 51 of the SAC, Defendants deny the

10  allegations therein.  Answering the second and third sentence of paragraph 51 of the SAC,

11  Defendants admit the allegations therein.  Except as expressly admitted herein, Defendants deny

12  each and every remaining allegation in paragraph 51.

13      52.    Answering paragraph 52 of the SAC, Defendants admit that Nuvelo filed a Proxy

14  Statement with the SEC on April 14, 2006.  To the extent that the allegations of paragraph 52

15  purport to summarize or characterize the statements made in the Proxy Statement, Defendants

16  refer the Court to that document.  To the extent that the allegations in paragraph 52 differ in any

17  way from the contents of that document, Defendants deny every such allegation.  Except as

18  expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 52.

19      53.    Answering paragraph 53 of the SAC, Defendants lack knowledge or information

20  sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

21      54.    Answering paragraph 54 of the SAC, Defendants lack knowledge or information

22  sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

23      55.    Answering paragraph 55 of the SAC, Defendants lack knowledge or information

24  sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

25      56.    Answering paragraph 56 of the SAC, Defendants lack knowledge or information

26  sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

27      57.    Answering paragraph 57 of the SAC, Defendants lack knowledge or information

28  sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA

9.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

58.     Answering paragraph 58 of the SAC, Defendants deny each and every allegation in paragraph 58.

59.     Answering paragraph 59 of the SAC, Defendants deny each and every allegation in paragraph 59.

60.     Answering the first sentence of paragraph 60 of the SAC, Defendants admit that Nuvelo had $2.7 million in January 2001.  Answering the second sentence of paragraph 60 of the SAC, Defendants admit that Amgen co-founder Rathmann was named Chairman of Nuvelo's board in February 2000, had served as President from May 2000 until January 2001, and provided a $20 million line of credit to the Company.  Answering the third sentence of paragraph 60 of the SAC, Defendants admit that Nuvelo raised approximately $21 million in a private placement in August 2001.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 60.

61.     Answering paragraph 61 of the SAC, Defendant admit that Nuvelo entered into a collaboration agreement with Amgen in January 2002 to co-develop and commercialize alfimeprase.   To the extent that the allegations of paragraph 61 purport to summarize or characterize the terms of the collaboration agreement, Defendants refer the Court to the Form 8-K filed with the SEC on January 11, 2002 and accompanying press release discussing the collaboration.  To the extent that the allegations in paragraph 61 differ in any way from the contents of those documents, Defendants deny every such allegation.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 61.

62.     Answering paragraph 62 of the SAC, Defendant admit that Nuvelo merged with Variagenics, Inc., a Massachusetts-based company in 2003.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 62.

63.     Answering paragraph 63 of the SAC, Defendants admit that Nuvelo conducted clinical trials of alfimeprase as a treatment for dissolving blood clots in legs (PAO) and in occluded catheters in patients undergoing treatment (CO).  Defendants further admit that Nuvelo's Proxy Statements report that in 2003 Love's salary was $583,583 and that he was awarded 133,332 options.  Defendants admit that Nuvelo's Proxy Statements report that in 2004 Love's salary was

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                    10.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

1   $594,000 and that he was awarded 500,000 options, and that Levy was awarded 175,000 options.

2   Defendants admit that Nuvelo's Proxy Statements report that in 2005 Love received a combined

3   salary and bonus of $800,000 and that he was awarded 750,000 options, that Levy received a

4   salary of $381,250 and that he was awarded 200,000 options, and that Titus received a salary of

5   $226,667 and a bonus of $65,000 and that he was awarded 175,000 options.[7]

6          Defendants further admit that Nuvelo issued press releases on September 25, 2003,

7   October 2, 2003, February 5, 2004, February 19, 2004, September 30, 2004, December 6, 2004

8   and January 24, 2005.  To the extent that the allegations of paragraph 63 purport to summarize or

9   characterize the terms of the press releases, Defendants refer the Court to those documents.  To

10  the extent that the allegations in paragraph 63 differ in any way from the contents of the press

11  releases, Defendants deny every such allegation.  Except as expressly admitted herein,

12  Defendants deny each and every remaining allegation in paragraph 63.

13         64.    Answering paragraph 64 of the SAC, Defendants admit that Amgen licensed

14  alfimeprase to Nuvelo in November 2004.  Except as expressly admitted herein, Defendants deny

15  each and every remaining allegation in paragraph 64.

16         65.    Answering paragraph 65 of the SAC, Defendants admit that in November 2004

17  Amgen licensed alfimeprase to Nuvelo and Nuvelo made a payment of $8.5 million to Amgen.

18  Except as expressly admitted herein, Defendants deny each and every remaining allegation in

19  paragraph 65.

20         66.    Answering paragraph 66 of the SAC, Defendants admit that Nuvelo issued press

21  releases on December 6, 2004, January 24, 2005 and February 7, 2005.  Defendants further admit

22  that the quoted language appears in the December 6, 2004 press release.  To the extent that the

23  allegations of paragraph 66 purport to summarize or characterize the statements made in the press

24  releases, Defendants refer the Court to those documents.  To the extent that the allegations in

25  paragraph 66 differ in any way from the contents of those documents, Defendants deny every

26  such allegation.  Except as expressly admitted herein, Defendants deny each and every remaining

27

28  [7] Defendants admit that Nuvelo's Proxy Statement reports that between March 2000 to January 2001 Rathmann served as CEO and drew no salary.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                11.                    DEFS.' ANSWER TO CORRECTED SECOND
                                                                  CONSOLIDATED AMENDED COMPLAINT
                                                                  CASE NO.  07-CV-04056-VRW

1   allegation in paragraph 66.

2   67.   Answering paragraph 67 of the SAC, Defendants admit that Nuvelo had

3   approximately $38 million in cash at the end of fiscal year 2005.  Defendants admit that Nuvelo

4   issued a press release on December 14, 2005.  Defendants further admit that the quoted language

5   appears in the press release.  To the extent that the allegations of paragraph 67 purport to

6   summarize or characterize the statements made in the press release, Defendants refer the Court to

7   that document.  To the extent that the allegations in paragraph 67 differ in any way from the

8   contents of that document, Defendants deny every such allegation.  Except as expressly admitted

9   herein, Defendants deny each and every remaining allegation in paragraph 67.

10   68.   Answering paragraph 68 of the SAC, Defendants admit that Nuvelo issued press

11   releases on February 15, 2005, April 18, 2005, May 26, 2005 and December 14, 2005.  To the

12   extent that the allegations of paragraph 68 purport to summarize or characterize the statements

13   made in the press releases, Defendants refer the Court to those documents.  To the extent that the

14   allegations in paragraph 68 differ in any way from the contents of those documents, Defendants

15   deny every such allegation.  Except as expressly admitted herein, Defendants deny each and

16   every remaining allegation in paragraph 68.

17   69.   Answering paragraph 69 of the SAC, Defendants admit that Nuvelo held a conference

18   call on December 11, 2006.  Defendants further admit that the quoted language appears in a

19   purported transcript of that conference call.  Except as expressly admitted herein, Defendants

20   deny each and every remaining allegation in paragraph 69.

21   70.   Answering paragraph 70 of the SAC, paragraph 70 alleges legal rather than factual

22   matters, which Defendants are not required to admit or deny.  To the extent that the allegations of

23   paragraph 70 purport to summarize the federal Food, Drug and Cosmetic Act, Defendants refer

24   the Court to 21 U.S.C. §§ 301-97 and 355(a) & (d).  To the extent paragraph 70 contains factual

25   matters, Defendants deny each and every allegation in paragraph 70.

26   71.   Answering paragraph 71 of the SAC, Defendants admit that Nuvelo was seeking FDA

27   approval for alfimeprase to treat PAO and CO.  Defendants further admit that SONOMA-2 tested

28   the rate at which alfimeprase cleared occluded catheters 15 minutes after the administration of the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA

12.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

1  drug.  Except as expressly admitted herein, Defendants deny each and every remaining allegation

2  in paragraph 71.

3      72.    Answering the first, third, seventh and eighth sentences of paragraph 72 of the SAC,

4  Defendants admit the allegations therein.  Except as expressly admitted herein, Defendants deny

5  each and every remaining allegation in paragraph 72.[8]

6      73.    Answering paragraph 73 of the SAC, Defendants deny each and every allegation in

7  paragraph 73.[9]

8      74.    Answering paragraph 74 of the SAC, Defendants admit the allegations in paragraph

9  74.

10     75.    Answering paragraph 75 of the SAC, Defendants admit that treatments for PAO

11 include angioplasty, bypass surgery and off-label use of thrombolytics.  Defendants further admit

12 that the off-label use of thrombolytics may require infusion for 24-36 hours and typically require

13 admission to the intensive care unit.[10]  Except as expressly admitted herein, Defendants deny each

14 and every remaining allegation in paragraph 75.

15     76.    Answering paragraph 76 of the SAC, Defendants deny each and every allegation in

16 paragraph 73.

17     77.    Answering paragraph 77 of the SAC, Defendants admit the allegations in paragraph

18 77.

19     78.    Answering paragraph 78 of the SAC, Defendants admit the allegations contained in

20 sentences two and six of the paragraph.  Except as expressly admitted herein, Defendants deny

21

22 [8] Defendants admit that Nuvelo held a conference call on December 11, 2006.  Defendants further
   admit that the quoted language appears in a purported transcript of that conference call.  Except as
23 expressly admitted herein, Defendants deny each and every remaining allegation in the footnote
   to paragraph 72.
24 [9] To the extent the allegations in the footnote to paragraph 73 purport to summarize the FDA's
   protocol requirements for clinical trials, Defendants refer the Court to 21 C.F.R. § 312.23(a)(6).
25 To the extent that the allegations in the footnote to paragraph 73 differ in any way from the
   statute, Defendants deny every such allegation.
26 [10] To the extent the allegations in the footnote to paragraph 75 purport to summarize the Food and
27 Drug Administration Modernization Act of 1997, Defendants refer the Court to 21 U.S.C. §§
   360aaa(b) & (c).  To the extent that the allegations in the footnote to paragraph 75 differ in any
28 way from the statutes, Defendants deny every such allegation.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                              13.                    DEFS.' ANSWER TO CORRECTED SECOND
                                                                CONSOLIDATED AMENDED COMPLAINT
                                                                CASE NO.  07-CV-04056-VRW

each and every remaining allegation in paragraph 78.

79.     Answering paragraph 79 of the SAC, Defendants deny each and every allegation in paragraph 79.

80.     Answering paragraph 80 of the SAC, Defendants deny each and every allegation in paragraph 80.

81.     Answering paragraph 81 of the SAC, Defendants deny each and every allegation in paragraph 81.

82.     Answering paragraph 82 of the SAC, Defendants deny each and every allegation in paragraph 82.

83.     Answering paragraph 83 of the SAC, Defendants deny each and every allegation in paragraph 83.

84.     Answering paragraph 84 of the SAC, Defendants deny each and every allegation in paragraph 84.

85.     Answering paragraph 85 of the SAC, Defendants admit that Nuvelo issued a press release and held a conference call on December 11, 2006.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 85.

86.     Answering paragraph 86 of the SAC, Defendants admit that Nuvelo issued a press release on January 24, 2008.  Defendants further admit that the language in the block quote appears in the press release.  To the extent that the allegations of paragraph 86 purport to summarize or characterize the statements made in the press release, Defendants refer the Court to that document.  To the extent that the allegations in paragraph 86 differ in any way from the contents of that document, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 86.

87.     Answering the first sentence of paragraph 87 of the SAC, Defendants admit the allegations therein.  Answering the second sentence of paragraph 87 of the SAC, Defendants deny the allegations therein.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny them.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 87.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA

14.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

88. Answering paragraph 88 of the SAC, Defendants admit the allegations in paragraph 88.

89. Answering paragraph 89 of the SAC, Defendants admit that Nuvelo issued a press release on June 8, 2004. To the extent that the allegations of paragraph 89 purport to summarize or characterize the statements made in the press release, Defendants refer the Court to that document. To the extent that the allegations in paragraph 89 differ in any way from the contents of that document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 89.

90. Answering paragraph 90 of the SAC, Defendants admit that Nuvelo issued a press release on July 12, 2004. Defendants further admit that the quoted language appears in the press release. To the extent that the allegations of paragraph 90 purport to summarize or characterize the statements made in the press release, Defendants refer the Court to that document. To the extent that the allegations in paragraph 90 differ in any way from the contents of that document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 90.

91. Answering paragraph 91 of the SAC, Defendants admit that Steven Deitcher was a presenter at the Annual Meeting and Exposition of the American Society of Hematology in early December 2004, and that Nuvelo issued a press release on December 6, 2004. Defendants further admit that the quoted language appears in the press release. To the extent that the allegations of paragraph 91 purport to summarize or characterize the statements made in the press release, Defendants refer the Court to that document. To the extent that the allegations in paragraph 91 differ in any way from the contents of that document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 91.

92. Answering paragraph 92 of the SAC, Defendants admit that Nuvelo made an announcement regarding the Phase 3 clinical trials for CO in May 2005. Defendants further admit that Nuvelo conducted two overlapping trials, SONOMA-2 and SONOMA-3. Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 92.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA

15.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 07-CV-04056-VRW

93.     Answering paragraph 93 of the SAC, Defendants admit the allegations in paragraph 93.

94.     Answering paragraph 94 of the SAC, Defendants admit the allegations in paragraph 94.

95.     Answering paragraph 95 of the SAC, Defendants admit that Nuvelo held a conference call on December 11, 2006.  Defendants also admit that Nuvelo issued a press release on June 26, 2007 and that the language in the block quote appears in the press release.[11]  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 95.

96.     Answering paragraph 96 of the SAC, Defendants deny each and every allegation in paragraph 96.

97.     Answering paragraph 97 of the SAC, Defendants admit that Nuvelo issued a press release on December 11, 2006.  Defendants further admit that the quoted language and the language in the block quote appear in the press release.  To the extent that the allegations of paragraph 97 purport to summarize or characterize the statements in the press release, Defendants refer the Court to the press release.  To the extent that the allegations in paragraph 97 differ in any way from the contents of that document, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 97.

98.     Answering paragraph 98 of the SAC, Defendants admit that Nuvelo held a conference call on December 11, 2006.[12]  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 98.

99.     Answering paragraph 99 of the SAC, Defendants admit that Nuvelo held a conference call on December 11, 2006.  Defendants further admit that the language in the block quote appears in a purported transcript of that conference call.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 99.

100.     Answering paragraph 100 of the SAC, Defendants admit that Nuvelo held a

---

[11] The footnote to paragraph 95 does not contain factual allegations, therefore Defendants are not required to admit or deny the allegations.  To the extent the footnote to paragraph 95 contains factual matters, Defendants deny the allegations in the footnote to paragraph 95.
[12] Defendants deny each and every allegation in the footnote to paragraph 98.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                    16.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

conference call on December 11, 2006.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 100.

101.   Answering paragraph 101 of the SAC, Defendants admit that Nuvelo held a conference call on June 26, 2007.  Defendants further admit that the language in the block quote appears in a purported transcript of that conference call.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 101.

102.   Answering paragraph 102 of the SAC, Defendants admit that Nuvelo held a conference call on June 26, 2007.[13]  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 102.

103.   Answering paragraph 103 of the SAC, Defendants admit that Nuvelo held a conference call on August 1, 2007.  Defendants further admit that the language in the block quote appears in a purported transcript of that conference call.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 103.

104.   Answering paragraph 104 of the SAC, Defendants admit that Nuvelo issued a press release on August 22, 2007.  To the extent that the allegations of paragraph 104 purport to summarize or characterize the statements made in the press release, Defendants refer the Court to that document.  To the extent that the allegations in paragraph 104 differ in any way from the contents of that document, Defendants deny every such allegation.  Defendants further admit that an analyst report by Jonathan Aschoff of Brean Murray Carret & Co. was published on August 22, 2007.  Defendants further admit that the quoted language appears in the analyst report.  To the extent that the allegations of paragraph 104 purport to summarize or characterize the statements made in the analyst report, Defendants refer the Court to that document.  To the extent that the allegations in paragraph 104 differ in any way from the contents of that document, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 104.

105.   Answering paragraph 105 of the SAC, Defendants deny each and every allegation in

---

[13] Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the footnote to paragraph 102 and, on that basis, deny them.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA

17.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

1    paragraph 105.

2         106.    Answering paragraph 106 of the SAC, Defendants admit that Nuvelo held an earnings

3    conference call on May 2, 2005.  Defendants further admit that the quoted language appears in a

4    purported transcript of that conference call.  Except as expressly admitted herein, Defendants

5    deny each and every remaining allegation in paragraph 106.

6         107.    Answering paragraph 107 of the SAC, Defendants admit that Nuvelo filed periodic

7    reports with the SEC.  Defendants further admit that the quoted language appears in certain of

8    Nuvelo's periodic reports filed with the SEC.  To the extent that the allegations of paragraph 107

9    purport to summarize or characterize the statements made in the periodic reports, Defendants

10   refer the Court to those documents.  To the extent that the allegations in paragraph 107 differ in

11   any way from the contents of those documents, Defendants deny every such allegation.  Except as

12   expressly admitted herein, Defendants deny each and every remaining allegation in paragraph

13   107.

14        108.    Answering paragraph 108 of the SAC, Defendants admit that Nuvelo made a

15   presentation in September 2005.  Defendants further admit that the quoted language in the third

16   sentence of paragraph 108 appears in the presentation.  To the extent that the allegations of

17   paragraph 108 purport to summarize or characterize the statements made in the presentation,

18   Defendants refer the Court to that document.  To the extent that the allegations in paragraph 108

19   differ in any way from the contents of that document, Defendants deny every such allegation.

20   Except as expressly admitted herein, Defendants deny each and every remaining allegation in

21   paragraph 108.

22        109.    Answering paragraph 109 of the SAC, Defendants admit that Nuvelo issued a press

23   release and held a conference call on January 5, 2006.  Defendants further admit that the language

24   in the block quote appears in a purported transcript of that conference call.  Defendants further

25   admit that Nuvelo entered into an agreement with Bayer that provided for (among other things) a

26   $50 million upfront payment and included up to $385 million in additional fees and payments.[14]

27   _____

28   [14] Defendants admit the allegations in the footnote to paragraph 109.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                      18.                    DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

1  Except as expressly admitted herein, Defendants deny each and every remaining allegation in

2  paragraph 109.

3      110.   Answering paragraph 110 of the SAC, Defendants admit that analyst reports by

4  Jennifer Chao of Deutsche Bank Securities Inc., Jason Zheng of Prudential Equity Group, LLC,

5  and Oppenheimer & Co., Inc. were published on January 5, 2006.  Defendants further admit that

6  the quoted language appears in the respective analyst reports.  To the extent that the allegations of

7  paragraph 110 purport to summarize or characterize the statements made in the analyst reports,

8  Defendants refer the Court to those documents.  To the extent that the allegations in paragraph

9  110 differ in any way from the contents of those documents, Defendants deny every such

10  allegation.  Except as expressly admitted herein, Defendants deny each and every remaining

11  allegation in paragraph 110.

12      111.   Answering paragraph 111 of the SAC, Defendants admit that CIBC World Markets

13  published an analyst report on January 5, 2006.  Defendants further admit that the quoted

14  language appears in the analyst report.  To the extent that the allegations of paragraph 111 purport

15  to summarize or characterize the statements made in the analyst report, Defendants refer the

16  Court to that document.  To the extent that the allegations in paragraph 111 differ in any way

17  from the contents of that document, Defendants deny every such allegation.  Except as expressly

18  admitted herein, Defendants deny each and every remaining allegation in paragraph 111.

19      112.   Answering paragraph 112 of the SAC, Defendants admit that Nuvelo issued a press

20  release on January 23, 2006.  Defendants further admit that the quoted language appears in the

21  press release.  To the extent that the allegations of paragraph 112 purport to summarize or

22  characterize the statements made in the press release, Defendants refer the Court to that

23  document.  To the extent that the allegations in paragraph 112 differ in any way from the contents

24  of that document, Defendants deny every such allegation.

25      Defendants also admit that CIBC World Markets published an analyst report on January

26  23, 2006.  Defendants further admit that the quoted language appears in the press release.  To the

27  extent that the allegations of paragraph 112 purport to summarize or characterize the statements

28  made in the press release, Defendants refer the Court to that document.  To the extent that the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA

19.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 07-CV-04056-VRW

1   allegations in paragraph 112 differ in any way from the contents of that document, Defendants

2   deny every such allegation.   Except as expressly admitted herein, Defendants deny each and

3   every remaining allegation in paragraph 112.

4        113.    Answering paragraph 113 of the SAC, Defendants admit that Nuvelo issued a press

5   release on January 24, 2006.   To the extent that the allegations of paragraph 113 purport to

6   summarize or characterize the statements made in the press release, Defendants refer the Court to

7   that document.   To the extent that the allegations in paragraph 113 differ in any way from the

8   content of that document, Defendants deny every such allegation.   Defendants further admit that

9   in early 2006 Nuvelo issued and sold approximately 7.5 million shares of common stock and

10  received approximately $119 million in proceeds.   Defendants further admit that the offering was

11  underwritten by J.P. Morgan Securities, Inc., Deutsche Bank Securities and Lehman Brothers Inc.

12  and that the public offering price was $16.00 per share.   Except as expressly admitted herein,

13  Defendants deny each and every remaining allegation in paragraph 113.

14       114.    Answering paragraph 114 of the SAC, Defendants admit that Nuvelo issued a press

15  release on February 27, 2006.   Defendants further admit that Caroline Stewart of Morgan Joseph

16  & Company Inc. and Jennifer Chao of Deutsche Bank published analyst reports on February 27,

17  2006.   To the extent that the allegations of paragraph 114 purport to summarize or characterize

18  the statements made in the press release or in the analyst reports, Defendants refer the Court to

19  those documents.   To the extent that the allegations in paragraph 114 differ in any way from the

20  contents of those documents, Defendants deny every such allegation.   Except as expressly

21  admitted herein, Defendants deny each and every remaining allegation in paragraph 114.

22       115.    Answering paragraph 115 of the SAC, Defendants admit that CIBC World Markets

23  published an analyst report on January 5, 2006 and February 28, 2006.   To the extent that the

24  allegations of paragraph 115 purport to summarize or characterize the statements made in the

25  analyst report, Defendants refer the Court to that document.   To the extent that the allegations in

26  paragraph 115 differ in any way from the contents of that document, Defendants deny every such

27  allegation.   Except as expressly admitted herein, Defendants deny each and every remaining

28  allegation in paragraph 115.

Cooley Godward
Kronish LLP
Attorneys At Law
Palo Alto

800572 v6/PA                                    20.              **Defs.' Answer to Corrected Second
                                                                 Consolidated Amended Complaint
                                                                 Case No.  07-CV-04056-VRW**

116. Answering paragraph 116 of the SAC, Defendants admit that Nuvelo issued press releases on April 10, 2006 and May 5, 2006. Defendants admit that analyst reports were published by Oppenheimer on May 5, 2006 and Needham & Company on June 19, 2006. Defendants further admit that the quoted language appears in the analyst reports. To the extent that the allegations of paragraph 116 purport to summarize or characterize the statements made in the analyst reports, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 116 differ in any way from the contents of those documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 116.

117. Answering paragraph 117 of the SAC, Defendants admit that Nuvelo issued a press release on July 6, 2006, and that Deutsche Bank published an analyst report on July 6, 2006. Defendants further admit that the quoted language appears in the analyst report. To the extent that the allegations of paragraph 117 purport to summarize or characterize the statements made in the press release or the analyst reports, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 117 differ in any way from the contents of those documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 117.

118. Answering paragraph 118 of the SAC, Defendants admit that Nuvelo held a conference call on August 3, 2006, and that Brean Murray and CIBC World Markets published analyst reports on August 4, 2006. To the extent that the allegations of paragraph 118 purport to summarize or characterize the statements made in the analyst reports, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 118 differ in any way from the content of those documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 118.

119. Answering paragraph 119 of the SAC, Defendants admit that analyst reports were published by Miller Johnson Steichen Kinnard Investment on August 23, 2006 and Wachovia Capital Markets on September 12, 2006. Defendants further admit that the quoted language appears in the respective analyst reports. To the extent that the allegations of paragraph 119

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA

21.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 07-CV-04056-VRW

purport to summarize or characterize the statements made in the analyst reports, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 119 differ in any way from the contents of those documents, Defendants deny every such allegation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny them. Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 119.

120.   Answering paragraph 120 of the SAC, Defendants admit that Nuvelo issued a press release on November 2, 2006. Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 120.

121.   Answering paragraph 121 of the SAC, Defendants admit that Nuvelo issued a press release on December 11, 2006. To the extent that the allegations of paragraph 121 purport to summarize or characterize the statements made in the press release, Defendants refer the Court to that document. To the extent that the allegations in paragraph 121 differ in any way from the contents of that document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 121.

122.   Answering paragraph 122 of the SAC, Defendants admit that according to NASDAQ's website on December 11, 2006 Nuvelo's stock traded at a low of $3.35 and closed at $4.05. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny them. Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 122.

123.   Answering paragraph 123 of the SAC, Defendants admit that analyst reports by Maged Shenouda of UBS Investment Research, Cory Kasimov of Oppenheimer, George Farmer of Wachovia, and JP Morgan were published on December 11, 2006. To the extent that the allegations of paragraph 123 purport to summarize or characterize the statements made in the analyst reports, Defendants refer the Court to those documents. To the extent that the allegations in paragraph 123 differ in any way from the contents of those documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 123.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                    22.                    DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

124.   Answering paragraph 124 of the SAC, Defendants admit that an analyst report by Jason Zhang of Prudential was published on December 11, 2006.  Defendants further admit that the language in the block quote appears in the analyst report.  To the extent that the allegations in paragraph 124 differ in any way from the contents of that document, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 124.

125.   Answering paragraph 125 of the SAC, Defendants admit that an analyst report by Cory Kasimov and Sa'ar Yaniv of Oppenheimer entitled "Nuvelo, Inc. Downgrading to Neutral on Alf Failure" was published on December 11, 2006.  Defendants further admit that the language in the block quote appears in the analyst report.  To the extent that the allegations in paragraph 125 differ in any way from the contents of that document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 125.

126.   Answering paragraph 126 of the SAC, Defendants admit that Nuvelo issued a press release and held a conference call on June 26, 2007.  Defendants further admit that according to NASDAQ's website on June 26, 2007 Nuvelo's stock closed at $3.34.  Defendants also admit that analyst reports by Jonathan Aschoff of Brean Murray and William Ho of Banc of America Securities LLC were published on June 27, 2007.  To the extent that the allegations of paragraph 126 purport to summarize or characterize the statements made in the analyst reports, Defendants refer the Court to those documents.  To the extent that the allegations in paragraph 126 differ in any way from the contents of those documents, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 126.

127.   Answering paragraph 127 of the SAC, Defendants admit that Nuvelo issued a press release on August 1, 2007.  To the extent that the allegations of paragraph 127 purport to summarize or characterize the statements made in the press release, Defendants refer the Court to that document.  To the extent that the allegations in paragraph 127 differ in any way from the contents of that document, Defendants deny every such allegation.  Except as expressly admitted

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                    23.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

1    herein, Defendants deny each and every remaining allegation in paragraph 127.

2         128.    Answering paragraph 128 of the SAC, Defendants admit that Nuvelo issued a press

3    release on May 26, 2005.   To the extent that the allegations of paragraph 128 purport to

4    summarize or characterize the statements made in the press release, Defendants refer the Court to

5    that document.   To the extent that the allegations in paragraph 128 differ in any way from the

6    contents of that document, Defendants deny every such allegation.[15]   Except as expressly

7    admitted herein, Defendants deny each and every remaining allegation in paragraph 128.

8         129.    Answering paragraph 129 of the SAC, Defendants deny each and every allegation in

9    paragraph 129.

10        130.    Answering paragraph 130 of the SAC, Defendants deny each and every allegation in

11   paragraph 130.

12        131.    Answering paragraph 131 of the SAC, Defendants admit that Nuvelo held a

13   conference call on November 1, 2005.   Except as expressly admitted herein, Defendants deny

14   each and every remaining allegation in paragraph 131.

15        132.    Answering paragraph 132 of the SAC, Defendants admit that Nuvelo held a

16   conference call on November 1, 2005.   Except as expressly admitted herein, Defendants deny

17   each and every remaining allegation in paragraph 132.

18        133.    Answering paragraph 133 of the SAC, Defendants admit that Nuvelo held a

19   conference call on November 1, 2005.   Except as expressly admitted herein, Defendants deny

20   each and every remaining allegation in paragraph 133.

21        134.    Answering paragraph 134 of the SAC, Defendants admit that Nuvelo held a

22   conference call on November 1, 2005.   Except as expressly admitted herein, Defendants deny

23   each and every remaining allegation in paragraph 134.

24        135.    Answering paragraph 135 of the SAC, Defendants deny each and every allegation in

25   paragraph 135.[16]

26   _____

27   [15] Defendants admit that Genentech's clinical trials of Cathflo Activase are described in the
     article cited in footnote 2 of the SAC.   Except as expressly admitted herein, Defendants deny each
     and every remaining allegation in the footnote to paragraph 128.

28   [16] The footnote to paragraph 135 does not contain factual allegations, therefore Defendants are

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                24.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

136.    Answering paragraph 136 of the SAC, Defendants admit that Nuvelo issued a press release on January 5, 2006 entitled "Nuvelo and Bayer HealthCare Enter Comprehensive Collaboration Agreement to Maximize Global Development and Commercialization of Alfimeprase." Defendants further admit that the language in the block quote appears in the press release.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 136.

137.    Answering paragraph 137 of the SAC, Defendants admit that Nuvelo held a conference call on January 5, 2006.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 137.

138.    Answering paragraph 138 of the SAC, Defendants admit that Nuvelo held a conference call on January 5, 2006.  Defendants further admit that the quoted language and the language in the block quote appear in a purported transcript of that conference call.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 138.

139.    Answering paragraph 139 of the SAC, Defendants deny each and every allegation in paragraph 139.

140.    Answering paragraph 140 of the SAC, Defendants deny each and every allegation in paragraph 140.

141.    Answering paragraph 141 of the SAC, Defendants admit that the statistical standard for Nuvelo's SONOMA-2 trial was a p-value of 0.00125.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 141.

142.    Answering paragraph 142 of the SAC, Defendants deny each and every allegation in paragraph 142.

143.    Answering paragraph 143 of the SAC, Defendants deny each and every allegation in paragraph 143.

144.    Answering paragraph 144 of the SAC, Defendants admit that Nuvelo issued a

not required to admit or deny the allegations.  To the extent the footnote to paragraph 135 contains factual matters, Defendants deny the allegations in the footnote to paragraph 135.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA

25.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 07-CV-04056-VRW

Prospectus Supplement on January 31, 2006.  To the extent that the allegations of paragraph 144 purport to summarize or characterize the statements made in the Prospectus Supplement, Defendants refer the Court to that document.  To the extent that the allegations in paragraph 144 differ in any way from the contents of that document, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 144.

145.    Answering paragraph 145 of the SAC, Defendants deny each and every allegation in paragraph 145.

146.    Answering paragraph 146 of the SAC, Defendants admit that Nuvelo issued a press release on February 27, 2006 entitled "Nuvelo and Bayer HealthCare Begin SONOMA-3, Second Phase 3 Trial of Alfimeprase in Patients With Central Venous Catheter Occlusion."  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 146.

147.    Answering paragraph 147 of the SAC, Defendants deny each and every allegation in paragraph 147.

148.    Answering paragraph 148 of the SAC, Defendants deny each and every allegation in paragraph 148.

149.    Answering paragraph 149 of the SAC, Defendants admit that Nuvelo's 2005 Annual Report on Form 10-K was filed with the SEC on March 15, 2006.  Defendants further admit that Nuvelo's Form 10-K reports that Titus and Love signed the form.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 149.

150.    Answering paragraph 150 of the SAC, Defendants deny each and every allegation in paragraph 150.

151.    Answering paragraph 151 of the SAC, Defendants admit that Nuvelo issued a press release on April 10, 2006.  Defendants further admit that the quoted language and the language in the block quote appears in the press release.  To the extent that the allegations of paragraph 151 purport to summarize or characterize the statements made in the press release, Defendants refer the Court to that document.  To the extent that the allegations in paragraph 151 differ in any way

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                    26.                    DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

from the contents of that document, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 151.

152.    Answering paragraph 152 of the SAC, Defendants deny each and every allegation in paragraph 152.

153.    Answering paragraph 153 of the SAC, Defendants admit that Nuvelo issued a letter "To Our Shareholders" in the 2005 Annual Report on April 24, 2006.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 153.

154.    Answering paragraph 154 of the SAC, Defendants admit that Nuvelo issued a letter "To Our Shareholders" in the 2005 Annual Report on April 24, 2006.  Defendants further admit that the quoted language appears in the letter.  To the extent that the allegations of paragraph 154 purport to summarize or characterize the statements made in the letter, Defendants refer the Court to that document.  To the extent that the allegations in paragraph 154 differ in any way from the contents of that document, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 154.

155.    Answering paragraph 155 of the SAC, Defendants deny each and every allegation in paragraph 155.

156.    Answering paragraph 156 of the SAC, Defendants admit that Nuvelo held a conference call on May 5, 2006.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 156.

157.    Answering paragraph 157 of the SAC, Defendants admit that Nuvelo held a conference call on May 5, 2006.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 157.

158.    Answering paragraph 158 of the SAC, Defendants deny each and every allegation in paragraph 158.

159.    Answering paragraph 159 of the SAC, Defendants deny each and every allegation in paragraph 159.

160.    Answering paragraph 160 of the SAC, Defendants deny each and every allegation in paragraph 160.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA

27.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

161.    Answering paragraph 161 of the SAC, Defendants deny each and every allegation in paragraph 161.

162.    Answering paragraph 162 of the SAC, Defendants admit that Nuvelo held a conference call on August 3, 2006.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 162.

163.    Answering paragraph 163 of the SAC, Defendants deny each and every allegation in paragraph 163.

164.    Answering paragraph 164 of the SAC, paragraph 164 alleges legal rather than factual matters, which Defendants are not required to admit or deny.  To the extent paragraph 164 contains factual matters, Defendants deny each and every allegation in paragraph 164.

165.    Answering paragraph 165 of the SAC, paragraph 165 alleges legal rather than factual matters, which Defendants are not required to admit or deny.  To the extent paragraph 165 contains factual matters, Defendants deny each and every allegation in paragraph 165.

166.    Answering paragraph 166 of the SAC, Defendants admit that Nuvelo filed its Form 10-K on March 15, 2006.  To the extent that the allegations of paragraph 166 purport to summarize or characterize the statements made in the Form 10-K, Defendants refer the Court to that document.  To the extent that the allegations in paragraph 166 differ in any way from the contents of that document, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 166.

167.    Answering paragraph 167 of the SAC, Defendants admit that the quoted language and the language in the block quote appear in the Form 10-K filed on March 15, 2006.  Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 167.

168.    Answering paragraph 168 of the SAC, Defendants deny each and every allegation in paragraph 168.

169.    Answering question 169 of the SAC, Defendants admit that Nuvelo filed its Form 10-Q on May 9, 2006 for the period ending March 31, 2006.  Defendants further admit that Nuvelo's Form 10-Q reports that Titus signed the form and that Titus and Love signed the Sarbanes-Oxley

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                         28.                    DEFS.' ANSWER TO CORRECTED SECOND
                                                                            CONSOLIDATED AMENDED COMPLAINT
                                                                            CASE NO.  07-CV-04056-VRW

1  certification for the form.  To the extent paragraph 169 alleges legal rather than factual matters,

2  Defendants are not required to admit or deny those allegations.  Except as expressly admitted

3  herein, Defendants deny each and every remaining allegation in paragraph 169.

4      170.    Answering paragraph 170 of the SAC, Defendants deny each and every allegation in

5  paragraph 170.

6      171.    Answering paragraph 171 of the SAC, Defendants deny each and every allegation in

7  paragraph 171.

8      172.    Answering paragraph 172 of the SAC, Defendants admit that Nuvelo filed its Form

9  10-Q on August 8, 2006 for the period ending June 30, 2006.  Defendants further admit that

10  Nuvelo's Form 10-Q reports that Love signed the Sarbanes-Oxley certification for the form.  To

11  the extent paragraph 172 alleges legal rather than factual matters, Defendants are not required to

12  admit or deny those allegations.  Except as expressly admitted herein, Defendants deny each and

13  every remaining allegation in paragraph 172.

14      173.    Answering paragraph 173 of the SAC, Defendants deny each and every allegation in

15  paragraph 173.

16      174.    Answering paragraph 174 of the SAC, Defendants deny each and every allegation in

17  paragraph 174.

18      175.    Answering paragraph 175 of the SAC, Defendants admit that Nuvelo filed its Form

19  10-Q on November 8, 2006 for the period ending September 30, 2006.  Defendants further admit

20  that Nuvelo's Form 10-Q reports that Love signed the Sarbanes-Oxley certification for the form.

21  To the extent paragraph 175 alleges legal rather than factual matters, Defendants are not required

22  to admit or deny those allegations.  Except as expressly admitted herein, Defendants deny each

23  and every remaining allegation in paragraph 175.

24      176.    Answering paragraph 176 of the SAC, Defendants deny each and every allegation in

25  paragraph 176.

26      177.    Answering paragraph 177 of the SAC, Defendants deny each and every allegation in

27  paragraph 177.

28      178.    Answering paragraph 178 of the SAC, Defendants admit that Nuvelo filed its Proxy

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA

29.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

1  Statement on April 7, 2007.  Defendants further admit that the language in the block quote

2  appears in the Proxy Statement.  To the extent that the allegations of paragraph 178 purport to

3  summarize or characterize the statements made in the Proxy Statement, Defendants refer the

4  Court to that document.  To the extent that the allegations in paragraph 178 differ in any way

5  from the contents of that document, Defendants deny every such allegation.  Except as expressly

6  admitted herein, Defendants deny each and every remaining allegation in paragraph 178.

7      179.  Answering paragraph 179 of the SAC, Defendants admit that Nuvelo filed its Proxy

8  Statement on April 7, 2007.  To the extent that the allegations of paragraph 179 purport to

9  summarize or characterize the statements made in the Proxy Statement, Defendants refer the

10  Court to that document.  To the extent that the allegations in paragraph 179 differ in any way

11  from the contents of that document, Defendants deny every such allegation.  Defendants further

12  admit that the salary, bonus and option amounts listed in the chart—with the exception of the

13  salary amount for Levy in 2004—match the amounts listed in certain Proxy Statements filed by

14  Nuvelo.  Defendants admit that Titus left Nuvelo before the end of 2006.[17]  Except as expressly

15  admitted herein, Defendants deny each and every remaining allegation in paragraph 179.

16      180.  Answering paragraph 180 of the SAC, Defendants admit that Nuvelo had less than

17  $38 million in cash at the end of fiscal year 2005.  Except as expressly admitted herein,

18  Defendants deny each and every remaining allegation in paragraph 180.

19      181.  Answering paragraph 181 of the SAC, Defendants deny each and every allegation in

20  paragraph 181.

21      182.  Answering paragraph 182 of the SAC, Defendants admit that Nuvelo issued a press

22  release on January 23, 2006, entitled "Nuvelo Receives Fast Track Status for Alfimeprase," and

23  issued a press release on January 24, 2006, entitled "Nuvelo Announces Proposed Public Offering

24  of Common Stock."  To the extent that the allegations of paragraph 182 purport to summarize or

25  characterize the statements made in the press releases, Defendants refer the Court to those

26  documents.  To the extent that the allegations in paragraph 182 differ in any way from the

27  

28  [17] Defendants admit the allegations in the footnote to paragraph 179.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                    30.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 07-CV-04056-VRW

1   contents of those documents, Defendants deny every such allegation. Except as expressly

2   admitted herein, Defendants deny each and every remaining allegation in paragraph 182.

3       183.   Answering paragraph 183 of the SAC, Defendants admit that Nuvelo filed a

4   Registration Statement and Prospectus for the follow-on offering, and that Nuvelo filed its Form

5   10-K for fiscal year 2005 on March 15, 2006. Except as expressly admitted herein, Defendants

6   deny each and every remaining allegation in paragraph 183.

7       184.   Answering paragraph 184 of the SAC, Defendants admit that Nuvelo filed a

8   Registration Statement and Prospectus on January 31, 2006. To the extent that the allegations of

9   paragraph 184 purport to summarize or characterize the statements made in the Registration

10  Statement and Prospectus, Defendants refer the Court to that document. To the extent that the

11  allegations in paragraph 184 differ in any way from the contents of that document, Defendants

12  deny every such allegation. Except as expressly admitted herein, Defendants deny each and

13  every remaining allegation in paragraph 184.

14      185.   Answering paragraph 185 of the SAC, Defendants deny each and every allegation in

15  paragraph 185.

16      186.   Answering paragraph 186 of the SAC, paragraph 186 alleges legal rather than factual

17  matters, which Defendants are not required to admit or deny. To the extent paragraph 186

18  contains factual matters, Defendants deny each and every allegation.

19      187.   Answering paragraph 187 of the SAC, Defendants admit that Nuvelo filed periodic

20  reports with the SEC, issued press releases and held conference calls, and that Nuvelo's stock was

21  traded on NASDAQ. To the extent paragraph 187 alleges legal rather than factual matters,

22  Defendants are not required to admit or deny those allegations. To the extent paragraph 187

23  contains factual matters, Defendants lack knowledge or information sufficient to form a belief as

24  to the truth of the remaining allegations and, on that basis, deny them. Except as expressly

25  admitted herein, Defendant deny each and every remaining allegation in paragraph 187.

26      188.   Answering paragraph 188 of the SAC, paragraph 188 alleges legal rather than factual

27  matters, which Defendants are not required to admit or deny. To the extent paragraph 188

28  contains factual matters, Defendants deny each and every allegation in paragraph 188.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                    31.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 07-CV-04056-VRW

189.    Answering paragraph 189 of the SAC, Defendants admit that Nuvelo issued a press release on April 18, 2005.   To the extent that the allegations of paragraph 189 purport to summarize or characterize the statements made in the press release, Defendants refer the Court to that document.   To the extent that the allegations in paragraph 189 differ in any way from the contents of that document, Defendants deny every such allegation.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 189.

190.    Answering paragraph 190 of the SAC, Defendants admit that Nuvelo issued a press release on April 18, 2005.   To the extent that the allegations of paragraph 190 purport to summarize or characterize the statements made in the press release, Defendants refer the Court to that document.   To the extent that the allegations in paragraph 190 differ in any way from the contents of that document, Defendants deny every such allegation.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 190.

191.    Answering paragraph 191 of the SAC, Defendants admit that Nuvelo issued a press release on April 18, 2005.   To the extent that the allegations of paragraph 191 purport to summarize or characterize the statements made in the press release, Defendants refer the Court to that document.   To the extent that the allegations in paragraph 191 differ in any way from the contents of that document, Defendants deny every such allegation.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 191.

192.    Answering paragraph 192 of the SAC, Defendants admit that Nuvelo issued a press release on May 26, 2005.   To the extent that the allegations of paragraph 192 purport to summarize or characterize the statements made in the press release, Defendants refer the Court to that document.   To the extent that the allegations in paragraph 192 differ in any way from the contents of that document, Defendants deny every such allegation.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 192.

193.    Answering paragraph 193 of the SAC, Defendants admit that Nuvelo held a conference call on November 1, 2005.   Except as expressly admitted herein, Defendants deny each and every remaining allegation in paragraph 193.

194.    Answering paragraph 194 of the SAC, Defendants deny each and every allegation in

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA

32.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 07-CV-04056-VRW

1    paragraph 194.

2         195.    Answering paragraph 195 of the SAC, Defendants admit that according to

3    NASDAQ's website on January 4, 2006 Nuvelo's stock price closed at $9.01, that on January 5,

4    2006 Nuvelo's stock price closed at $12.67 and that on January 10, 2006 Nuvelo's stock price

5    closed at $15.62.    To the extent paragraph 195 alleges legal rather than factual matters,

6    Defendants are not required to admit or deny those allegations.   Except as expressly admitted

7    herein, Defendants deny each and every remaining allegation in paragraph 195.

8         196.    Answering paragraph 196 of the SAC, Defendants deny each and every allegation in

9    paragraph 196.

10        197.    Answering paragraph 197 of the SAC, Defendants deny each and every allegation in

11   paragraph 197.

12        198.    Answering paragraph 198 of the SAC, no response is required to the allegations

13   contained in this paragraph on the grounds that the Court dismissed plaintiffs' claims related to

14   the "secret product profile" on August 17, 2009.  To the extent plaintiffs assert that this paragraph

15   addresses matters that were not dismissed on August 17, 2009, Defendants deny each and every

16   allegation in paragraph 198.

17        199.    Answering paragraph 199 of the SAC, paragraph 199 alleges legal rather than factual

18   matters, which Defendants are not required to admit or deny.   To the extent paragraph 199

19   contains factual matters, Defendants deny each and every allegation in paragraph 199.

20        200.    Answering paragraph 200 of the SAC, paragraph 200 alleges legal rather than factual

21   matters, which Defendants are not required to admit or deny.   To the extent paragraph 200

22   contains factual matters, Defendants deny each and every allegation in paragraph 200.

23        201.    Answering paragraph 201 of the SAC, paragraph 201 alleges legal rather than factual

24   matters, which Defendants are not required to admit or deny.   To the extent paragraph 201

25   contains factual matters, Defendants deny each and every allegation in paragraph 201.

26        202.    Answering paragraph 202 of the SAC, paragraph 202 alleges legal rather than factual

27   matters, which Defendants are not required to admit or deny.   To the extent paragraph 202

28   contains factual matters, Defendants deny each and every allegation in paragraph 202.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                              33.                      DEFS.' ANSWER TO CORRECTED SECOND
                                                                  CONSOLIDATED AMENDED COMPLAINT
                                                                  CASE NO.  07-CV-04056-VRW

1    203.   Answering paragraph 203 of the SAC, paragraph 203 alleges legal rather than factual

2    matters, which Defendants are not required to admit or deny.   To the extent paragraph 203

3    contains factual matters, Defendants deny each and every allegation in paragraph 203.

4    204.   Answering paragraph 204 of the SAC, paragraph 204 alleges legal rather than factual

5    matters, which Defendants are not required to admit or deny.   To the extent paragraph 204

6    contains factual matters, Defendants deny each and every allegation in paragraph 204.

7    205.   Answering paragraph 205 of the SAC, paragraph 205 alleges legal rather than factual

8    matters, which Defendants are not required to admit or deny.   To the extent paragraph 205

9    contains factual matters, Defendants lack knowledge or information sufficient to form a belief as

10   to the truth of the allegations and, on that basis, deny them.

11   206.   Answering paragraph 206 of the SAC, Defendants lack knowledge or information

12   sufficient to form a belief as to the truth of the allegations and, on that basis, deny them.

13   207.   Answering paragraph 207 of the SAC, paragraph 207 alleges legal rather than factual

14   matters, which Defendants are not required to admit or deny.   To the extent paragraph 207

15   contains factual matters, Defendants deny each and every allegation in paragraph 207.

16   208.   Answering paragraph 208 of the SAC, paragraph 208 alleges legal rather than factual

17   matters, which Defendants are not required to admit or deny.   To the extent paragraph 208

18   contains factual matters, Defendants deny each and every allegation in paragraph 208.

19   209.   Answering paragraph 209 of the SAC, paragraph 209 alleges legal rather than factual

20   matters, which Defendants are not required to admit or deny.   To the extent paragraph 209

21   contains factual matters, Defendants deny each and every allegation in paragraph 209.

22   210.   Answering paragraph 210 of the SAC, paragraph 210 alleges legal rather than factual

23   matters, which Defendants are not required to admit or deny.   To the extent paragraph 210

24   contains factual matters, Defendants deny each and every allegation in paragraph 210.

25   **FIRST CLAIM FOR RELIEF**

26   **Against All Defendants for the Violation of Section 10(b) of the Exchange Act**

27   **and Rule 10b-5**

28   211.   Answering paragraph 211 of the SAC, Defendants incorporate by reference and re-

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                        34.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 07-CV-04056-VRW

1    allege their responses to each and every allegation set forth above, as though fully set forth

2    herein.

3        212.    Answering paragraph 212 of the SAC, Defendants deny each and every allegation in

4    paragraph 212.

5        213.    Answering paragraph 213 of the SAC, Defendants deny each and every allegation in

6    paragraph 213.

7        214.    Answering paragraph 214 of the SAC, Defendants deny each and every allegation in

8    paragraph 214.

9        215.    Answering paragraph 215 of the SAC, Defendants deny each and every allegation in

10   paragraph 215.

11                            **SECOND CLAIM FOR RELIEF**

12        **Against All Defendants for Violation of Section 20(a) of the Exchange Act**

13       216.    Answering paragraph 216 of the SAC, Defendants incorporate by reference and re-

14   allege their responses to each and every allegation set forth above, as though fully set forth

15   herein.

16       217.    Answering paragraph 217 of the SAC, Defendants deny each and every allegation in

17   paragraph 217.

18       218.    Answering the Prayer for Relief, Defendants deny that plaintiffs are entitled to

19   judgment and deny that plaintiffs are entitled to any relief whatsoever.

20

21                            **AFFIRMATIVE DEFENSES**

22        As and for separate affirmative defenses to the causes of action in the SAC, Defendants

23   allege as follows:

24                            **FIRST AFFIRMATIVE DEFENSE**

25                        **(Failure to State a Cause of Action)**

26       1.    The SAC, and each and every cause of action alleged therein, fails to state facts

27   sufficient to constitute a cause of action against Defendants upon which the requested relief may

28   be granted.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                          35.                    DEFS.' ANSWER TO CORRECTED SECOND
                                                              CONSOLIDATED AMENDED COMPLAINT
                                                              CASE NO. 07-CV-04056-VRW

1     **SECOND AFFIRMATIVE DEFENSE**

2     **(Justification)**

3     2.      The SAC, and each and every cause of action alleged therein, is barred because

4     Defendants were justified in doing any and/or all of the acts alleged in the SAC.

5     **THIRD AFFIRMATIVE DEFENSE**

6     **(Unclean Hands)**

7     3.      The SAC, and each and every cause of action alleged therein, is barred by the doctrine

8     of unclean hands.

9     **FOURTH AFFIRMATIVE DEFENSE**

10    **(Good Faith)**

11    4.      The SAC, and each and every cause of action alleged therein, is barred because any

12    representations which may have been made by Defendants were based on information supplied to

13    Defendants by other sources which information Defendants believed to be true.

14    **FIFTH AFFIRMATIVE DEFENSE**

15    **(Standing)**

16    5.      The SAC, and each and every cause of action alleged therein, is barred because

17    plaintiffs lack standing to bring claims asserted in the SAC.

18    **SIXTH AFFIRMATIVE DEFENSE**

19    **(Estoppel)**

20    6.      The SAC, and each and every cause of action alleged therein, is barred by the doctrine

21    of estoppel.

22    **SEVENTH AFFIRMATIVE DEFENSE**

23    **(Waiver)**

24    7.      The SAC, and each and every cause of action alleged therein, is barred by the doctrine

25    of waiver.

26    **EIGHTH AFFIRMATIVE DEFENSE**

27    **(Mitigation)**

28    8.      Plaintiffs have failed, and continue to fail, to act reasonably to mitigate the damages

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                    36.                    DEFS.' ANSWER TO CORRECTED SECOND
                                                       CONSOLIDATED AMENDED COMPLAINT
                                                       CASE NO. 07-CV-04056-VRW

1    alleged in the SAC.

2                        **NINTH AFFIRMATIVE DEFENSE**

3                              **(Proximate Cause)**

4        9.      The SAC, and each and every cause of action alleged therein, is barred because the

5    alleged statements or acts by Defendants were not the proximate cause of any loss suffered by

6    plaintiffs.

7                        **TENTH AFFIRMATIVE DEFENSE**

8                                **(Ratification)**

9        10.     The SAC, and each and every cause of action alleged therein, is barred by the doctrine

10   of ratification.

11                      **ELEVENTH AFFIRMATIVE DEFENSE**

12                                 **(Privilege)**

13       11.     The SAC, and each and every cause of action alleged therein, is barred because

14   Defendants' acts were privileged.

15                       **TWELFTH AFFIRMATIVE DEFENSE**

16                                  **(Truth)**

17       12.     The SAC, and each and every cause of action alleged therein, is barred by virtue of the

18   truth of Defendants' assertions.

19                     **THIRTEENTH AFFIRMATIVE DEFENSE**

20                            **(Good Faith Projections)**

21       13.     The SAC, and each and every cause of action alleged therein, is barred to the extent

22   plaintiffs' allegations are based on alleged projections, forecasts or predictions of future events or

23   results, such projections, forecasts or predictions were not false when made, were made in good

24   faith, and had a reasonable basis when made.

25                     **FOURTEENTH AFFIRMATIVE DEFENSE**

26                             **(Good Faith Basis)**

27       14.     The SAC, and each and every cause of action alleged therein, is barred because

28   Defendants' alleged misstatements were made in good faith and with genuine belief and had a

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                37.

DEFS.' ANSWER TO CORRECTED SECOND
CONSOLIDATED AMENDED COMPLAINT
CASE NO.  07-CV-04056-VRW

1    reasonable factual and historical basis.

2                          **FIFTEENTH AFFIRMATIVE DEFENSE**

3                              **(Assumption of Risk)**

4        15.    The SAC, and each and every cause of action alleged therein, is barred because

5    plaintiffs were expressly advised in statements made to them, including in documents, and

6    otherwise, regarding the material facts concerning their investments.  Plaintiffs therefore assumed

7    the risk of any loss and are estopped from recovering any relief.

8                          **SIXTEENTH AFFIRMATIVE DEFENSE**

9                          **(Publicly Available Information)**

10       16.    The SAC, and each and every cause of action alleged therein, is barred because the

11   alleged misleading statements, if any, were rebutted by publicly available contrary information.

12                         **SEVENTEENTH AFFIRMATIVE DEFENSE**

13                            **(Available Information)**

14       17.    The SAC, and each and every cause of action alleged therein, is barred because the

15   alleged misleading statements, if any, were rebutted by contrary information received by them or

16   that was otherwise available to them.

17                         **EIGHTEENTH AFFIRMATIVE DEFENSE**

18                              **(Loss Causation)**

19       18.    The SAC, and each and every cause of action alleged therein, is barred because all or a

20   portion of the damages that plaintiffs seek were not caused by any statement, omission, or other

21   action by any defendant, and therefore plaintiffs cannot establish loss causation.

22                         **NINETEENTH AFFIRMATIVE DEFENSE**

23                                **(Scienter)**

24       19.    The SAC, and each and every cause of action alleged therein, is barred because

25   Defendants did not have scienter with respect to any allegedly untrue statement of material fact,

26   omission of material fact, misleading statement or other challenged statement, with respect to

27   which the liability of defendants is asserted.

28   //

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                                38.                    **DEFS.' ANSWER TO CORRECTED SECOND
                                                                  CONSOLIDATED AMENDED COMPLAINT
                                                                  CASE NO.  07-CV-04056-VRW**

1

**TWENTIETH AFFIRMATIVE DEFENSE**

2

**(Class Action)**

3    20.    The SAC, and each and every cause of action alleged therein, is barred because the

4    action is not maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

5

6

**PRAYER FOR RELIEF**

7    Wherefore, Defendants pray that this Court enter judgment as follows:

8    1.    That plaintiffs take nothing by their SAC;

9    2.    For costs, attorneys' fees and expert witness fees;

10    3.    For judgment in favor of Defendants; and

11    4.    For such other and further relief as this Court deems just and proper.

12

13

**JURY DEMAND**

14        Defendants demand a trial by jury.

15

16    Dated: October 1, 2009                COOLEY GODWARD KRONISH LLP

17

18

19                                            /s/ Scott D. Devereaux
                                             _____
                                             Scott D. Devereaux
20                                           Attorneys for Defendants
                                             NUVELO, INC., MICHAEL D. LEVY, TED W.
21                                           LOVE and GARY S. TITUS

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                    39.                    DEFS.' ANSWER TO CORRECTED SECOND
                                                       CONSOLIDATED AMENDED COMPLAINT
                                                       CASE NO.  07-CV-04056-VRW

1
2

## CERTIFICATE OF SERVICE
### (FRCP 5)

3        I am a citizen of the United States and a resident of the State of California.   I am

4   employed in Santa Clara County, State of California, in the office of a member of the bar of this

5   Court, at whose direction the service was made.  I am over the age of eighteen years, and not a

6   party to the within action.   My business address is Cooley Godward Kronish LLP, Five Palo

7   Alto Square, 3000 El Camino Real, Palo Alto, California  94306-2155.   On the date set forth

8   below I served the documents described below in the manner described below:

9   **DEFENDANTS' ANSWER TO CORRECTED SECOND CONSOLIDATED AMENDED COMPLAINT**

10

11   ☒        (BY U.S. MAIL) I am personally and readily familiar with the business practice of
              Cooley Godward Kronish LLP for collection and processing of correspondence

12            for mailing with the United States Postal Service, and I caused such envelope(s)
              with postage thereon fully prepaid to be placed in the United States Postal Service

13            at Palo Alto, California.

14   ☐        (BY FACSIMILE) I am personally and readily familiar with the business practice
              of Cooley Godward Kronish LLP for collection and processing of document(s) to

15            be transmitted by facsimile and I caused such document(s) on this date to be
              transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

16   ☐        (BY OVERNIGHT MAIL) I am personally and readily familiar with the business
              practice of Cooley Godward Kronish LLP for collection and processing of

17            correspondence for overnight delivery, and I caused such document(s) described
18            herein to be deposited for delivery to a facility regularly maintained by Federal
              Express for overnight delivery.

19

20   on the following part(ies) in this action:

21        Mario Alba, Esq.                          Nicolette Tropiano
22        Coughlin Stoia Geller Rudman &            Barroway Topaz & Kessler LLP
          Robbins LLP                               280 King of Prussia Road
23        58 South Service Road                     Radnor, PA  19087
          Suite 200
24        Melville, NY  11747

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                          40.              **DEFS.' ANSWER TO CORRECTED SECOND
                                                        CONSOLIDATED AMENDED COMPLAINT
                                                        CASE NO.  07-CV-04056-VRW**

1

2   Nancy A. Kulesa
    Matthew L. Tuccillo
3   Izard Nobel LLP
    29 South Main St., Ste. 215
4   West Hatford, CT 06107

5

6

7   Executed on October 1, 2009, at Palo Alto, California.

8

9
                                     /s/ Jocelyn McIntosh_____
10                                  Jocelyn McIntosh

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

800572 v6/PA                          41.                    DEFS.' ANSWER TO CORRECTED SECOND
                                                             CONSOLIDATED AMENDED COMPLAINT
                                                             CASE NO.  07-CV-04056-VRW