IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re NUVELO, INC. SECURITIES LITIGATION | No. 07-CV-04056-CRB |
| | <u>CLASS ACTION</u> |
| | **PRELIMINARY APPROVAL ORDER** |

WHEREAS, a consolidated action is pending before this Court styled *In re Nuvelo, Inc. Securities Litigation*, No. 07-cv-04056-CRB (the "Litigation");

WHEREAS, the Plaintiffs having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of February 25, 2011 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on June 10, 2011, at 10 a.m., at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in ¶1.8 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to counsel for Lead Plaintiffs and any award to Lead Plaintiffs for their representation of the Settlement Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies a Settlement Class defined as all Persons who purchased publicly-traded Nuvelo common stock or call options between January 5, 2006 and December 8, 2006, inclusive, and who suffered losses on those purchases.  Excluded from the Settlement Class are Defendants, officers and directors of Nuvelo, members of their immediate families and their legal representatives, heirs, successors and assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency of Proposed Settlement of Class Action.

4.      The Court finds, for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the

Settlement Class that predominate over any individual question; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are appointed as the Class Representatives and Berger & Montague, P.C. and Izard Nobel LLP are appointed as Lead Counsel for the Settlement Class and Robbins Geller Rudman & Dowd LLP is appointed as Liaison Counsel for the Settlement Class.

6.      The Court approves the form of Notice and Summary Notice (together, the "Notices") and the Proof of Claim and Release Form, and find that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in Paragraphs 7-10 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(7), the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances.

7.      Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Heffler, Radetich & Saitta, LLP ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Not later than thirty (30) calendar days from the date of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort and to be

posted on a dedicated website.  The portion of the Notice discussing attorneys' fees and expenses, on page 2 of Exhibit A-1, shall (1) explain whether the average cost calculation is on a 100% or 50% claim submission rate; and (2) state that the average cost per share does not include the administration costs for the settlement;

(b)     Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed as Exhibit A-3 hereto, to be published once in the national edition of <u>Investor's Business Daily</u> and electronically on <u>PR Newswire</u> or <u>Business Wire</u>;

(c)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8.     If it has not already done so, within ten (10) business days of entry of this Order, Nuvelo shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator), Nuvelo's common stock transfer records sufficient to show the names and addresses of all purchasers or other acquirers of Nuvelo common stock during the period from January 5, 2006 through December 22, 2006, to the extent such records are available to Nuvelo or its transfer agent. Nuvelo shall provide this information in electronic form to the extent it is available in that form in Nuvelo's or its transfer agent's records.

9.     Nominees who purchased the publicly-traded securities of Nuvelo for the benefit of another Person during the period January 5, 2006 to December 8, 2006, inclusive, shall be requested to send the Notice and Proof of Claim and Release to all such beneficial owners of Nuvelo securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the

Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

10.     All fees, costs, and expenses incurred in identifying and notifying members of the Settlement Class shall be paid from the Settlement Fund.

11.     All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Settlement Class.

12.     Settlement Class Members who wish to participate in the settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be submitted no later than ninety (90) days from the Notice Date.  Any Settlement Class Member who does not timely submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed.

13.     Any Settlement Class Member may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  Any Settlement Class Member who does not enter an appearance, will be represented by Lead Counsel.

14.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than thirty (30) calendar days prior to the Settlement Hearing.  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the

Person's holdings of Nuvelo securities as of January 5, 2006, their purchases and sales of Nuvelo securities during the Settlement Class Period, including the dates, the number of shares of Nuvelo securities purchased or sold, and price paid or obtained for each such purchase or sale; and (c) that the Person wishes to be excluded from the Settlement Class.  All Persons submitting valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any judgment entered in the Litigation.

15.     Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, within seven (7) business days of receipt of such Request for Exclusion, and shall provide a summary of all such Requests for Exclusion at least fourteen (14) calendar days prior to the Settlement Hearing.

16.     Any Settlement Class Member may appear and show cause if he, she, or it has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for the Lead Plaintiffs or why Lead Plaintiffs should not be paid for their representation of the Settlement Class; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to counsel for Lead Plaintiffs, or payment of an award to Lead Plaintiffs for their representation of the Settlement Class, unless written objections and copies of any papers and briefs are filed with the Clerk of the United States District Court for the Northern District of California, and copies received by Jeffrey S. Nobel, Izard Nobel LLP, 29 South

Main Street, Suite 215, West Hartford, CT 06107, Phyllis M. Parker, Berger & Montague, P.C.,

1622 Locust Street, Philadelphia, PA 19103, and Jessica Valenzuela Santamaria, Cooley LLP, Five

Palo Alto Square, 3000 El Camino Real, Palo Alto, CA 94306-2155, on or before fourteen (14) days

prior to the Settlement Hearing. Any Settlement Class Member who does not make his, her or its

objection in the manner provided shall be deemed to have waived such objection and shall forever be

foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed

settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys'

fees and expenses to counsel for Lead Plaintiffs and the payment of an award to Lead Plaintiffs for

their representation of the Settlement Class, unless otherwise ordered by the Court.

17.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

*legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be

distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.    All papers in support of the settlement, Plan of Allocation and any application by

counsel for Lead Plaintiffs for attorneys' fees and expenses shall be filed and served no later than

thirty-five (35) calendar days prior to the Settlement Hearing and any reply papers shall be filed and

served seven (7) calendar days prior to the Settlement Hearing.

19.    Neither Defendants nor their Related Parties shall have any responsibility for the Plan

of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiffs and

Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and

adequacy of the settlement.

20.    At or after the Settlement Hearing, the Court shall determine whether the Plan of

Allocation proposed by Lead Counsel, any application for attorneys' fees and expenses, and any

award to Lead Plaintiffs for their representation of the Settlement Class should be approved.

21.     All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.6 or ¶2.8 of the Stipulation.

22.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

23.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED:  March 24, 2011

_____

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

## *In re Nuvelo, Inc. Securities Litigation*, Master File No. 07-CV-04056-CRB

**NOTICE OF PENDENCY OF AND PROPOSED SETTLEMENT OF CLASS ACTION; NOTICE OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES; AND NOTICE OF COURT HEARING THEREON**

EXHIBIT A-1

*If you purchased publicly-traded Nuvelo common stock or call options between January 5, 2006 and December 8, 2006, inclusive, (the "Settlement Class Period"), and you suffered losses on those purchases (as defined in the Plan of Allocation set out in response to Question 9 below) and are not otherwise excluded from the Settlement Class (see Question 6 below), you could get a payment from a class action settlement.*

A federal court authorized this Notice.  This is not a solicitation from a lawyer.

**Nuvelo Securities and Time Period**:

1.        Publicly-traded Nuvelo common stock (ticker symbol:  NUVO; CUSIP No. 67072M301) purchased between January 5, 2006 and December 8, 2006, inclusive.

2.        Publicly traded Options to purchase Nuvelo stock (call options) purchased between January 5, 2006 and December 8, 2006, inclusive.

**Settlement Fund:**  $8,916,666.70 in cash plus any interest earned.  Your recovery will depend on the timing of your purchases and any sales of Nuvelo securities during the Settlement Class Period.  For example, class members cannot recover for losses on Nuvelo common stock that they sold, or for call options that expired or were sold, before the end of the trading day on December 8, 2006.  Based on the information currently available to Lead Plaintiffs and the analysis performed by their damage consultants, it is estimated that if Settlement Class Members submit claims for 100% of the shares of Nuvelo common stock eligible to receive distribution under the Plan of Allocation (described below), the estimated average distribution per share will be approximately $0.26 before deduction of Court-approved fees and expenses, and the cost of notifying members of the Settlement Class and a settlement administration.  Historically, actual claims rates in similar cases are approximately 50%.  Therefore, if Settlement Class Members submit claims for this lower percentage of shares, the estimated average distribution per share will be approximately $0.52 before deduction of Court-approved fees and expenses, and the cost of notifying members of the Settlement Class and settlement administration.  The recovery for options cannot accurately be estimated.  A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's allowed loss as compared to the total

allowed losses of all Settlement Class Members who submit valid Proof of Claim and Release forms ("Proof of Claim").

**Reasons for Settlement:**  Avoids the costs and risks associated with continued litigation, including the danger of no recovery.

**If the Case Had Not Settled:**  Continuing with the case could have resulted in loss at summary judgment, trial or on appeal.  The two sides vigorously disagree on both liability and the amount of money that could have been won if Lead Plaintiffs prevailed at trial.  The parties disagree about, among other things: (1) the method for determining whether the price of Nuvelo securities was artificially inflated during the relevant period; (2) the amount of any such inflation; (3) whether there was any wrongdoing on the part of Defendants, including whether Defendants acted recklessly or intentionally, and whether Defendants made any misrepresentations and/or omissions as alleged by Plaintiffs; (4) the extent to which the various facts alleged by Lead Plaintiffs influenced the trading price of Nuvelo's securities during the Settlement Class Period; and (5) whether the facts alleged were material, false, misleading or otherwise actionable under the federal securities laws.

**Attorneys' Fees and Expenses:**  Lead Plaintiffs' counsel will ask the Court for attorneys' fees not to exceed 30 % of the Settlement Fund and expenses not to exceed $420,000 to be paid from the Settlement Fund plus interest.  Lead Plaintiffs' counsel will also ask the Court to approve awards for the Court-appointed Lead Plaintiffs for their time and expenses incurred in representing the Settlement Class, in a total amount not to exceed $48,000 for all five Lead Plaintiffs combined.  If the above amounts are requested and approved by the Court, the average cost per share will be $0.09.  Plaintiffs' Counsel have not received any payment for their work investigating the facts, prosecuting this Litigation and negotiating this settlement on behalf of the Lead Plaintiffs and the Settlement Class.

**Deadlines:**

Submit Claim: _____, 2011

Request Exclusion: _____, 2011

File Objection: _____, 2011

If you have any questions to contact Claims Administrator toll free  at 1-800------- or else                2
www. claims admin.com

**Court Hearing on Fairness of Settlement:** _____, 2011

**More Information:**  [URL for CLAIMS ADMINISTRATOR]

Claims Administrator:                            Lead Counsel:

*Nuvelo Securities Litigation*                    Phyllis M. Parker
Claims Administrator                             Berger & Montague, P.C.
Heffler, Radetich & Saitta, LLP                  1622 Locust Street
1515 Market Street, Suite 1700                   Philadelphia, PA  19103
Philadelphia, PA 19102-1964                      1-215-875-3000

                                                 Jeffrey S. Nobel
                                                 Izard Nobel LLP
                                                 29 South Main Street, Suite 215
                                                 West Hartford, CT  06107
                                                 1-860-493-6292

- Your legal rights are affected whether you act, or do not act.  Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants and their Related Parties relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you do not like this settlement, the motion for attorneys' fees and expenses, the reimbursements of Lead Plaintiffs or the Plan of Allocation. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

1.      **Why did I get this notice package?**

You or someone in your family may have purchased Nuvelo securities between January 5, 2006 and December 8, 2006, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re Nuvelo, Inc. Securities Litigation.*, No. 07-cv-04056-CRB. The persons who lead the Litigation, Juan Pablo Cabrera, Frank C. Petronis, Patricia A. Petronis, Todd A. Stephens and Amy A. Stephens, are called Lead Plaintiffs and the company and the individuals they sued are called Defendants.

2.      **What is this lawsuit about?**

Plaintiffs claim that Defendants Nuvelo, Inc. ("Nuvelo" or the "Company") and its three principal officers violated §§10(b) and 20(a) of the Securities Exchange Act of 1934 by making materially false representations and concealing material facts that deceived investors about the likelihood of success of the Phase 3 clinical trials necessary for FDA approval of Nuvelo's development stage drug alfimeprase, a blood clot dissolver, for the treatment of two conditions:  (1) Peripheral Arterial Occlusion ("PAO"), also known as "leg attack," in which blood clots block circulation in the legs; and (2) Catheter Occlusion ("CO"), which is blockage of central venous catheters used to administer drugs and withdraw blood, caused primarily by blood clots, but also due to other causes.  In particular, Plaintiffs claim that Defendants:  (1) misrepresented facts about the results of the prior PAO trial; misrepresented facts about the design of and expected results in the

placebo group in the Phase 3 PAO trial; and (3) misrepresented and concealed facts about the statistical standard that would determine the success of the Phase 3 CO trial.  Plaintiffs claim that before the market opened on December 11, 2006, Defendants disclosed that the Phase 3 CO and PAO clinical trials had failed due to the facts Lead Plaintiffs alleged were misrepresented and concealed by Defendants, and that the price of Nuvelo stock price dropped, causing damages to the Settlement Class.

Defendants deny all of Lead Plaintiffs' allegations and that they did anything wrong. Defendants also deny that Lead Plaintiffs or the Settlement Class suffered damages or that the price of Nuvelo securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise.

**3.      Why is this a class action?**

In a class action, one or more persons called class representatives (in this case, the Court-appointed Lead Plaintiffs) sue on behalf of persons who have similar claims.  All of these people and/or entities are called a class or class members.  One judge resolves the issues for all class members, except for those who exclude themselves from the class.

**4.      Why is there a settlement?**

The Court did not decide in favor of Lead Plaintiffs or Defendants.  Instead, the lawyers for both sides of the lawsuit have negotiated a settlement, with the assistance of a highly respected mediator, retired federal judge Layn R. Phillips, that they believe is in the best interests of their respective clients.  The settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits Settlement Class Members to be compensated without further delay.  The Lead Plaintiffs and their attorneys think the settlement is best for all Settlement Class Members.

## WHO GETS MONEY FROM THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Settlement Class Member.

**5.      How do I know if I am part of the settlement?**

The Settlement Class includes *all persons who purchased publicly-traded Nuvelo common stock or call options between January 5, 2006 and December 8, 2006, inclusive, and who suffered losses on those purchases.*

**6.      Are there exceptions to being included in the Settlement Class?**

Yes.  Defendants, officers and directors of Nuvelo, members of their immediate families and their legal representatives, heirs, successors and assigns, and any entity in which Defendants have or had a controlling interest, are excluded from the Settlement Class.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to this Notice of Pendency of and Proposed Settlement of Class Action.

**7.      I'm still not sure if I am included.**

If you still are not sure whether you are included, you can ask for free help.  You can call [claims admin telephone] or visit [claims admin URL] for more information; or, you can call Phyllis M. Parker at 1-215-875-3000 or Jeffrey S. Nobel at 1-860-493-6292 for more information; or you can fill out and return the claim form described in Question 10 to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8.      What does the settlement provide?**

Defendants have agreed to pay $8,916,666.70 in cash, which, together with all interest earned thereon, is referred to as the "Settlement Fund."  The Settlement Fund, less costs, fees and expenses (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in valid claim forms ("Authorized Claimants").  Costs, fees and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Settlement Class Members, including the costs of printing and mailing this Notice, the cost of publishing newspaper notice and the costs of claims administration.

**9.      How much will my payment be?**

Your share of the Net Settlement Fund will be determined in accordance with the proposed Plan of Allocation set forth below and will depend on the total number of shares represented by all

valid Proof of Claim Forms that members of the Settlement Class submit, how many shares of Nuvelo common stock or call option contracts you purchased and/or acquired, the price you paid when you purchased and/or acquired those shares or call options, and if and when you sold those shares or call options.

**<u>The Basis for the Calculation of Your Recognized Claim and the Proposed Plan of Allocation</u>:**

The proposed Plan of Allocation reflects the proposition that the price of Nuvelo common stock and call options was artificially inflated by reason of Defendants' allegedly false and misleading statements from the beginning of the Settlement Class Period on January 5, 2006 through the end of the Settlement Class Period on December 8, 2006, and that Defendants made a corrective disclosure before the market opened on December 11, 2006. Under the Supreme Court's decision in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) and other precedents, only shares and call options purchased during the Settlement Class Period and held at the time of the corrective disclosure have suffered damages that are recoverable under the federal securities laws because only those losses were proximately caused by corrective disclosures relating to Defendants' prior misleading statements. Therefore, only shares of stock or call options held at the close of trading on December 8, 2006 will be included in calculating the Recognized Loss.

The Plan of Allocation provides that you will be eligible to participate in the *pro rata* distribution of the Net Settlement Fund only if you purchased or otherwise acquired shares of Nuvelo common stock or call options during the Settlement Class Period and held those shares or call options through the end of the Settlement Class Period ("Eligible Securities").

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." A Recognized Claim is not intended to be an estimate of what you might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation may be modified in connection with, among other things, a ruling by the Court without further notice to the Settlement Class.

An Authorized Claimant's "Payable Claim" is determined by dividing the Net Settlement Fund by the total Recognized Loss sustained by all Authorized Claimants. The resulting fraction, or payout percentage, is then multiplied by each Authorized Claimant's Recognized Loss to determine the amount of each Claimant's Payable Claim subject to the further limitations below. Because the amount of your recovery will depend on the total number of Eligible Securities held by all Members of the Settlement Class who submit valid claims, we cannot tell you what your recovery will be until the claims administration process has been completed.

A "Recognized Claim" will be calculated as follows:

**For Shares of Nuvelo Common Stock Purchased Between January 5, 2006 and December 8, 2006, inclusive:**

1.      For any shares sold on or before December 8, 2006, the Recognized Loss ("Recognized Loss") is zero.

2.      For any shares held at the close of trading on December 8, 2006 and sold on December 11, 2006, the Recognized Loss is the difference between the purchase price, but not more than $19.50 per share, and the selling price on December 11, 2006.

3.      For any shares held at the close of trading on December 8, 2006, which were not sold on December 11, 2006, the Recognized Loss is the difference between the purchase price and $4.05 (the closing price of Nuvelo common stock on December 11, 2006), but not to exceed $15.50 per share (the difference between the $19.55 closing price of Nuvelo common stock on December 8, 2006 and $4.05 closing price on December 11, 2006).

**For Options to Purchase Nuvelo Common Stock ("Call Options") that were Purchased Between January 5, 2006 and December 8, 2006, inclusive:**

1.      For any options to purchase Nuvelo stock (call options) that were exercisable (open) at the close of trading on December 8, 2006, the Recognized Loss is the smaller of either: (a) the

purchase price of those call options or (b) the closing market bid price for such calls on December 8, 2006.

      2.      A claimant's Recognized Loss for any put option contracts is zero.

      3.      The combined recovery for the call options shall not exceed 5% of the Net Settlement Fund

**General Provisions Applicable to the Plan of Allocation:**

All per share prices and amounts in this Notice and the calculation of Recognized Losses under the Plan of Allocation apply to actual shares and prices in effect during 2006, without adjustment for the 1-for-20 reverse stock split that took effect after the market closed on January 26, 2009 in connection with the merger of Nuvelo and ARCA Biopharma, Inc.

The date of purchase or sale of any Nuvelo securities is the "contract" or "trade" date as distinguished from the "settlement" date.

The price per share or per option contract, paid or received, should exclude all commissions, taxes and fees.

The restrictions on computing Recognized Losses set out in the 3 bullet points below apply to all claims.  As a practical matter, however, they apply primarily to certain transactions engaged in by sophisticated traders or certain corporate or institutional claimants:

- "Short" sales will not be recognized for any amount of loss on the cover or purchase transaction, and no Recognized Loss will be computed for any such covering purchase transaction.

- No Recognized Loss will be computed for any transactions in Nuvelo common shares or Nuvelo call options engaged in by market makers.

- In computing the Recognized Loss on any Nuvelo common shares, no Recognized Loss will be computed for any option premium paid, or received where the shares of Nuvelo were purchased or sold by reason of having excised or been assigned an option.

If you inherited or received a gift of Nuvelo securities (stock or call options) during the Settlement Class Period, that inheritance or gift is not considered a purchase of Nuvelo securities unless your ancestor or donor was the actual purchaser of Nuvelo securities during Settlement Class

Period.  You, as a recipient of a gift or inheritance, and the original purchaser may not both file a claim with regard to the same shares of Nuvelo stock or same Nuvelo call options.  If both you and the donor (or you and your ancestor's estate) make such a claim, only the claim filed by the recipient (or heir) will be honored.

Shares or call options "transferred into", "delivered into" or "received into" the claimant's account, will not be considered as a purchase of shares unless the claimant submits documentation demonstrating that the original purchase of these shares or call options occurred during the Settlement Class Period.  Also, shares or call options purchased and subsequently "transferred out" or "delivered out" of claimant's account will not be considered part of claimant's claim, as the right to file for those shares or options belongs to the person or party receiving the shares or options.

In the interest of economy, no payment will be made to any Authorized Claimant whose Payable Claim would be less than $10.00 based on the initial allocation of the Net Settlement Fund to the Authorized Claimants.

For Settlement Class Members who held Nuvelo securities at the beginning of the Settlement Class Period or made multiple purchases or sales during the Settlement Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim.  Under the FIFO method, sales of Nuvelo securities during the Settlement Class Period will be matched against the same type of security, in chronological order, first against securities held at the beginning of the Settlement Class Period.  The remaining sales of securities during the Settlement Class Period will then be matched, in chronological order, against securities purchased during the Settlement Class Period.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, any claims administrator or other Person designated by Lead Counsel or Defendants and/or their Related Parties and/or their counsel based on distributions made substantially in accordance with the

Stipulation and the settlement contained therein, the Plan of Allocation, or further orders of the Court.  All Settlement Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

**10.     How will I get a payment?**

To qualify for a payment, you must send in a claim form.  A claim form is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2011.

**11.     When would I get my payment?**

The Court will hold a hearing on _____, 2011, at _____, to decide whether to approve the settlement.  If Judge Breyer approves the settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year.  It also takes time for all the claim forms to be processed.  If there are no appeals and depending on the number of claims submitted, the Claims Administrator could distribute the Net Settlement Fund as early as 12 months after the fairness hearing.  Please be patient.

**12.     What am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same issues in this case or about issues that could have been asserted in this case.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your Released Claims in this case against the Defendants.  "Released Claims" means all rights, demands, claims (including "Unknown Claims" as defined in the Stipulation) and causes of action of every nature and description, in law or equity, accrued or unaccrued, and whether known or unknown, and whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any member of the Settlement Class asserted, or could have asserted, arising out of, or relating to the purchase of

Nuvelo securities during the Settlement Class Period, and the facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions that were alleged or could have been alleged in the Litigation.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue the Defendants on your own about the same issues in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.  Persons who exclude themselves from the Settlement Class will not share in the Net Settlement Fund.

### 13.    How do I get out of the Settlement Class?

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from *In re Nuvelo, Inc. Securities Litigation.*, No. 07-cv-04056-CRB.  You must include your name, address, telephone number, your signature, and the number of shares of Nuvelo securities you held as of January 5, 2006, the number of shares you purchased or sold between January 5, 2006 to December 8, 2006, and the dates and prices of such Settlement Class Period purchases or sales.   You must mail your exclusion request postmarked no later than _____, 2011 to:

> *Nuvelo Securities Litigation*
> EXCLUSIONS
> Claims Administrator
> Heffler, Radetich & Saitta, LLP
> 1515 Market Street, Suite 1700
> Philadelphia, PA 19102-1964

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.

### 14.    If I do not exclude myself, can I sue Defendants for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue Defendants for the claims that this settlement resolves.  Remember, the exclusion deadline is _____, 2011.

**15.      If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, do not send in a claim form to ask for any money.  Once you exclude yourself, you will receive no cash payment even if you also submit a claim form.

THE LAWYERS REPRESENTING YOU

**16.      Do I have a lawyer in this case?**

The Court appointed the law firms of Berger & Montague, P.C. and Izard Nobel LLP to represent you and other Settlement Class Members.  These lawyers are called Lead Counsel.  The Court also appointed Robbins Geller Rudman & Dowd LLP as Liaison Counsel.  These lawyers will apply to the Court for payment from the Settlement Fund; you will not otherwise be charged for their work.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.      How will the lawyers be paid?**

At the fairness hearing, Lead Plaintiffs' counsel will request the Court to award attorneys' fees of up to 30% of the Settlement Fund and for expenses up to $420,000, which were incurred in connection with the Litigation.   In addition, the Court-appointed Lead Plaintiffs will request reimbursement of their time and expenses incurred in representing the Settlement Class, in a total amount not to exceed $48,000 for all five Lead Plaintiffs combined.  If awarded, the total cost would be $0.09 per share.  This compensation will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  To date, Lead Counsel have not received any payment for their services in conducting this Litigation on behalf of the Lead Plaintiffs and the Settlement Class, nor have counsel been paid for their expenses.  The fee requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement Fund.  The Court may award less than the amount requested by Lead Plaintiffs and their counsel.

OBJECTING TO THE SETTLEMENT OR MOTION FOR ATTORNEYS FEES

You can tell the Court that you do not agree with the settlement or the motion for attorneys' fees?

**18.     How do I tell the Court that I do not like the settlement or motion for attorneys' fees and expenses or some part of it?**

If you are a Settlement Class Member (and you have not excluded yourself), you can object to the settlement, the motion for attorneys' fees and expenses, the reimbursements to Lead Plaintiffs or the Plan of Allocation.  You can give reasons why you think the Court should not approve the settlement, the request for attorneys' fees and expenses, the reimbursements to Lead Plaintiffs or the Plan of Allocation.  The Court will consider your views.  To object, you must send a signed letter saying that you object to the proposed settlement in *In re Nuvelo, Inc. Securities Litigation.*, No. 07-cv-04056-CRB.  Be sure to include your name, address, telephone number, your signature, the number of shares of Nuvelo securities purchased between January 5, 2006 and December 8, 2006, and the reasons you object to the settlement, the requested attorneys' fees and expenses, the reimbursements to Lead Plaintiffs or the Plan of Allocation.  Any such objection must be mailed or delivered such that it is received by each of the following no later than _____, 2011:

Clerk of the Court
United States District Court
For the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

IZARD NOBEL LLP
Jeffrey S. Nobel
29 South Main Street, Suite 215
West Hartford, CT  06107

BERGER & MONTAGUE, P.C.
Phyllis M. Parker
1622 Locust Street
Philadelphia, PA  19103

COOLEY LLP
Jessica Valenzuela Santamaria
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

**19.     What is the difference between objecting and excluding myself from the settlement?**

Objecting is telling the Court that you do not like something about the proposed settlement , the motion for attorneys' fees or the Plan of Allocation.  You can object ***only*** if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer applies to you.

<b>THE COURT'S FAIRNESS HEARING</b>

The Court will hold a hearing to decide whether to approve the proposed settlement, the motion for attorneys' fees and expenses, the reimbursement of the Lead Plaintiffs and the Plan of Allocation.  You may attend, but you do not have to.

**20.     When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing at _____, on _____, 2011, at the United States District Court for the Northern District of California, Courtroom ___, 450 Golden Gate Avenue, San Francisco, California.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court will also decide whether to approve the payment of fees and expenses to Lead Counsel including the reimbursement of Lead Plaintiffs and the Plan of Allocation.  We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

**21.     Do I have to come to the hearing?**

No.  Lead Counsel will answer questions the Judge may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but you are not required to do so.

**22.     May I speak at the hearing?**

You may ask the Court for permission to speak at the hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re Nuvelo, Inc. Securities Litigation.*, No. 07-cv-04056-CRB.  Be sure to include your name, address, telephone number, your signature, and the number of Nuvelo securities purchased between January 5, 2006 to December 8, 2006.  Your notice of intention to appear must be received no later than _____, 2011 by the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the addresses listed in Question 18.  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

**IF YOU DO NOTHING**

**23.     What happens if I do nothing at all?**

If you do nothing, you will get no money from this settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or the Related Parties about the same issues in this case.

**GETTING MORE INFORMATION**

**24.     Are there more details about the settlement?**

This Notice summarizes the proposed settlement.  More details are in the Stipulation of Settlement dated February 25, 2011, which has also been filed with the Court.  You can get a copy of the Stipulation of Settlement from the Clerk's office at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, during regular business hours, or at [URL for settlement].

**25.     How do I get more information?**

You can call [CLAIMS ADMINISTRATOR NUMBER] or write to a representative of Lead Plaintiffs' counsel, Jeffrey S. Nobel, Izard Nobel LLP, 29 South Main Street, Suite 215, West Hartford, CT 06107, 1-860-493-6292, Phyllis M. Parker, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA  19103, 1-215-875-3000,  or visit the Claims Administrator's website at [URL]. ***Please do not call the Court or the Clerk of the Court for additional information about the settlement.***

If you have any questions to contact Claims Administrator toll free  at 1-800------- or else                16
www. claims admin.com

**26.     Special notice to nominees**

If you hold any publicly traded Nuvelo common shares or call options ("Nuvelo securities") purchased between January 5, 2006 and December 8, 2006, inclusive as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either:  (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Nuvelo Securities Litigation*
> Claims Administrator
> Heffler, Radetich & Saitta, LLP
> 1515 Market Street, Suite 1700
> Philadelphia, PA 19102-1964

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED:  _____, 2011          BY ORDER OF THE COURT
                                           UNITED STATES DISTRICT COURT
                                           NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

### *In re Nuvelo, Inc. Securities Litigation*, Master File No. 07-CV-04056-CRB

**PROOF OF CLAIM AND RELEASE FORM**
EXHIBIT A-2

|

## I.    GENERAL INSTRUCTIONS

**(i)**        To recover as a member of the Class based on your claims in the action entitled *In re Nuvelo, Inc. Securities Litigation., No. 07-cv-04056-CRB* (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph iii below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation.

**(ii)**        Submission of this Proof of Claim and Release, however, does not guarantee that you will share in the proceeds of the settlement of the Litigation.

**(iii)**        **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2011 ADDRESSED AS FOLLOWS:**

> *Nuvelo Securities Litigation*
> Claims Administrator
> Heffler, Radetich & Saitta, LLP
> 1515 Market Street, Suite 1700
> Philadelphia, PA 19102-1964

If you are NOT a member of the Class (as defined below and in the Notice of Pendency of Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim and Release form.

(iv)     If you are a member of the Class and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.     DEFINITIONS

(i)     "Nuvelo" means Nuvelo, Inc. and its parents, subsidiaries, divisions, affiliates, predecessors, and successors.

(ii)     "Settlement Class" means all Persons who purchased publicly-traded Nuvelo common stock or call options between January 5, 2006 and December 8, 2006, inclusive, and who suffered losses on those purchases.  Excluded from the Settlement Class are Defendants, officers and directors of Nuvelo, members of their immediate families and their legal representatives, heirs, successors and assigns, and any entity in which Defendants have or had a controlling interest.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency of Proposed Settlement of Class Action.

(iii)     "Defendants" means Nuvelo, Ted W. Love, Gary S. Titus and Michael D. Levy.

(iv)     "Related Parties" means, with respect to each Defendant, the immediate family members, heirs, executors, administrators, successors, assigns, present and former employees, officers, directors, attorneys, assigns, legal representatives, accountants, insurers, reinsurers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Defendant or in which any Defendant has or had a controlling interest and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them.

### III.      CLAIMANT IDENTIFICATION

If you purchased Nuvelo common stock or call options and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased Nuvelo common stock or call options and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Nuvelo common stock or call options which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE NUVELO SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### IV.      CLAIM FORM

Use Parts II and III of this form entitled "Schedule of Transactions in Publicly Traded Nuvelo Stock" and "Schedule of Transactions in Call Options to Purchase Nuvelo Stock" to supply all required details of your transaction(s) in Nuvelo securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases of publicly traded Nuvelo common stock or call options that took place at any time between January 5, 2006 and December 8, 2006 (the "Settlement Class Period") and *all* of your sales of publicly traded Nuvelo common stock or call options that took place at any time between January

5, 2006 and December 8, 2006, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the publicly traded Nuvelo common stock or call options you held at the beginning of trading on January 5, 2006, and at the close of trading on December 8, 2006 and at the close of trading on March 8, 2007.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Nuvelo common stock.  The date of a "short sale" is deemed to be the date of sale of Nuvelo common stock.

No Recognized Loss will be computed for any transactions in Nuvelo common shares or Nuvelo call options engaged in by market makers.

Copies of broker confirmations or other documentation of your transactions in Nuvelo securities should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*Nuvelo, Inc. Securities Litigation*
No. 07-cv-04056-CRB

PROOF OF CLAIM AND RELEASE
Must Be Postmarked No Later Than:
_____, 2011

<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City        State or Province

_____        _____

Zip Code or Postal Code        Country

_____   _____

Social Security Number or                                      Individual
Taxpayer Identification Number         _____   Corporation/Other

_____   _____

Area Code        Telephone Number (work)

_____   _____

Area Code        Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

PART II:  SCHEDULE OF TRANSACTIONS IN PUBLICLY TRADED NUVELO STOCK

A.      Number of shares of publicly traded Nuvelo common stock held at the beginning of trading on January 5, 2006: _____

B.      Purchases (January 5, 2006 - December 8, 2006, inclusive) of Nuvelo common stock:

| Trade Date Mo. Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.      Sales (January 5, 2006 – March 8, 2007, inclusive) of Nuvelo common stock:

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.      Number of shares of Nuvelo common stock held at the close of trading on December 8, 2006: _____

E.      Number of shares of Nuvelo common stock held at the close of trading on March 8, 2007: _____

PART III:      SCHEDULE OF TRANSACTIONS IN CALL OPTIONS TO PURCHASE NUVELO STOCK

Separately list each of your applicable purchases or sales in Nuvelo call options below. Attach a separate schedule if more space is needed.  **Be sure to include and sign your name and the last four digits of your Social Security number or Tax ID number on any additional sheets**.  The date of purchase or sale is the "trade" or "contract" date, and not the "settlement" or "payment" date.

A.   **BEGINNING POSITION:**  At the end of the day on **January 5, 2006**, I owned the following call options of Nuvelo securities (must be documented):

| Strike Price | Expiration Date (Month/Year) (eg. May/2002) | Number of Contracts | Insert an "E" if Exercised or an "X" if Expired | Exercise Date (Month/Year) |
|---|---|---|---|---|
| $ _____ | _____ | ☐ | ☐ | _____ |
| $ _____ | _____ | ☐ | ☐ | _____ |
| $ _____ | _____ | ☐ | ☐ | _____ |

B.   **PURCHASES:** I made the following purchases of call options of Nuvelo securities between **January 5, 2006** and **December 8, 2006,** inclusive (must be documented):

| Date of Purchaser (List Chronologically) (Month/Day/Year) | Strike Price | Expiration Date (Month/Year) (eg. May/2002) | Number of Contracts | Purchase Price per Contract | Amount Paid Including commissions, taxes, and fees) | Insert an "E" if Exercised or an "X" if Expired | Exercise Date (Month/Year) |
|---|---|---|---|---|---|---|---|
| _____ | $ ____ | _____ | ☐ | $ ____ | _____ | ☐ | _____ |
| _____ | $ ____ | _____ | ☐ | $ ____ | _____ | ☐ | _____ |
| _____ | $ ____ | _____ | ☐ | $ ____ | _____ | ☐ | _____ |

C.   **SALES**: I made the following sales (including short sales) of call options of Nuvelo securities January 5, 2006 and March 8, 2007, inclusive.

| Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price | Expiration Date (Month/Year) (eg. May/2002) | Number of Contracts | Sale Price per Contract | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|---|---|
| _____ | $ ____ | _____ | ☐ | $ ____ | _____ |
| _____ | $ ____ | _____ | ☐ | $ ____ | _____ |
| _____ | $ ____ | _____ | ☐ | $ ____ | _____ |

D.   **ENDING HOLDINGS:**  Number of Nuvelo call options contracts still open/not expired at close of trading on March 8, 2007, inclusive.

| Number of Call Option Contracts | Strike Price of Options | Expiration Date (List Chronologically) (Month/Day/Year) |
|---|---|---|
| _____ | $ ____ | _____ |
| _____ | $ ____ | _____ |
| _____ | $ ____ | _____ |

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE.  YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE**.

## V.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I (we) am bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Nuvelo securities during the Settlement Class Period and know of no other person having done so on my (our) behalf.

## VI.   RELEASE

**(i)       I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of Defendants and each and all of their Related Parties.**

**(ii)      "Released Claims" means all rights, demands, claims (including "Unknown Claims" as defined in the Stipulation) and causes of action of every nature and description, in law or equity, accrued or unaccrued, and whether known or unknown, and whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any Settlement Class Member asserted, or could have asserted, arising out of, or relating to the purchase of Nuvelo securities during the Settlement Class Period, and the facts, matters, allegations, transactions, events, disclosures, statements, acts or omissions that were alleged or could have been alleged in the Litigation.**

(iii)        **"Unknown Claims"** means all claims, demands, rights, liabilities, and causes of action of every nature and description which any Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Lead Plaintiffs shall expressly waive and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  The Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not

concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

(iv)       This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

(v)       I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

(vi)       I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Nuvelo securities which occurred during the Settlement Class Period as well as the number of shares of Nuvelo securities held by me (us) at the beginning of trading on January 5, 2006, at the close of trading on December 8, 2006, and at the close of trading on March 8, 2007.

(vii)       I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day of_____

(Month/Year)

in _____

(City)                              (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your claim form for your records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send us your new address.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

In re NUVELO, INC. SECURITIES LITIGATION, Master File No.  07-CV-04056-CRB

**SUMMARY NOTICE OF PROPOSED $8,916,666 PROPOSED CLASS ACTION
SETTLEMENT AND MOTION FOR ATTORNEYS' FEES & EXPENSES**

EXHIBIT A-3

TO:    ALL PERSONS WHO PURCHASED PUBLICLY-TRADED NUVELO COMMON STOCK OR CALL OPTIONS BETWEEN JANUARY 5, 2006 AND DECEMBER 8, 2006, INCLUSIVE, AND WHO SUFFERED LOSSES ON THOSE PURCHASES.

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Northern District of California, a hearing will be held on _____, at __:__ __.m., at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, in Courtroom ___, for the purpose of determining: (1) whether the proposed settlement of the Litigation for the sum of $8,916,666.70 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement dated as of February 25, 2011; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (4) the reasonableness of the motion by counsel for Lead Plaintiffs for the payment of attorneys' fees and expenses incurred in connection with this Litigation, together with interest thereon and the awards to Lead Plaintiffs for representing the Settlement Class.

If you purchased Nuvelo's publicly-traded stock or call options between January 5, 2006 and December 8, 2006, inclusive, your rights may be affected by the settlement of this Litigation.  If you have not received a detailed Notice of Pendency of Proposed Settlement of Class Action and a Proof of Claim and Release form, you may obtain copies by writing to *Nuvelo Securities Litigation*, Claims Administrator, Heffler, Radetich & Saitta, LLP, 1515 Market Street, Suite 1700, Philadelphia, PA 19102-1964, or by downloading this information at [Settlement URL].  If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must

submit a Proof of Claim and Release no later than _____, 2011, establishing that you are entitled to a recovery.  You will be bound by any judgment rendered in the Litigation unless you request to be excluded, in writing, to the above address, postmarked by _____, 2011.

Any objection to any aspect of the settlement must be filed with the Clerk of the Court no later than _____, 2011 and *received* by the following no later than _____, 2011:

Clerk of the Court
United States District Court
For the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

IZARD NOBEL LLP
Jeffrey S. Nobel
29 South Main Street, Suite 215
West Hartford, CT  06107

BERGER & MONTAGUE, P.C.
Phyllis M. Parker
1622 Locust Street
Philadelphia, PA  19103

COOLEY LLP
Jessica Valenzuela Santamaria
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____, 2011

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA