**BERGER & MONTAGUE, P.C.**
Sherrie R. Savett
Carole A. Broderick
Phyllis M. Parker
Jacob M. Polakoff
1622 Locust Street
Philadelphia, PA  19103
Tel: (215) 875-3000
Fax:  (215) 875-4604
Email: ssavett@bm.net
       cbroderick@bm.net
       pparker@bm.net
       jpolakoff@bm.net

**IZARD NOBEL LLP**
Jeffrey S. Nobel
Mark P. Kindall, Bar No. 138703
Nancy A. Kulesa
29 South Main Street
Suite 215
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290
Email: jnobel@izardnobel.com
       mkindall@izardnobel.com
       nkulesa@izardnobel.com

**ROBBINS GELLER RUDMAN
 & DOWD LLP**
Darren J. Robbins
Joy A. Bull
Dennis J. Herman
S. Ashar Ahmed
Post-Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Tel: (415) 288-4545
Fax: (415) 288-4534
Email:  darrenr@rgrdlaw.com
        jbull@rgrdlaw.com
        dennish@rgrdlaw.com
        aahmed@rgrdlaw.com

*Lead Counsel for Plaintiffs*

*Liaison Counsel*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NUVELO, INC. SECURITIES LITIGATION | Master File No.  07-CV-04056-CRB <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** <br><br> DATE:  June 10, 2011 <br> TIME:  10:00 a.m. <br> COURTROOM:   Hon. Charles R. Breyer |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iii

NOTICE OF MOTION AND MOTION ..................................................................... vii

STATEMENT OF ISSUES TO BE DECIDED ........................................................... vii

SUMMARY OF ARGUMENT ................................................................................... viii

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................1

    I.      THE REQUESTED ATTORNEYS' FEES ARE FAIR AND
           REASONABLEAND SHOULD BE APPROVED ...............................................1

         A.    A Reasonable Percentage of the Fund Recovered Is an Appropriate
             Approach to Awarding Attorneys' Fees in Common Fund Cases ...............1

         B.    Consideration of the Relevant Factors Used by Courts in the Ninth
             Circuit Justifies a Fee Award of 30% in this Case ......................................2

               1.     The Result Achieved ..........................................................4

               2.     Lead Counsel's Experience, Skill, and Effort .....................5

               3.     The Novelty, Difficulty and Complexity of the Issues ........6

               4.     The Risk of Non-Payment Assumed by Counsel ...............8

               5.     Reaction of the Settlement Class .........................................9

               6.     Lodestar Comparison .........................................................9

    II.     SETTLEMENT CLASS COUNSEL'S EXPENSES ARE REASONABLE AND
          WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT
          OBTAINED FOR THE SETTLEMENT CLASS ................................................11

    III.    THE COURT SHOULD APPROVE AWARDS TO SETTLEMENT CLASS
          REPRESENTATIVES FOR THEIR TIME AND EXPENSES IN
          PROSECUTING THIS LITIGATION ................................................................12

CONCLUSION ............................................................................................................13

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
07-CV-04056-CRB

ii

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Lightolier, Inc.,*
   50 F.3d 1204 (3d Cir. 1995)............................................................................................11

*Atlas v. Accredited Home Lenders Holding Co.,*
   No. 07-99488, 2009 WL 3698393 (S.D. Cal. Nov. 4, 2009)..........................................12

*In re Avista Corp. Sec. Litig.*,
   No. 02-0328, 2007 WL 4568933 (E.D. Wash. Dec. 20, 2007)..........................................3

*Bateman Eichler, Hill Richards, Inc. v. Berner,*
   472 U.S. 299 (1985)...........................................................................................................1

*Blum v. Stenson,*
   465 U.S. 886 (1984)...........................................................................................................2

*Boeing Co. v. Van Gemert,*
   444 U.S. 472 (1980)...........................................................................................................1

*Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42,*
   8 F.3d 722 (10th Cir. 1993) .............................................................................................11

*In re Cardinal Health Inc. Sec. Litig.,*
   528 F. Supp. 2d 752 (S.D. Ohio 2007) ............................................................................10

*In re Chiron Corp. Sec. Litig.,*
   No 04-4293, 2007 WL 4249902 (N.D. Cal. Nov. 30, 2007) ...........................................10

*Cicero v. DirectTV,*
   No.  07-1182, 2010 WL 2991486 (C.D. Cal. July 27, 2010).............................................2

*In re Cont'l Ill. Sec. Litig.,*
   962 F.2d 566 (7th Cir. 1992) ...........................................................................................12

*Craft v. County of San Bernardino,*
   624 F. Supp. 2d 1113 (C.D. Cal. 2008) .........................................................................2, 3

*In re CV Therapeutics, Inc. Sec. Litig.,*
   No. 03-3709, 2007 WL 1033478 (N.D. Cal. Apr. 4, 2007)...........................................3, 13

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,*
   No.02-1486, 2007 WL 2416513 (N.D. Cal. Aug. 16, 2007) .............................................8

*In re Enron Corporation Securities, Derivative & "ERISA" Litig.,*
   586 F. Supp. 2d 732 (S.D. Tex. 2008) .............................................................................10

*In re Equity Funding Corp. Sec. Litig.,*
   438 F. Supp. 1303 (C.D. Cal. 1977) ..................................................................................6

*In re F&M Distrib., Inc. Sec. Litig.,*
   No. 95-71778, 1999 U.S. Dist. LEXIS 11090 (E.D. Mich. Jun. 29, 1999) .......................8

iii

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
07-CV-04056-CRB

*Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
    741 F. Supp. 84 (S.D.N.Y. 1990) ................................................................12

*In re Gilat Satellite Networks, Ltd.,*
    No. 02-1501, 2007 WL 2743675 (E.D.N.Y. Sept. 18, 2007) ..........................12

*Gottlieb v. Wiles,* 150 F.R.D. 174 (D. Colo. 1993),
    *rev'd and remanded on other grounds*, 43 F.3d 474 (10th Cir. 1994) ..............12

*Harris v. Marhoefer,*
    24 F.3d 16 (9th Cir. 1994) ..........................................................................11

*In re Heritage Bond Litig.,*
    No. 02-1475, 2005 WL 1594403 (C.D. Cal. June 10, 2005) ........................3, 4

*Hicks v. Stanley,*
    No. 01-10071, 2005 WL 2757792(S.D.N.Y. Oct. 24, 2005)..........................12

*In re Ikon Office Solutions, Inc.,*
    194 F.R.D. 166 (E.D. Pa. 2000)......................................................................6

*In re Immune Response Sec. Litig.,*
    497 F. Supp. 2d 1166 (S.D. Cal. 2007)..........................................................13

*In Re Informix Corp. Sec. Litig.,*
    No. 97-1289 (N.D. Cal. Nov. 23, 1999) ...........................................................3

*Jacobs v. California State Auto. Ass'n Inter-Ins. Bureau,*
    No. 07-00362, 2009 WL 3562871 (N.D. Cal. Oct. 27, 2009) ..........................2

*Johnson v. Georgia Highway Express, Inc.,*
    488 F.2d 714 (5th Cir. 1974) ..........................................................................6

*Keith v. Volpe,*
    501 F. Supp. 403 (C.D. Cal. 1980) ...............................................................10

*Kerr v. Screen Extras Guild, Inc.,*
    526 F.2d 67 (9th Cir. 1975) ............................................................................6

*Knight v. Red Door Salons, Inc.,*
    No. 08-01520, 2009 WL 248367 (N.D. Cal. Feb. 02, 2009) ........................2, 5

*Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.,*
    540 F.2d 102 (3d Cir. 1976)............................................................................8

*In re Mfrs. Life Ins. Co. Premium Litig.,*
    No. 96-230, 1998 WL 1993385 (S.D. Cal. Dec. 21, 1998) ..............................6

*In re McDonnell Douglas Equip. Leasing Sec. Litig.,*
    842 F. Supp. 733 (S.D.N.Y. 1994) ...............................................................12

*In re In re Media Vision Tech. Sec. Litig.,*
    913 F. Supp. 1362 (N.D. Cal. 1996)..............................................................12

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
 07-CV-04056-CRB

iv

*In re Melridge, Inc., Sec. Litig., [CHECK]*
No. 87-1426 (D. Or. Mar. 19, 1992, Nov. 1, 1993, and Apr. 15, 1996) ..............................3

*In re Mego Fin. Corp. Sec. Litig.,*
213 F.3d 454 (9th Cir. 2000) ........................................................................................3

*In Re Nat'l Health Laboratories Sec. Litig.,*
Nos. 92-1949 & 93-1694 (S.D. Cal. Aug. 15, 1995) ..........................................................3

*In re Nuvelo, Inc. Sec. Litig.,*
No. 07-4056, 2008 WL 5114325 (N.D. Cal. Dec. 4, 2008)...............................................7

*Omnivision Tech. Inc.,*
559 F. Supp. 2d 1036 (N.D. Cal 2008) ...................................................................11, 12

*In re Pacific Enterprises Sec. Litig.,*
47 F.3d 373 (9th Cir. 1995) ........................................................................................3

*Paul, Johnson, Alston & Hunt v. Graulty,*
886 F.2d 268 (9th Cir. 1989) ....................................................................................1, 2

*In re Rite Aid Secs. Litig,*
362 F. Supp. 2d 587 (E.D. Pa. 2005) .........................................................................10

*Robbins v. Koger Props.,*
116 F.3d 1441 (11th Cir. 1997) .....................................................................................9

*In re Shell Oil Refinery,*
155 F.R.D. 552 (E.D. La. 1992).....................................................................................8

*In re Sulzer Hip Prosthesis and Knee Prosthesis Liab. Litig.,*
268 F. Supp. 2d 907(N.D. Ohio 2003).........................................................................8

*In re Sumitomo Copper Litig.,*
189 F.R.D. 274 (S.D.N.Y 1999) ...................................................................................6

*Tarlecki v. bebe Stores, Inc.,*
No. C 05-1777 MHP, 2009 WL 3720872 (N.D. Cal. Nov. 3, 2009) .................................2

*Thornberry v. Delta Air Lines, Inc.,* 676 F.2d 1240 (9th Cir. 1982),
*vacated and remanded on other grounds*, 461 U.S. 952 (1983) .......................................12

*Torrisi v. Tuscon Elec. Power Co.,*
8 F.3d 1370 (9th Cir. 1993) ........................................................................................2

*Van Vraken v. Atlantic Richfield Co.,*
901 F. Supp. 294 (N.D. Cal. 1995) ............................................................................10

*Varljen v. H.J. Meyers & Co.,*
No. 97-6742, 2000 WL 1683656(S.D.N.Y. Nov. 8, 2000)..............................................12

*Vizcaino v. Microsoft Corp.,*
290 F.3d 1043 (9th Cir. 2002) .........................................................................2, 3, 6, 10

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
07-CV-04056-CRB

v

*In re Wash. Pub. Power Supply Sys. Sec. Litig.,*
    19 F.3d 1291 (9th Cir. 1994) ...............................................................1, 2, 8,9

Zucco Partners, LLC v. Digimarc Corp.,
    552 F.3d 981 (9th Cir. 2009) ...................................................................9

**Statutes**

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.* ...................... *passim*

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(4) ................................12

**Regulations**

SEC Rule 10b-5 ..................................................................................................5

**Other Authorities**

Rubenstein, Conte and Newberg, NEWBERG ON CLASS ACTIONS at § 14:6 .........................2

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
07-CV-04056-CRB

vi

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on June 10, 2011 at 10:00 a.m., before the Honorable Charles Breyer, movants herein will ask this Court for orders (1) approving an award of attorneys' fees of 30 percent of the Settlement Fund; (2) approving an award of costs and expenses in the amount of $366,156.09; (3) approving awards totaling $42,429.92 for the Settlement Class Representatives as reimbursement for their time and expenses in litigating this case on behalf of the Settlement Class. This motion is based on the following Memorandum of Points and Authorities; the Declaration of Settlement Class Counsel in Support of Lead Plaintiffs' Motions (1) for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds; (2) for Award of Attorneys' Fees and Expenses and Awards to Settlement Class Representatives (the "Joint Declaration"); all other pleadings and matters of record; and such additional evidence or argument as may be presented at the hearing. A proposed order is submitted herewith.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the request by Settlement Class Counsel and Liaison Counsel for an award of attorneys' fees in the amount of thirty percent of the Settlement Fund is fair and reasonable;

2.      Whether the expenses incurred by Settlement Class Counsel and Liaison Counsel for which they seek reimbursement are reasonable, and were necessarily incurred to achieve the benefit obtained for the Settlement Class; and

3.      Whether the requested awards for the Settlement Class Representatives for their time and expenses should be approved in the amounts requested.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
 07-CV-04056-CRB

## SUMMARY OF ARGUMENT

The parties to this securities fraud class action have agreed upon an $8,916,666.70 cash settlement (the "Settlement").[1]  Settlement Class Counsel (Lead Counsel Berger & Montague, P.C. and Izard Nobel LLP, and Liaison Counsel Robbins Geller Rudman & Dowd LLP) seek an award of attorneys' fees of 30 percent of the Settlement.  Settlement Class Counsel also seek reimbursement of their reasonable litigation expenses, and Settlement Class Representatives seek reimbursement for their time and expenses incurred on behalf of the Settlement Class.[2]

The requested fee is fair and reasonable.  The Settlement is almost certainly more than the Settlement Class would have been able to recover if the case were successfully litigated through trial, and the amount of the requested fee is only 39 percent of Settlement Class Counsel's $6,855,000 lodestar.  ¶¶ 53, 74 & 75.[3]

Settlement Class Counsel achieved the best possible result for the Settlement Class.  The corporate Defendant, Nuvelo, Inc., has ceased to exist, and there is substantial doubt about the viability of its surviving merger partner, ARCA biopharma ("ARCA"), which has no source of

---

[1]  The February 25, 2011 Stipulation of Settlement is attached as Exhibit 10 to the Declaration of Settlement Class Counsel in Support of Lead Plaintiffs' Motions (1) for Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds; (2) for Awards of Attorneys' Fees and Expenses and Awards to Settlement Class Representatives ("Joint Declaration)."

[2]  Plaintiffs are contemporaneously submitting and incorporate by reference Plaintiffs' Notice of Motion and Motion for Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds:  Memorandum of Points and Authorities in Support of Approval ("Final Settlement Brief") and the Joint Declaration. The Joint Declaration describes in detail the history of this Litigation, the claims asserted, and the efforts of Settlement Class Counsel. These efforts include: investigating, researching, and drafting the initial complaint and two amended consolidated complaints; preparing Lead Plaintiff's opposition to Defendants' two motions to dismiss; coordinating with consultants regarding causation, damages, and economic loss and market efficiency; an exceptionally contentious discovery process, review and analysis of millions of pages of documents, preparation of a motion for Class Certification, settlement negotiations and mediation. The Final Settlement Brief fully discusses the complexity, magnitude, and risks associated with this Litigation and many of the legal obstacles to Lead Plaintiffs' success on the merits.  Rather than devote substantial space to repeating those matters here, this memorandum focuses on the appropriateness of the fees and expenses sought.

[3] Unless otherwise indicated, paragraphs cited in this memorandum of law refer to the paragraphs of the Joint Declaration.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
  07-CV-04056-CRB

viii

1    revenue, and together with its auditor has warned since late 2009 that there is doubt that it can

2    survive as a going concern. ¶ 30.  The sole realistic source of funding of the Settlement was the

3    Company's Directors and Officers ("D&O") liability insurance policies – originally five policies of

4    $5 million each. ¶ 29.  However, the fourth and fifth insurance layers might have been able to

5    successfully assert a "fraud" defense to payment because they were obtained on August 7, 2006,

6    seven months after the beginning of the Class Period, and only three weeks before the end of the

7    failed clinical trials.  *Id.*  Defendants' litigation costs had already substantially reduced the available

8    funds. ¶ 53.  Based on Defendants' post-Settlement disclosures, it appears that Defendants had

9    already spent in excess of $6 million from the D&O policies on litigation costs.  *Id*.  If the case

10   proceeded to trial, the D&O insurance funds that the Settlement directs to Settlement Class Members

11   would have be spent, instead, on Defendants' counsel and other litigation costs which would have

12   continued to mount as the case progressed.

13       This Settlement was only possible after almost four years of intensive and difficult litigation

14   involving many thousands of hours of attorney time from Settlement Class Counsel.  The case itself

15   was complicated and difficult, involving arcane and technical subjects - testing experimental drugs

16   for safety and effectiveness.  Settlement was only possible after Settlement Class Counsel had

17   defeated a motion to dismiss, reviewed and analyzed over five million pages of documents

18   (including data from six clinical trials), produced Lead Plaintiffs' documents and responded to

19   interrogatories in response to Defendants' discovery requests, prepared and filed a motion for Class

20   Certification, drafted detailed mediation briefs, attended a mediation, and continued to engage in

21   protracted and intense settlement negotiations for several weeks thereafter.  ¶¶ 3, 15-44.  In all of

22   that time, while Defendants' counsel were well-funded and apparently regularly paid, Settlement

23   Class Counsel, who handled the case entirely on a contingent basis, bore the risk that they would

24   never be paid for any of their efforts. ¶¶ 70-73.

25       This was, from the very start, a complex and risky case.  Settlement Class Counsel worked

26   diligently to uncover all information that could be obtained prior to discovery before filing a

27   complaint, but there was a substantial risk that the Court would dismiss the case under the stringent

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
07-CV-04056-CRB

1   pleading requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") before

2   Plaintiffs had an opportunity to conduct discovery.   Indeed, the Court *did* dismiss the first

3   Consolidated Complaint.  Before conducting discovery, Settlement Class Counsel did not know

4   whether the evidence would demonstrate that Defendants knew there was a risk that a material

5   percentage of placebo patients would avoid open surgery in the Phase 3 peripheral arterial occlusion

6   ("PAO") trial, or that Defendants' representations about the effect of alfimeprase on the avoidance of

7   open surgery in the Phase 2 PAO trial were materially false.  Settlement Class Counsel did not know

8   whether the evidence would support any of Plaintiffs' other allegations, or whether the evidence

9   would not, instead, support Defendants' version of the facts or their purported defenses. ¶ 67.

10

11        Moreover, while in many cases the risk of non-payment borne by class counsel decreases if

12   the case survives a motion to dismiss, in this case it did not.  When the case was brought, the

13   corporate defendant had $158 million in cash and cash equivalents. ¶ 30.  By the time that the Court

14   denied Defendants' motion to dismiss the Amended Complaint in August of 2009, however, those

15   assets were gone.  At the October 15, 2009 Case Management Conference, Defendants' counsel

16   represented that the five D&O policies were ARCA's only valuable assets.  ¶ 29.  The Court directed

17   Defendants' counsel to produce the policies, at which point Settlement Class Counsel discovered

18   that the fourth and fifth layer carriers might have grounds to interpose a possible fraud defense.  *Id.*

19   The risk that the litigation might result in a paper judgment with no recovery for the class and no

20   payment for counsels' years of effort was very real.  Yet, without conducting serious discovery Lead

21   Plaintiffs would not have the evidence to convince Defendants that the case was worth more than a

22   nominal amount in settlement.  Therefore, Settlement Class Counsel persevered, reviewing and

23   analyzing the facts and data concerning six clinical trials, their conduct, design, and results, the

24   Company's disclosures to Bayer, the reactions to the failure of the trials, the Company's public

25

26

27

28

1  statements and all the other issues raised by the claims.  ¶¶ 31-35.  The end result of these efforts

2  was a Settlement of almost $9 million.

3      In a typical case, the risks borne by Settlement Class Counsel would merit a "risk multiple"

4  to Settlement Class Counsel's lodestar.  Here, the requested fee covers only a fraction of Settlement

5  Class Counsel's time – a "negative" lodestar multiple. ¶¶ 74-75.  Courts in this Circuit have awarded

6  fees of 30% or more in cases where the settlement fund is $10 million or less, where fee requests are

7  more likely to show modest or negative lodestar multiples.  Where, as here, counsel persevered in

8  obtaining the best recovery for the class knowing that the available funds would not permit adequate

9
10 compensation for their efforts, a 30 percent fee is more than fair.

11     Settlement Class Counsel also request reimbursement of $366,156.09 in litigation expenses.

12 ¶¶ 78-79.  These expenses were reasonably and necessarily incurred in the prosecution of the case.

13 Almost two-thirds of this total was spent for independent investigators (whose initial efforts were

14 critical to development of the case), expert consultants on medical issues, loss causation, damages,

15 and market efficiency; and for management of the millions of pages of documents obtained through

16 e-discovery. ¶79.  The remainder of the expenses, as well, were typical and necessary for nationwide

17
18 class-action litigation of this type.

19     Finally, the requested reimbursements for the five Settlement Class Representatives are

20 appropriate.  During the four year duration of this case, each of the Settlement Class Representatives

21 spent many hours reviewing briefs and pleadings, consulting with counsel, and responding to

22 discovery requests.  One of the Settlement Class Representatives also attended the hearing on

23
24 Defendants' motion to dismiss the first amended complaint.  The amounts that they are seeking

25 range from $2,025 to $13,448.92 and total only $42,429.92.  ¶¶ 82-84.  These amounts are fair and

26 reasonable and well within the range granted by courts in this District and Circuit in comparable

27
28 cases under the PSLRA .

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
07-CV-04056-CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

After almost four years of intense and hard-fought litigation, Settlement Class Representatives and their counsel succeeded in obtaining an $8.9 million settlement in this securities class action.  The procedural history of the litigation is set forth at length in the Joint Declaration and summarized in the "Procedural Background" section of the Final Settlement Brief filed at the same time as this motion.  Under the standards applied in "common fund" cases and under the PSLRA, the requested attorneys' fees and expenses are reasonable, and awards to the Settlement Class Representatives for their time and expenses are appropriate and within the range approved by courts in this District and Circuit.

## I.     THE REQUESTED ATTORNEYS' FEES ARE FAIR AND REASONABLE AND SHOULD BE APPROVED

### A.     A Reasonable Percentage of the Fund Recovered Is an Appropriate Approach to Awarding Attorneys' Fees in Common Fund Cases

When a representative plaintiff establishes a common fund for the benefit of the members of a class, his attorneys are entitled to recover attorneys' fees and costs from the fund.  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole").  This rule, referred to as the "common fund doctrine," is firmly rooted in American case law.  *See, e.g., Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 271 (9th Cir. 1989).  The purpose of this doctrine is to avoid unjust enrichment so that "those who benefit from the creation of the fund should share the wealth with the lawyers whose skill and effort helped create it."  *In re Wash. Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291, 1300 (9th Cir. 1994) (*"WPPSS"*).[4]

---

[4] The justification for compensating class counsel out of the class's recovery is particularly strong in securities class actions, as private securities actions are "a most effective weapon in the enforcement" of the securities laws and are "a necessary supplement to [SEC] action." *Bateman Eichler, Hill Richards, Inc. v, Berner,* 472 U.S. 299, 310 (1985) (citation omitted).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
07-CV-04056-CRB

1

A reasonable fee may be based on a percentage of the fund recovered for the class.  *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984).  While a district court has discretion to award attorneys' fees based on either the "lodestar/multiplier" (*see, e.g., WPPSS,* 19 F.3d at 1296) or the percentage-of-the-fund method (*see, e.g., Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d at 272); *Torrisi v. Tuscon Elec. Power Co.,* 8 F.3d 1370, 1376-77 (9th Cir. 1993)*,* courts in the Ninth Circuit have almost uniformly used the percentage method to award attorneys' fees in class actions.  *See, e.g., Tarlecki v. bebe Stores, Inc.,* No. 05-1777, 2009 WL 3720872, *3 (N.D. Cal. Nov. 3, 2009) ("Courts usually apply the percentage method but then use the lodestar method to cross-check the reasonableness of the percentage"); *Jacobs v. California State Auto. Ass'n Inter-Ins. Bureau*, No. 07-00362, 2009 WL 3562871, *1 (N.D. Cal. Oct. 27, 2009) (same); *Knight v. Red Door Salons, Inc.*, No. 08-01520, 2009 WL 248367, *5 (N.D. Cal. Feb. 02, 2009) ("use of the percentage method in common fund cases appears to be dominant"); *Craft* v. *County of San Bernardino*, 624 F. Supp. 2d 1113, 1123 (C.D. Cal. 2008).  Settlement Class Counsel submit that the percentage of fund method should be used in this case as well.

**B.      Consideration of the Relevant Factors Used by Courts in the Ninth Circuit Justifies a Fee Award of 30% in this Case**

The percentage of the Settlement requested as attorneys' fees – thirty percent – is well within the range of class action fees awarded by courts in the Ninth Circuit.  The Ninth Circuit has held that 20-30 percent is the normal range for fees in a class action.  *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002).  "[C]ase law surveys suggest that 50% is the upper limit, with 30-50% commonly being awarded in cases in which the common fund is relatively small." *Cicero* v. *DirectTV*, No. 07-1182, 2010 WL 2991486 at*6 (C.D. Cal. July 27, 2010) (citing Rubenstein, Conte and Newberg, NEWBERG ON CLASS ACTIONS at § 14:6).  In particular, fees in excess of 25 percent are often awarded in cases where the common fund is less than $10 million.  *Id.; see also*

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
 07-CV-04056-CRB

2

*Craft* v. *County of San Bernardino*, 624 F. Supp. at 1127 ("In awarding percentages of the class fund, courts frequently take into account the size of the fund . . . Cases of under $10 Million will often result in result in fees above 25%").  Regardless of the size of the common fund, the Ninth Circuit has affirmed, and district courts have granted, awards of attorneys' fees at or above the 30% fee requested here.  *See, e.g., In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454 (9th Cir. 2000) (affirming fee award of 33 1/3 % of fund); *In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (award of 33% of settlement fund as fees affirmed); *In re CV Therapeutics, Inc. Sec. Litig.,* No. 03-3709, 2007 WL 1033478, *1 (N.D. Cal. Apr. 4, 2007) (awarding fees of 30% of the settlement fund on the basis that 30% is "consistent with awards made in similar cases"); *In re Heritage Bond Litig.,* No. 02- 1475, 2005 WL 1594403, *18-23 (C.D. Cal. June 10, 2005) (after noting that federal courts consistently award fees of 30% or higher, Court awarded fees of 33 1/3% of settlement).[5]

The ultimate task for this Court in awarding attorneys' fees is to ensure that Lead Counsel are fairly compensated for the work performed and the results achieved.  Although not mandated by the Ninth Circuit, courts often consider the following factors when determining the percentage to be applied: (1) the result obtained for the class; (2) the effort expended by counsel; (3) counsel's experience; (4) counsel's skill; (5) the complexity of the issues; (6) the risks of non-payment

---

[5] *See also Vizcaino v. Microsoft Corp.*, 290 F.3d at 1043 (surveying attorney fee awards in common fund cases of $50-$200 million between 1996 and 2001 and noting the following above-benchmark awards among district courts in the Ninth Circuit: *In Re Informix Corp. Sec. Litig.,* No. 97-1289 (N.D. Cal. Nov. 23, 1999) (awarding 30% of $137m fund); *In Re Nat'l Health Laboratories Sec. Litig.,* Nos. 92-1949 & 93-1694 (S.D. Cal. Aug. 15, 1995) (Brooks, M.J.) (awarding 30%, a 2.3 multiplier, of a $64 m fund); *In re Melridge, Inc., Sec. Litig.,* No. 87-1426 (D. Or. Mar. 19, 1992, Nov. 1, 1993, and April 15, 1996) (awarding 37.1%, a multiplier of 1.4, of a $54m fund).); *In re Avista Corp. Sec. Litig.*, No. 02-0328, 2007 WL 4568933 (E.D. Wash. Dec. 20, 2007) (awarding 30% attorneys' fees, noting they are "consistent with awards in similarly complex cases in this jurisdiction").

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
 07-CV-04056-CRB

3

1    assumed by counsel; (7) the reaction of the class; and (8) comparison with counsel's lodestar. *See,*

2    *e.g., In re Heritage Bond Litig.*, 2005 WL 1594403, at *18. As discussed below, application of these

3    factors confirms that a fee of 30% is readily justified in this case.

### 1.    The Result Achieved

5         Settlement Class Counsel's vigorous prosecution of this Litigation succeeded in obtaining a

6    $8.9 million cash settlement for the Settlement Class. This achievement was the result of Settlement

7    Class Counsel's arduous investigation, litigation, and settlement negotiations. The Settlement will

8    provide Settlement Class Members with immediate compensation for their losses in Nuvelo

9    securities.  Most importantly, it is apparent that the Settlement amount maximizes the recovery that

10   Lead Plaintiffs could obtain in this litigation.  As discussed more fully in Lead Plaintiffs' Final

11   Settlement Brief, if Lead Plaintiffs had continued to litigate the case, the amount of money available

12   to pay a judgment would have evaporated, exhausted by Defendants' litigation costs.  *See* Final

13   Settlement Brief, Section IB(1).  While Settlement Class Counsel might have obtained a much larger

14   settlement if Nuvelo – or ARCA – had unlimited funds, the results achieved are excellent in light of

15   the precarious financial position of the Company, which has no source of revenues and whose

16   management and auditors have warned, since the end of 2009, does not have the funds to assure its

17   continuation as a going concern. ¶ 30.  The Company's potential $25 million in D&O insurance was

18   depleted by four years of Defendants' litigation costs and threatened by the possibility that two of

19   the carriers had apparent grounds to assert a fraud exclusion.  ¶¶ 29, 53.  As a result, Lead Plaintiffs

20   could only be assured that there would be $15 million of insurance to pay the claims of the class as

21   well as the fees of Defendants' lawyers and Defendants' litigation expenses.  Continued litigation

22   would have depleted available funds and ensured a lower recovery, or possibly no recovery at all, for

23   the Settlement Class.  ¶ 53.  Accordingly, this factor supports the request for attorneys' fees.

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
07-CV-04056-CRB

4

### 2.      Lead Counsel's Experience, Skill, and Effort

The successful prosecution of these complex claims required the participation of highly skilled and specialized attorneys. *See Knight v. Red Door Salons, Inc.,* 2009 WL 248367, at *6 ("The 'prosecution and management of a complex national class action requires unique legal skill and abilities.'") (citation omitted).  Settlement Class Counsel in this case are extremely experienced and capable class action lawyers with extensive experience in securities class action litigation.[6]

In this case, moreover, Settlement Class Counsel "went the extra mile."   From the Litigation's outset, Settlement Class Counsel engaged in a zealous and concerted effort to obtain the maximum recovery for the Class.  Faced with the severe constraints on discovery imposed by the PSLRA prior to resolution of the motion to dismiss, Settlement Class Counsel nevertheless demonstrated their skill and perseverance in researching and pursuing all available sources of facts and evidence to support all the elements of their 10b-5 claims against Defendants and thereby establish a strong case. These efforts included an extensive pre- and post-filing fact investigation in connection with the first and second Consolidated Amended Complaints; coordinating and supervising multiple investigators who interviewed fact witnesses; and intensive work with various consultants on medical issues, clinical trials, biostatistics, FDA requirements and procedures, loss causation, damages, and market efficiency. ¶¶18-19, 24.  Defendants fought every step of the way, conceding nothing and arguing vigorously and consistently that the case had no merit and little value.  ¶ 36.  The parties litigated motions to dismiss the first and second Consolidated Amended Complaints, and then spent over a year in intensive arguments about discovery issues.  ¶¶20-21, 25-27, 31-25.  There are over 100 detailed letters and e-mails addressing numerous disputes over the

---

[6] The resumes of Settlement Class Counsel are attached to the Joint Declaration as Exhibits 2-4.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
 07-CV-04056-CRB

5

scope and pace of discovery during a twelve-month period.  ¶33.  And yet, in the face of this intransigence, Settlement Class Counsel persevered.  Although evidence supporting Lead Plaintiffs' allegations was scattered throughout the more than five million pages of documents produced by Defendants, it was in the later stages of the document production that Settlement Class Counsel found key documents concerning scienter and Bayer's knowledge of the facts concerning the Phase 2 PAO trial that were among the strongest pieces of evidence submitted in support of Lead Plaintiffs' mediation submissions.  ¶36.

Moreover, the quality of opposing counsel is important in evaluating the quality of Settlement Class Counsel's work. *See, e.g.*, *In re Equity Funding Corp. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977). Here, Defendants were represented by Cooley LLP, an experienced national law firm with substantial experience in securities class actions.  Defendants deployed over 80 lawyers on the case – a number equivalent to a reasonably-sized Company in the U.S. Army. ¶53. The fact that Lead Counsel achieved this Settlement for the Settlement Class in the face of such formidable legal opposition further evidences the fairness of the fee award requested.

### 3.    The Novelty, Difficulty and Complexity of the Issues

Courts have long recognized that the novelty and difficulty of the issues in a case are significant factors to be considered in making a fee award. *See, e.g.*, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975) (adopting factors); *Vizcaino,* 142 F. Supp. 2d at 1306 (same).  Courts are ever mindful of the fact that securities class action litigation "is notably difficult and notoriously uncertain." *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y 1999); *In re Ikon Office Solutions, Inc.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("securities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA"); *In re Mfrs. Life Ins. Co. Premium Litig.*, No. 96-230, 1998 WL 1993385, at *17 (S.D. Cal. Dec. 21, 1998).  This case, like all securities cases, required Lead Plaintiffs to craft detailed and heavily fact-based pleadings with specific information

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
 07-CV-04056-CRB

1   about Defendants' false and misleading statements, why they were material, who knew what and

2   when they knew it, and how the concealed or misrepresented facts caused the stock to be overvalued,

3   and how revelation of the concealed facts injured the class.   There was no governmental

4   investigation or company restatement providing a road-map for the case.   Rather, Settlement Class

5   Counsel had to ferret out the information that made the case through detailed research, first of public

6   records, medical journals, articles, and FDA publications and releases, and consultation with experts,

7   and then by careful review of documents obtained from Defendants in discovery.

8            Loss causation was particularly challenging in this case; indeed the Court dismissed the first

9   consolidated complaint in part because "[Defendants'] December 11 disclosure – in addition to

10  providing information on some of the specific risks in the phase 3 trials that Nuvelo had not

11  previously disclosed – revealed to the market that alfimeprase failed in phase 3 trials." *In re Nuvelo,*

12  *Inc. Sec. Litig.,* No. 07-4056, 2008 WL 5114325, at *7 (N.D. Cal. Dec. 4, 2008).   Because the Court

13  found that Plaintiff had not alleged that Defendants had known in advance that the Phase-3 trials

14  *would* fail, the Court initially found that the revelation of both the previously concealed facts and the

15  previously *unknown* facts severed the causal link between the alleged fraud and the loss to the Class.

16  *Id.*   Although the Amended Complaint survived a renewed motion to dismiss, the issue of loss

17  causation remained a challenge, and would have been a matter for hotly-contested expert testimony

18  had the case gone to trial.   *See* Final Settlement Brief, Section IB(3).

19           The complexities in this case went beyond issues that are common to many cases under the

20  PSLRA.   The heart of the case revolved around whether Defendants had accurately characterized the

21  results of earlier trials of Nuvelo's primary drug, alfimeprase for use in two medical applications –

22  PAO and catheter occlusion ("CO") – and whether Defendants had accurately characterized the risks

23  involved in the Phase-3 PAO and CO trials.   These questions required in-depth research concerning

24  medical issues (such as whether all patients in the PAO Phase-2 trial whose blood clots were

25  dissolved avoid open surgery, how the PAO and CO tests were designed, and the reasons why

26  Nuvelo had two placebo groups in the PAO Phase-3 trial), as well as bio-statistics (such as the

27  significance of the "p-value" for the phase-3 CO trial), and the interpretation of FDA guidelines for

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
 07-CV-04056-CRB

1    drug testing.  ¶ 68.  Even with Plaintiffs' best efforts, it was by no means certain that a fact-finder

2    would understand these issues even with expert testimony from both sides, which might in fact have

3    further confused a jury.  Where, as here, liability revolves around complex technical and medical

4    issues, this factor supports the fee request.  *See, e.g., In re Shell Oil Refinery,* 155 F.R.D. 552, (E.D.

5    La. 1992) (considering the challenging and complex technical issues involved in the case in support

6    of the requested fee).

### 4.    The Risk of Non-Payment Assumed by Counsel

8            Numerous cases have recognized that risk is an important factor in determining a fair fee

9    award. *See, e.g., WPPSS,* 19 F.3d  at 1298-1301; *Lindy Bros. Builders, Inc. v. Am. Radiator &*

10   *Standard Sanitary Corp.*, 540 F.2d 102, 117 (3d Cir. 1976). Uncertainty as to whether an ultimate

11   recovery would be obtainable is highly relevant in determining risk. *WPPSS,* 19 F.3d at 1299-1300

12   (9th Cir. 1994); s*ee also In re F&M Distrib., Inc. Sec. Litig.*, No. 95-71778, 1999 U.S. Dist. LEXIS

13   11090, at *18 (E.D. Mich. June 29, 1999) (court must consider the fact that counsel "undertook this

14   case on a contingent fee basis, which required them to fund all of the significant litigation costs

15   while facing the risk of a rejection of their clients' claims on the merits"); *In re Dynamic Random*

16   *Access Memory (DRAM) Antitrust Litig.*, No. 02-1486, 2007 WL 2416513, at *1 (N.D. Cal. Aug. 16,

17   2007) ("Plaintiffs' counsel risked time and effort and advanced costs and expenses with no ultimate

18   guarantee of compensation."); *In re Sulzer Hip Prosthesis and Knee Prosthesis Liab. Litig.*, 268 F.

19   Supp. 2d 907, 936 (N.D. Ohio 2003) (fee award applicants "'undertook this action on a contingency

20   fee basis and made significant cash outlays to finance it'") (citation omitted).

21           Settlement Class Counsel undertook this action on a wholly contingent fee basis, risking their

22   time and their own money with no guarantee that they would receive any compensation or recover

23   any of their expenses. ¶¶ 70-73. Unlike Defendants' Counsel (who were paid their hourly rates and

24   reimbursed for their out-of-pocket expenses on a regular basis), Settlement Class Counsel have not

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
07-CV-04056-CRB

been compensated for any of the more than 13 thousand hours of time and $366,000 in expenses they have expended to date in the prosecution of this case on behalf of the Settlement Class over the course of the past four years. *Id.* The risk of no recovery in complex cases of this type is very real. *See, e.g. Robbins v. Koger Props*., 116 F.3d 1441, 1444 (11th Cir. 1997) (judgment in favor of defendant on appeal for failure to prove loss causation); *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1008 (9th Cir. 2009) (affirming dismissal of second amended complaint for failure to plead scienter). Settlement Class Counsel know from experience that, despite the most vigorous and competent efforts, their success in contingent litigation is never guaranteed. Accordingly, this factor favors the requested fee.

### 5. Reaction of the Settlement Class

The deadline for the Settlement Class to file objections, requests for exclusion, or claims have not yet passed. Accordingly, it is too soon to make a final assessment as to whether this factor supports or does not support approval of the fee request. However, as of the date of the filing of this motion, no Settlement Class Member has objected to the request for Attorneys' Fees. Preliminarily, therefore, this factor supports the requested fee. ¶ 77. Settlement Class Counsel will address the issue further in a reply brief, if any, or before the Court at the Fairness Hearing.

### 6. Lodestar Comparison

Although courts in this Circuit typically apply the percentage approach to determine attorneys' fees in common-fund cases, the Court may use a lodestar analysis "as a cross-check on the percentage method." *See WPPSS*, 19 F.3d at 1296-98. The lodestar crosscheck in this case readily confirms that the requested 30 percent fee is exceptionally fair and reasonable, as Settlement Class Counsel are requesting a fee which is substantially *below* their lodestar.

In common fund cases, courts frequently award counsel more than their lodestar - i.e. a multiple of their lodestar, or "multiplier" - to compensate for the risks of nonpayment discussed in

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
07-CV-04056-CRB

9

subsection B.4 above.  *See, e.g., Vizcaino*, 290 F.3d at 1051 (approving a lodestar "multiplier" of

3.65).  "Multipliers in the 3-4 range are common in lodestar awards for lengthy and complex class

action litigation." *Van Vraken v. Atlantic Richfield Co*., 901 F. Supp. 294, 298 (N.D. Cal. 1995); *see

also In re Chiron Corp. Sec. Litig.*, No 04-4293, 2007 WL 4249902, *8 (N.D. Cal. Nov. 30, 2007)

("In almost every scenario, the multiplier is greater than one and often in the order of two to four.");

*see also Keith v. Volpe*, 501 F. Supp. 403, 414 (C.D. Cal. 1980) (multiplier of 3.5).  Other courts

have awarded even higher lodestar multiples.  *See, e.g., In re Enron Corporation Securities,

Derivative & "ERISA" Litigation*, 586 F. Supp. 2d 732, 751 n. 20 (S.D. Tex. 2008) (awarding

percentage fee equal to a multiple of 5.2 times lodestar); *In re Cardinal Health Inc. Sec. Litig.*, 528

F. Supp. 2d 752, 752, 767, 769 (S.D. Ohio 2007) (percentage fee equal to lodestar multiplier of 5.9);

*In re Rite Aid Sec*s. *Litig*, 362 F. Supp. 2d 587, 588-90 (E.D. Pa. 2005) (multiplier of 6.96 confirmed

reasonableness of percentage fee awarded).

Here, in contrast, Settlement Class Counsel's combined lodestar is $6,855,000.20.  ¶ 74.

The requested thirty percent fee would cover only 39% of that lodestar, for a ***negative*** multiplier

of 0.39.[7]  ¶¶ 74-75.  Thus, Settlement Class Counsel's requested fee, which does not fully

compensate them for the hours devoted to this litigation, let alone the risk of non-payment

assumed over the course of four years of work, is entirely fair and reasonable.

---

[7] In addition to the attorney time devoted to date, Settlement Class Counsel will also be required to spend additional time in connection with the administration of the claims received from Settlement Class Members and the distribution of the Settlement Fund, but do not seek any additional compensation for these efforts.  Although the attorney time required to perform these tasks necessary for the proper distribution of a settlement fund varies in each case, Settlement Class Counsel reasonably estimate that approximately 200 additional hours may be required.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
07-CV-04056-CRB

10

1

2

**II.     SETTLEMENT CLASS COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED FOR THE SETTLEMENT CLASS**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

        Settlement Class Counsel also requests that the Court grant its application for reimbursement of $366,156.09 in litigation costs incurred in connection with the prosecution of this litigation.  The appropriate analysis to apply in deciding whether expenses are compensable in a common fund case of this type is whether the particular costs are of the type typically billed by attorneys to paying clients in the marketplace. *See, e.g., Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'") (citations omitted); *see also Omnivision Tech. Inc.,* 559 F. Supp. 2d 1036, 1048 (N.D. Cal 2008) (same); *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 725-26 (10th Cir. 1993) (expenses reimbursable if they would normally be billed to client); *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995) (expenses recoverable if customary to bill clients for them).  All of the various categories of expenses for which counsel seek reimbursement herein are the type of expenses routinely charged to hourly paying clients and, therefore, should be reimbursed out of the common fund.  The largest of these expenses were for independent investigators; expert consultants whose assistance and expertise was vital to the development and the proof of the elements of Lead Plaintiffs' claims; as well as conversion to searchable format of the millions of pages of documents obtained through discovery for review by Settlement Class Counsel and management of the electronic database of discovery documents.  ¶ 79. Additional expenses include messengers, couriers, and overnight delivery service; filing fees, PACER fees specific to this Action, and the costs of publishing notice of the filing of the complaint

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
 07-CV-04056-CRB

11

in compliance with the PSLRA; costs of computerized research;[8] the expense of retaining the mediator; travel expenses including transportation, hotels, and meals; and the cost of photocopies and printing.  *Id.*  All of these expenses are reasonable and necessary to the prosecution and settlement of this Litigation, and Settlement Class Counsel should be reimbursed for these costs.

## III.   THE COURT SHOULD APPROVE AWARDS TO SETTLEMENT CLASS REPRESENTATIVES FOR THEIR TIME AND EXPENSES IN PROSECUTING THIS LITIGATION

Under the PSLRA, the Court may award "reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class." 15 U.S.C. § 78u-4(a)(4). Courts have noted that it is important to reimburse time and expenses of class representatives because doing so "encourages participation of plaintiffs in the active supervision of their counsel." *Varljen v. H.J. Meyers & Co.*, No. 97-6742, 2000 WL 1683656, at *5, n.2 (S.D.N.Y. Nov. 8, 2000). Time spent by class representatives in managing the case is properly reimbursable from the Settlement Fund.  *See Atlas v. Accredited Home Lenders Holding Co.*, No. 07- 99488, 2009 WL 3698393, at *5 (S.D. Cal. Nov. 4, 2009); *Omnivision*, 559 F. Supp. 2d at 1049; *In re Gilat Satellite Networks, Ltd.*, No. 02-1501, 2007 WL 2743675, at *19 (E.D.N.Y. Sept. 18, 2007) (awarding $10,000 for named plaintiff expenses); *Hicks v. Stanley*, No. 01-10071, 2005 WL 2757792, at *10 (S.D.N.Y. Oct. 24, 2005) (awarding $7,500 for reasonable costs and

---

[8] These are the charges for computerized factual and legal research services such as Westlaw. It is standard practice for attorneys to use Lexis-Nexis and/or Westlaw to assist them in researching legal and factual issues. *See In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1371 (N.D. Cal. 1996).  Indeed, courts recognize that these tools create efficiencies in litigation and, ultimately, save clients and the class money. *See, e.g., In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992). In approving expenses for computerized research, the court in *Gottlieb v. Wiles* underscored the timesaving attributes of computerized research as a reason reimbursement should be encouraged. 150 F.R.D. 174, 186 (D. Colo. 1993), *rev'd and remanded on other grounds*, 43 F.3d 474 (10th Cir. 1994). In addition, counsel was required to travel to court hearings, status conferences, and a mediation session in connection with this case. The expenses in this category are reasonable in amount and are properly charged against the fund created. *See Thornberry v. Delta Air Lines, Inc.*, 676 F.2d 1240, 1244 (9th Cir. 1982), *vacated and remanded on other grounds*, 461 U.S. 952 (1983); *In re McDonnell Douglas Equip. Leasing Sec. Litig.*, 842 F. Supp. 733, 746 (S.D.N.Y. 1994); *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 741 F. Supp. 84, 86 (S.D.N.Y. 1990).

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
07-CV-04056-CRB

12

1  expenses); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166  (S.D. Cal. 2007) ($40,000

2  award); *In re CV Therapeutics, Inc. Sec. Litig.*, 2007 WL 1033478, at *2 ($26,000 award).  The

3  Notice informed the Settlement Class that Settlement Class Counsel would request an award for

4  Lead Plaintiffs directly related to their representation of the Settlement Class in an amount not to

5  exceed $48,000 in the aggregate.  The time spent and expenses incurred by Lead Plaintiffs total

6  $42,429.92, as further detailed in Declarations of Juan Pablo Cabrera (for $12,000), Frank C.

7  Petronis (for $13,448.92), Patricia A. Petronis (for $3,256), Todd A. Stephens (for $11,700), and

8  Amy A. Stephens (for $2,025), attached to the Joint Declaration as Exhibits 5-9.  Their time and

9  expenses were directly related to their work on behalf of the Settlement Class and are properly

10  reimbursable from the Settlement Fund.

11

12                                    **<u>CONCLUSION</u>**

13         For the reasons set forth above, Lead Plaintiffs respectfully request that the Court award

14  Settlement Class Counsel attorneys' fees equal to thirty percent of the Settlement Fund and

15  expenses in the amount of $366,156.09, and award the following amounts to Settlement Class

16  Representatives based on their costs and expenses in assisting in the litigation of this case:  Juan

17  Pablo Cabrera (for $12,000), Frank C. Petronis (for $13,448.92), Patricia A. Petronis (for

18  $3,256), Todd A. Stephens (for $11,700), and Amy A. Stephens (for $2,025).

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
 07-CV-04056-CRB

13

DATED:  May 6, 2011

Respectfully submitted,

IZARD NOBEL LLP
JEFFREY S. NOBEL
MARK P. KINDALL, Bar No. 138703
NANCY A. KULESA

_____\s_____
MARK P. KINDALL

29 South Main Street, Suite 215
West Hartford, CT  06107
Telephone:  860/493-6292
860/493-6290 (fax)

Co-Lead Counsel for Plaintiffs

BERGER & MONTAGUE, P.C.
SHERRIE R. SAVETT
CAROLE A. BRODERICK
PHYLLIS M. PARKER
JACOB M. POLAKOFF
1622 Locust Street
Philadelphia, PA  19103
Telephone:  215/875-3000
215/875-4604 (fax)

Co-Lead Counsel for Plaintiffs

ROBBINS GELLER RUDMAN
   & DOWD LLP
DARREN J. ROBBINS
JOY A BULL
DENNIS J. HERMAN
ELI R. GREENSTEIN
S. ASHAR AHMED
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

Liaison Counsel for Plaintiffs

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
  07-CV-04056-CRB

14

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following Designated Internet Site at:  http://securities.stanford.edu.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 6, 2011.

_____\s_____
Mark P. Kindall

IZARD NOBEL LLP
29 South Main Street, Suite 215
West Hartford, CT  06107
Telephone:  860/493-6292
860/493-6290 (fax)

E-mail: firm@izardnobel.com

**Mailing Information for a Case 3:07-cv-04056-CRB**

**1.        Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Carole A. Broderick**
  cbroderick@bm.net
- **Eli Greenstein**
  Elig@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com
- **Dennis J. Herman**
  dennish@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,aahmed@rgrdlaw.com,triciam@rgrdlaw.com,e_file_sf@rgrdlaw.com

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
07-CV-04056-CRB

15

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,kramerns@cooley.com
- **Christopher J. Keller**
  ckeller@labaton.com,cchan@labaton.com,electroniccasefiling@labaton.com
- **Mark P. Kindall**
  firm@izardnobel.com,mkindall@izardnobel.com
- **Nancy A. Kulesa**
  nkulesa@izardnobel.com
- **Nicole Catherine Lavallee**
  nlavallee@bermandevalerio.com,ysoboleva@bermandevalerio.com
- **Jeffrey S. Nobel**
  jnobel@izardnobel.com
- **Phyllis Maza Parker**
  pparker@bm.net,emagnus@bm.net
- **Alan Roth Plutzik**
  aplutzik@bramsonplutzik.com
- **Barbara A Podell**
  bpodell@bm.net,emagnus@bm.net
- **Jessica Valenzuela Santamaria**
  jsantamaria@cooley.com,galancr@cooley.com
- **Sherrie R. Savett**
  ssavett@bm.net
- **Evan Jason Smith**
  esmith@brodsky-smith.com

## 2. Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Mario Alba
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road
Suite 200
Melville, NY 11747

Nicolette Tropiano
Schiffrin Barroway Topaz & Kessler LLP
280 King of Prussia Road
Radnor, PA 19087
```

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARDS TO SETTLEMENT CLASS REPRESENTATIVES
07-CV-04056-CRB

16