IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: NUVELO, INC. SECURITIES LITIGATION | No. C 07-04056 CRB<br><br>**ORDER REGARDING MOTION FOR ATTORNEYS' FEES AND EXPENSES AND FOR COSTS AND EXPENSES TO SETTLEMENT CLASS REPRESENTATIVES** |

THIS MATTER having come before the Court on June 16, 2011, upon the application of Settlement Class Counsel ("Counsel") for an award of attorneys' fees and reimbursement of expenses incurred in the Litigation, and upon the application of Settlement Class Representatives Juan Pablo Cabrera, Frank C. Petronis, Patricia A. Petronis, Amy A. Stephens, and Todd A. Stephens for reimbursement of costs and expenses incurred in the Litigation; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this Litigation to be fair, reasonable, and adequate and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated as of February 24, 2011 (the "Stipulation").

2. This Court has jurisdiction over the subject matter of the application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3.     The Court hereby awards attorneys' expenses in the aggregate amount of $366,156.09, together with interest earned thereon, for the same time period and at the same rate as that earned on the Settlment Fund until paid.

4.     The Court further approves an award to Settlement Class Representatives for their "reasonable costs and expenses (including lost wages) directly relating to the representation of the class . . . ." 15 U.S.C. § 78u-4(a)(4). Counsel requests that the Court award this sum based on Settlement Class Representatives' estimated hourly rates in their professions. The Court declines to do so, finding hourly rates an inappropriate metric. See In re Charles Schwab Corp. Sec. Litig., No. 08-01510, 2011 WL 1481424, at *10 (N.D. Cal. Apr. 19, 2011) ("[T]his order should not promote the approach that lead plaintiffs' role in this litigation was simply akin to their normal jobs, rather than a duty to further the interests of class members. They took on the mantle of leadership as a service, not as a profit center."). Such basis wrongly emphasizes factors external to Settlement Class Representatives' "direct[] . . . representation of the class," § 78U-4(a)(4), and it creates significant variation in the requested awards that does not reflect Settlement Class Representatives' efforts in the Litigation.

5.     Additionally, counsel has not provided sufficient documentation to show that the requested figures constitute lost wages, apart from two cursory statements that Settlement Class Representatives would have engaged in professional activities during the hours they spent on behalf of the class. See F. Petronis Decl. (dkt. 159-6) at 8; T. Stephens Decl. (dkt. 159-6) at 16. Such statements do not demonstrate lost wages. See In re TVIA Inc. Securities Litigation, No. 06-06304, 2008 WL 2693811, at *2 (N.D. Cal July 07, 2008) (citing cases in support and denying reimbursement where counsel provided no "meaningful evidence demonstrating that the requested amounts represent[ed] actual costs and expenses incurred directly as a result of the litigation").

6.     The Court finds the following awards appropriate to compensate Settlement Class Representatives, pro rated based on the hours each devoted to the litigation: Juan Pablo

2

Cabrera ($3,846); Frank C. Petronis ($7,500); Patricia A. Petronis ($3,385); Amy. A. Stephens ($3,115); and Todd A. Stephens ($3,846).

7. The Court also approves Frank C. Petronis's request for $1,358.92 in out-of-pocket expenses, properly documented and reimbursable under 15 U.S.C. § 78u-4(a)(4).

8. Lastly, the Court directs counsel to submit a Declaration by August 5, 2011, stating then-to-date costs of administration of the Settlement Fund – apart from any costs for which the Court's $366,156.09 award in expenses already accounts – as well as a good faith estimate of the final cost of administration and disbursement of the claims. The Court intends to award attorneys' fees based on a percentage of the Net Settlement Fund, which figure the Court will calculate based on counsels' outstanding and projected costs as of August 5, 2011.[1] Following receipt of this Declaration, the Court will rule on the remainder of counsels' pending motion for attorneys' fees.

9. The awarded attorneys' expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund forthwith, subject to the terms, conditions, and obligations of the Stipulation and in particular ¶ 6.2 thereof, which terms, conditions, and obligations are incorporated therein.

//
//
//

---

[1] The Court recognizes that to award attorneys' fees based on the gross settlement provides counsel a return for the risk it assumed in paying litigation costs out-of-pocket. The Court also recognizes the risks inherent in this Litigation and counsels' continued efforts over four years to bring the dispute to resolution. To award attorneys' fees based on the gross settlement, however, risks incentivizing the assumption of unnecessary costs. The Court finds this latter consideration of greater concern than the risk that a net award will deter class action representation, especially in light of the PSLRA's purpose to limit "counsel in securities class actions . . . [from] receiv[ing] a disproportionate share of settlement awards." H.R. Conf. Rep. No. 104-369 (1995). The Ninth Circuit assigns the decision whether to base the attorneys' fee award on the net or gross amount to the courts' discretion. See Powers v. Eichen, 229 F.3d 1249, 1258 (9th Cir. 2000) ("[The PSLRA] does not mandate a particular approach to determining fees. . . . We note that the choice of whether to base an attorneys' fee award on either net or gross recovery should not make a difference so long as the end result is reasonable. Our case law teaches that the reasonableness of attorneys' fees is not measured by the choice of the denominator." (citations omitted)).

10. The awarded Settlement Class Representatives' costs and expenses from the Settlement Fund shall be made within seven (7) days after the Judgment approving the Settlement becomes final, as that term is defined in ¶ 1.6 of the Stipulation.

**IT IS SO ORDERED.**

Dated: June 20, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE