**BERGER & MONTAGUE, P.C.**
Sherrie R. Savett
Carole A. Broderick
Phyllis M. Parker
Jacob M. Polakoff
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax: (215) 875-4604
Email: ssavett@bm.net
cbroderick@bm.net
pparker@bm.net
jpolakoff@bm.net

**IZARD NOBEL LLP**
Jeffrey S. Nobel
Mark P. Kindall, Bar No. 138703
Nancy A. Kulesa
29 South Main Street
Suite 215
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290
Email: jnobel@izardnobel.com
mkindall@izardnobel.com
nkulesa@izardnobel.com

***Co-Lead Counsel for Plaintiffs***

**ROBBINS GELLER RUDMAN & DOWD LLP**
Darren J. Robbins
Joy A. Bull
Dennis J. Herman
S. Ashar Ahmed
Post-Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Tel: (415) 288-4545
Fax: (415) 288-4534
Email: darrenr@rgrdlaw.com
jbull@rgrdlaw.com
dennish@rgrdlaw.com
aahmed@rgrdlaw.com

***Liaison Counsel***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re NUVELO, INC. SECURITIES LITIGATION | Master File No. 07-CV-04056-CRB<br><br><u>CLASS ACTION</u><br><br>**LEAD PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR DISTRIBUTION OF SETTLEMENT FUND AND ALLOWING PAYMENT OF SETTLEMENT ADMINISTRATION COSTS** |

I. BACKGROUND ..........2

II. SUMMARY OF THE CLAIMS ..........4

III. REQUEST FOR APPROVAL OF PAYMENT OF CLAIMS, INCLUDING LATE-FILED CLAIMS ..........6

IV. REQUEST FOR APPROVAL OF SETTLEMENT ADMINISTRATION FEES AND COSTS ..........7

V. RELEASE OF CLAIMS ..........8

VI. REQUEST FOR REDISTRIBUTION OF REMAINING NET SETTLEMENT FUND IF NECESSARY ..........8

VII. REQUEST FOR DISPOSITION OF CLAIMS ADMINISTRATOR'S RECORDS ..........9

VIII. CONCLUSION ..........9

Lead Plaintiffs Juan Pablo Cabrera, Frank C. Petronis, Patricia A. Petronis, Todd A. Stephens and Amy A. Stephens ("Lead Plaintiffs"), by their Lead Counsel Izard Nobel LLP and Berger & Montague, P.C. ("Lead Counsel"), and Liaison Counsel Robbins Geller Rudman & Dowd, LLP, hereby move this Court, pursuant to ¶ 2.3 of the Stipulation of Settlement signed by the parties on February 25, 2011 (the "Stipulation") (Dkt. No. 159-6), for entry of a proposed Order Approving Distribution of Settlement Fund and Allowing Payment of Settlement Administration Costs (the "Distribution Order"), which will:

(1) approve the procedures used and actions taken by Heffler, Radetich & Saitta L.L.P. ("Heffler") and Plaintiffs' Lead Counsel for the administration of the Settlement as described herein and in the Affidavit of Edward J. Sincavage ("Sincavage Affidavit"), attached as Exhibit 1 to this Motion;

(2) approve the fully or partially valid claims of Class Members (the "Authorized Claimants") identified in the list of Payable Claims, attached as Exhibit D to the Sincavage Affidavit;

(3) approve the fully or partially valid, but late-filed, claims included in the list of Payable Claims, attached as Exhibit D to the Sincavage Affidavit, as if they had been filed on or before the original deadline of July 22, 2011;

(4) approve the rejection of claims determined to be deficient by Heffler, as set forth in the list of Non-Payable Claims, attached as Exhibit E to the Sincavage Affidavit;

(5) approve the payment of fees and costs incurred-to-date, but yet unpaid, and anticipated future fees and costs for administration of the Settlement, incurred by and payable to Heffler, in the amount of $27,051.18, as set forth in Exhibit G to the Sincavage Affidavit;

(6) direct that distribution of the balance of the Net Settlement Fund be made to the Authorized Claimants listed in Exhibit D to the Sincavage Affidavit;

(7) direct that distribution checks to Authorized Claimants shall bear the notation "Non-Negotiable After 180 Days," and that no check shall be negotiated in the Net Settlement Fund more than 200 days after the date of the check;

(8) direct that if any balance remains in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who deposited the checks sent in the initial distribution in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit entity chosen by Lead Counsel, pursuant to paragraph 5.6 of the Stipulation; and

(9) allow destruction of claim forms, along with all related correspondence, one year after the final distribution of the Net Settlement Fund to Authorized Claimants and destruction of the Payable Claims and Non-Payable Claims Listings and the computer database (compiled from the claim forms and related correspondence) three years after the final distribution to Authorized Claimants.

Counsel for Lead Plaintiffs have conferred with Defendants' Counsel regarding this Motion. Defendants' Counsel has advised Plaintiffs' Lead Counsel that they do not oppose this Motion.

## I. BACKGROUND

On February 25, 2011, the parties executed the Stipulation settling this case for $8,916,666.70 million. The Stipulation was filed with the Court on February 25, 2011 in conjunction with Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 155, 156-1).

On March 24, 2011, this Court granted Lead Plaintiffs' motion for preliminary approval of the Settlement and issued its Preliminary Approval Order (Dkt. No. 158).

On May 6, 2011, Lead Plaintiffs filed: (i) Plaintiffs' Notice Of Motion And Motion For Approval Of Class Action Settlement And Plan Of Allocation Of

Settlement Proceeds (the "Final Settlement Motion") (Dkt. No. 159); and (ii) Plaintiffs' Notice of Motion and Motion for Award of Attorneys' Fees and Expenses and Awards to Settlement Class Representatives (the "Fee Petition") (Dkt. No. 160).

On June 16, 2011, a hearing was held before this Court regarding Lead Plaintiff's Final Settlement Motion and Fee Petition (Dkt. No. 162). Notice of the Settlement, Fee Petition, and hearing thereon had been previously sent to Class Members, along with a Proof of Claim form to be completed by Class Members seeking to share in the Net Settlement Fund.

On June 20, 2011, this Court issued an Order Giving Final Approval to the Settlement and Plan of Allocation ("Final Judgment") (Dkt. Nos. 165, 166), approving the Settlement as fair, reasonable and adequate and dismissing the action with prejudice. The Orders: (i) approved the Stipulation in all respects, including the provisions concerning distribution of the Settlement Fund (Dkt. No. 165 ¶6); (ii) ordered the Parties to effectuate settlement pursuant to the Stipulation (Dkt. No. 165 ¶6); (iii) approved the Plan of Allocation as fair, reasonable and adequate (Dkt. No. 166 ¶¶ 2-4); and (iv) authorized the Court to retain jurisdiction over distribution of the Settlement Fund (Dkt. No. 165 ¶14).

As approved by the Court in the Preliminary Approval Order dated March 24, 2011 (¶ 7) (Dkt. No. 158), Plaintiffs' Lead Counsel retained Heffler as the Claims Administrator to complete notification to the Class, to process the Proof of Claim forms submitted by Class Members and to distribute the Net Settlement Fund to Class Members whose claims have been accepted. Heffler has more than 45 years of experience in administering class action settlements, including securities cases.

Attached as Exhibit H to the Sincavage Affidavit is a Settlement Fund Analysis prepared by Heffler summarizing the deposits into, interest income earned on, and expenditures from the Settlement Fund. As of April 30, 2012, the amount of cash in the Net Settlement Fund was $5,915,298.65**.** If the Court approves payment of

Heffler's settlement administration fees and costs of $27,051.18 for which reimbursement is sought, the amount available in the Net Settlement Fund would be reduced to $5,888,448.43 as of May 31, 2012. At the time of the anticipated distribution (at least 30 days after entry of the proposed Distribution Order), the Net Settlement Fund may be slightly higher or lower than this amount as a result of interest and banking fees.

Plaintiffs' Lead Counsel now respectfully seeks Court approval to distribute the Net Settlement Fund.

## II. SUMMARY OF THE CLAIMS

As of June 5, 2012, 2,928 Proof of Claim forms have been received and processed by Heffler in accordance with the terms of the Stipulation. Attached as Exhibit 1 to this Motion is the Sincavage Affidavit, summarizing the disposition of all claims. Exhibit F to the Sincavage Affidavit is a recapitulation of the claimed, disallowed and allowed Recognized Losses for all claims received as of June 5, 2012.

Attached as Exhibit D is Payable Claims Listing to the Sincavage Affidavit, as of June 5, 2012, which alphabetically includes all Authorized Claimants' names, the assigned claim numbers, and the Claimed, Allowed, and Disallowed Recognized Loss amounts, along with any applicable partial deficiency or rejection code(s). A key to the codes is included in the Payable Claims Listing.[1]

Of the 2,928 claims received to date, 1,452 claims have been determined by Heffler to be valid, in whole or in part, including 44 claims which were postmarked after the July 22, 2011 deadline for filing claims.

---

[1] Where one of these codes is noted with respect to a particular Claimant in the Payable Claims Listing, it means that, in addition to the Claimant's valid Recognized Loss, as listed, the Claimant had other purchases and/or sales of Nuvelo, Inc. common stock which did not fit the definition of Recognized Loss (for instance, purchases after the Class Period).

Attached as Exhibit E to the Sincavage Affidavit is Heffler's Non-Payable Claims Listing, as of June 5, 2012, which alphabetically includes all applicable Claimants' names, the assigned claim numbers, and the Disallowed Claimed amounts, along with the applicable total deficiency or entire rejection code(s). A key to the codes is included in the Non-Payable Claims Listing.

Of the 2,928 claims received to date, 1,476 claims have been designated by Heffler as totally deficient or are recommended to be rejected in their entirety.

As indicated in Exhibits E (Non-Payable Claims) and F (Recapitulation of Claims) to the Sincavage Affidavit, the 1,476 Non-Payable Claims were disallowed and were entirely rejected for one or more of the following reasons:

(i) Claimant did not purchase Nuvelo, Inc. securities during the Class Period;

(ii) Claimant requested to have their claim withdrawn;

(iii) Claimant filed a duplicate Proof of Claim and Release;

(iv) Claimant did not have a Recognized Loss as a result of the purchase and subsequent sale of Nuvelo securities during the Class Period or as a result of purchasing claimed common stock at less than $4.05 per share;

(v) Claimant did not have a Recognized Loss as a result of purchases being made to cover a "short" sale;

(vi) Claimant claimed Nuvelo securities that were received into their account and not actually purchased during the Class Period;

(vii) Claimant claimed Nuvelo securities that were delivered out of their account and are no longer eligible to be claimed by this claimant;

(viii) Claimant claimed securities on the claim that was not Nuvelo common stock or call options; or

(ix) Claimant failed to provide transactional data and/or proof of purchase of Nuvelo securities.

As set forth in Exhibits A, B, and C (Samples of Deficiency and Rejection letters) to the Sincavage Affidavit, each Claimant who filed a deficient claim, either in whole or in part, was sent a deficiency letter allowing 20 days to "cure" the deficiency(s). Subsequent to the expiration of the 20-day period, each Claimant who did not respond to the initial deficiency letter or whose claim was recommended for rejection, either in whole or in part was sent a final letter allowing an additional 20 days to "cure" the deficiency(s) or to contest the pending recommendation of the entire rejection of the claim. Each claimant whose claim was recommended for rejection, either in whole or in part, was sent a letter advising them of the reason for the partial or entire rejection of their claim and allowing a 20-day period to respond if the claimant believed the rejection was incorrect or wished to correct their claim filing or wished to contest the pending rejection.

To date, none of the 1,476 Claimants who filed Non-Payable Claims has contested the pending rejection of his/her/its claim. Plaintiffs' Lead Counsel request that the Court approve the pending recommendation to reject these claims.

## III. REQUEST FOR APPROVAL OF PAYMENT OF CLAIMS, INCLUDING LATE-FILED CLAIMS

Plaintiffs' Lead Counsel respectfully requests that the Court approve the acceptance of the pending 1,452 fully or partially valid claims, as payable, in whole or in part, and therefore eligible to be included in the distribution of the Net Settlement Fund, including the 44 late-filed claims. As processing of the late-filed claims did not appreciably delay the claims administration process, and the claims are otherwise valid, Plaintiffs' Lead Counsel believe that it would be fair, reasonable, and in the interest of justice to allow these claims to share in the Net Settlement Fund.

In order to establish a definite and final cutoff date, Lead Counsel recommends and respectfully requests that no claim received after June 21, 2012 be accepted for any reason whatsoever.

In summary, Plaintiffs' Lead Counsel respectfully requests that each Payable Claim listed in Exhibit D to the Sincavage Affidavit, including the 44 late-filed Payable Claims contained therein, be approved for payment. Plaintiffs' Lead Counsel further request that each Non-Payable Claim listed in Exhibit E to the Sincavage Affidavit be rejected.

Plaintiffs' Lead Counsel respectfully requests that the Court approve the distribution of the Net Settlement Fund to the 1,452 Authorized Claimants identified in the Payable Claims Listing (Exhibit D to the Sincavage Affidavit) and order that each check bear the notation "Non-Negotiable After 180 Days," and that no check shall be negotiated in the Net Settlement Fund more than 200 days after the date of the check.

Heffler will continue to process any correspondence or information submitted by Claimants. If it becomes necessary to make adjustments to claims prior to distribution of the Net Settlement Fund, Heffler will update its file and report the updated totals to Plaintiffs' Lead Counsel prior to distribution.

## IV. REQUEST FOR APPROVAL OF SETTLEMENT ADMINISTRATION FEES AND COSTS

Heffler, under the direction of Plaintiffs' Lead Counsel, was hired to mail copies of the Notice of Pendency and Settlement of Class Action, including the Proof of Claim, to Class Members, to cause the publication of summary notices, to process all claims submitted by Class Members, to prepare the tax returns for the Settlement Fund, and to distribute the Net Settlement Fund to Authorized Claimants. Heffler's fees and expenses incurred and to be incurred amount to $160,000.00. Heffler received an interim advance payment of $132,948.82 from the Settlement Fund. Accordingly, the balance due to Heffler is $27,051.18, as set forth in its invoice attached as Exhibit G to the Sincavage Affidavit. Plaintiffs' Lead Counsel respectfully requests the Court to authorize the payment from the Settlement Fund of

$27,051.18 to Heffler for the remaining unpaid and future fees and costs of claims administration.

## V. RELEASE OF CLAIMS

Lead Counsel respectfully requests that Heffler, Lead Plaintiffs and Plaintiffs' Lead Counsel and all other persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proof of Claim forms be released and discharged from any and all claims arising out of such involvement (the "Released Persons"), and that all class Members, whether or not they are to receive payment from the Settlement Fund, be barred from making any further claims against the Settlement Fund or the Released Persons beyond the amount allocated to them by Heffler pursuant to this Motion.

## VI. REQUEST FOR REDISTRIBUTION OF REMAINING NET SETTLEMENT FUND IF NECESSARY

Pursuant to paragraph 5.6 of the Stipulation, if, after the initial distribution, any funds remain in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund, by reason of uncashed checks or otherwise, and, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, then any balance remaining in the Net Settlement Fund shall, if feasible, be redistributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Authorized Claimants who have cashed their original distribution checks, in an equitable and economic fashion. Thereafter, if any funds still remain in the Net Settlement Fund, then such balance shall be contributed to an appropriate not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Lead Counsel. Plaintiffs' Lead Counsel respectfully requests that the Court approve the re-distribution procedures.

## VII. REQUEST FOR DISPOSITION OF CLAIMS ADMINISTRATOR'S RECORDS

Plaintiffs' Lead Counsel also request that the Distribution Order provide that one year after the final distribution of the Net Settlement Fund to the Authorized Claimants, Heffler may destroy all claim forms and related correspondence. Heffler would, however, retain all other administrative records, including copies of the Payable Claims and Non-Payable Claims Listings and the computer database used to create these lists, for a period of three years after the final distribution of the Net Settlement Fund to the Authorized Claimants.

## VIII. CONCLUSION

Plaintiffs' Lead Counsel respectfully requests that the Court enter the Proposed Order Approving the Distribution of the Settlement Fund and Allowing Payment of Settlement Administration Costs.

Dated: June 26, 2012

Respectfully submitted,

*/s/ Carole A. Broderick*

**BERGER & MONTAGUE, P.C.**
SHERRIE R. SAVETT
CAROLE A. BRODERICK
PHYLLIS M. PARKER
JACOB M. POLAKOFF
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000
Fax; (215) 875-4604

*/s/ Mark P. Kindall*
**IZARD NOBEL LLP**
JEFFREY S. NOBEL
MARK P. KINDALL, Bar No. 138703
NANCY A. KULESA
29 South Main Street, Suite 215
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290

***Co-Lead Counsel for Plaintiffs***

**ROBBINS GELLER RUDMAN & DOWD LLP**
DARREN J. ROBBINS
JOY A. BULL
DENNIS J. HERMAN
S. ASHAR AHMED
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Tel: (415) 288-4545
Fax: (415) 288-4534

***Liaison Counsel for Plaintiff***

kal945771

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 26, 2012.

*/s/ Mark P. Kindall*
**IZARD NOBEL LLP**
JEFFREY S. NOBEL
MARK P. KINDALL, Bar No. 138703
NANCY A. KULESA
29 South Main Street, Suite 215
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290

Mailing Information for a Case 3:07-cv-04056-CRB

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- Carole A. Broderick
  cbroderick@bm.net
- Dennis J. Herman
  dennish@rgrdlaw.com,ptiffith@rgrdlaw.com,e_file_sd@rgrdlaw.com,aahmed@rgrdlaw.com,triciam@rgrdlaw.com,e_file_sf@rgrdlaw.com
- Jeffrey Michael Kaban
  kabanjm@cooley.com,kramerns@cooley.com
- Christopher J. Keller
  ckeller@labaton.com,cchan@labaton.com,electroniccasefiling@labaton.com
- Mark P. Kindall
  firm@izardnobel.com,mkindall@izardnobel.com
- Nancy A. Kulesa
  nkulesa@izardnobel.com
- Nicole Catherine Lavallee
  nlavallee@bermandevalerio.com,ysoboleva@bermandevalerio.com
- Jeffrey S. Nobel
  jnobel@izardnobel.com
- Phyllis Maza Parker
  pparker@bm.net,emagnus@bm.net
- Alan Roth Plutzik
  aplutzik@bramsonplutzik.com
- Barbara A Podell
  bpodell@bm.net,emagnus@bm.net
- Jessica Valenzuela Santamaria
  jsantamaria@cooley.com,galancr@cooley.com
- Sherrie R. Savett
  ssavett@bm.net
- Evan Jason Smith
  esmith@brodsky-smith.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Mario Alba**
Robbins Geller Rudman
& Dowd LLP
58 South Service Road
Suite 200
Melville, NY 11747

**Nicolette Tropiano**
Schiffrin Barroway Topaz & Kessler LLP
280 King of Prussia Road
Radnor, PA 19087